IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID FLUERY, individually and on behalf of similarly situated individuals, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:20-cv-00390 |
| v. | )<br>) |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Union Pacific Railroad Company ("Union Pacific") hereby removes this putative class action, currently pending in the Circuit Court of Cook County, Illinois as Case No. 2019-CH-14301, to the U.S. District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## BACKGROUND AND TIMELINESS

1. On December 11, 2019, Plaintiff David Fluery,[1] on behalf of himself and others similarly situated, initiated this lawsuit against Union Pacific in Cook County, Illinois, by filing a class action complaint in *Fluery v. Union Pacific Railroad Company*, Case No. 2019-CH-14301 (hereinafter, "the State Court Action").

2. On December 19, 2019, Union Pacific was served with a copy of the summons and complaint in the State Court Action. (*See* Ex. A.)

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date on which Union Pacific was served with the initial pleading.

---

[1] Union Pacific has no record of a "David Fluery." It does have records of a David Fleury, and presumes that David Fleury is the Plaintiff in this case. (Ex. B, King-Lopes Decl., ¶ 3.)

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (time for filing a notice of removal does not begin to run until a party has been formally served).

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Ex. A.

5. Plaintiff alleges that Union Pacific violates the Illinois Biometric Privacy Act, 740 ILCS 14/1 et seq. ("BIPA"), through the use of "fingerprint" technology. Specifically, Plaintiff alleges that Union Pacific "collected, captured, and stored biometric identifiers and biometric information" without providing a written disclosure of the purpose and duration of use, failed to publish a retention or destruction policy, and failed to obtain written consent from Plaintiff. Plaintiff further alleges that Union Pacific disseminated his and putative class members' biometric information to technology vendors. Plaintiff seeks various forms of relief, including statutory damages, for himself and a putative class.

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)**

6. Pursuant to 28 U.S.C. § 1332(a), removal is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

7. Plaintiff is a resident and citizen of Illinois, who visited Union Pacific's facilities in Illinois. (Compl., ¶ 15.)

8. Union Pacific is a Delaware corporation that has its principal place of business in Nebraska. (Compl., ¶ 14; Ex. C, Potter Decl., ¶ 3.) For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006).

9. Because Plaintiff is a citizen of Illinois, while Union Pacific is a citizen of Delaware and Nebraska, there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1).

10. Although Union Pacific denies that Plaintiff is entitled to any relief, Plaintiff's allegations must be treated as if they were true to determine the amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

11. Plaintiff alleges that Union Pacific's violations of BIPA were "knowing and willful, or were at least in reckless disregard of the statutory requirements" and seeks $5,000 per violation. (Compl., ¶¶ 42-43.) Alternatively, Plaintiff alleges that Union Pacific negligently violated BIPA and seeks $1,000 per violation. (*Id.*)

12. Union Pacific's records indicate that David Fleury used the complained-of clock at least 45 times. (Ex. B, King-Lopes Decl., ¶ 3.) Because Plaintiff seeks up to $5,000 per violation, the amount in controversy is $225,000, not including attorney's fees or any other relief sought. *See Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769-770 (N.D. Ill. 2019) (using the total number of scans to calculate amount in controversy); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("[I]f [plaintiff] really wanted to prevent removal, she should have stipulated to damages not exceeding the $75,000 limit"); *Hunt v. DaVita, Inc.*, 680 F.3d 775, 777-78 (7th Cir. 2012) ("[P]ost-removal disclaimer of damages exceeding $75,000 could not defeat federal jurisdiction after a proper removal based on the complaint.").

13. Accordingly, both the diversity-of-citizenship and amount-in-controversy prongs are satisfied and removal is proper under 28 U.S.C. §§ 1332(a).

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)**

14. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2), which grants U.S. district courts original jurisdiction in class actions where "(1) the aggregate amount in controversy exceeds $5,000,000; (2) any member of the plaintiff class is a citizen of a state different from any defendant ('minimal diversity'); (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be

3

foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). All four elements are met here.

15. First, the aggregate amount in controversy exceeds $5,000,000. The Complaint alleges that "there are at least thousands of members of the Class" that had their fingers scanned in violation of BIPA. (Compl., ¶¶ 28, 30.) Plaintiff also alleges that Union Pacific's violations of BIPA were "knowing and willful, or were at least in reckless disregard of the statutory requirements" and seeks $5,000 per violation. (Compl., ¶¶ 42-43.) Taking those allegations as true, the amount in controversy is at least $5,000,000 (not including attorney's fees or any other damages) because $5,000 multiplied by 1,001 class members equals $5,005,000. (Ex. B, King-Lopes Decl., ¶ 4.)

16. Second, there is minimal diversity because Plaintiff is a citizen and resident of Illinois, whereas the only defendant is a citizen of Delaware and Nebraska, but not Illinois. *See supra* ¶¶ 7-9.

17. Third, the primary and only defendant is a corporation—not a state, state official, or other government entity.

18. Fourth, as alleged in the Complaint, the number of members of the plaintiff class is more than 100. (Compl., ¶ 30 ("There are at least thousands of members of the Class . . . .").)

19. Because this matter satisfies all requirements of 28 U.S.C. § 1332(d), this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005.

**DEFENDANT HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL**

20. Counsel for Union Pacific certifies that a copy of this Notice of Removal is being filed with the Clerk of the Cook County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

4838-4360-4913

21. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Union Pacific in the State Court Action are attached hereto as Ex. A.

22. Union Pacific reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, Union Pacific hereby removes the above-captioned civil action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Dated: January 17, 2020     Respectfully submitted,

**UNION PACIFIC RAILROAD COMPANY**

By:    */s/ Jonathon M. Studer*
        One of Its Attorneys

Melissa A. Siebert
Amy Y. Cho
Jonathon M. Studer
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
masiebert@shb.com
acho@shb.com
jstuder@shb.com

## **CERTIFICATE OF SERVICE**

I, Jonathon M. Studer, an attorney, hereby certify that on January 17, 2020, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk via the Court's CM/ECF system, which will notify counsel of record, and served the foregoing via Electronic Mail upon the following counsel of record addressed as follows:

>Myles McGuire
>Evan Meyers
>David L. Gerbie
>Jad Sheikali
>MCGUIRE LAW, P.C.
>55 W. Wacker Drive, 9th Fl.
>Chicago, IL  60601
>mmcguire@mcgpc.com

       */s/ Jonathon M. Studer*

4838-4360-4913