**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DAV ID FLEURY, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 20-cv-00390 |
| v. | ) ) | Hon. Jorge Alonso |
| UNION PACIFIC RAILROAD COMPANY a Delaware corporation, | ) ) ) ) | |
| *Defendant*. | ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff David Fleury ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this First Amended Class Action Complaint against Union Pacific Railroad Company ("Union Pacific" or "Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA") and to obtain redress for all persons injured by the Defendant's conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

**INTRODUCTION**

1. BIPA bestows upon individuals a right to privacy in their biometrics and a right to make an *informed* decision with respect to determining whether they will provide or withhold their biometrics from private entities. In so doing, BIPA broadly regulates the capture, collection, storage and use of both "biometric identifiers" and "biometric information" by private entities like Defendant.

1

2. BIPA defines "biometric identifier" as including retina or iris scans, fingerprints, voiceprints, and scans of hand or facial geometry. "Biometric information" is defined by BIPA as any information based on a biometric identifier, regardless of how it is converted or stored. Collectively, biometric identifiers and biometric information are known as and herein referred to as "biometric(s)." 740 ILCS 14/10.

3. BIPA provides, *inter alia*, that a private entity like Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometrics regardless of the manner in which it is converted or stored, unless it first:

 a. informs that person in writing that biometric identifiers or biometric information will be collected or stored;

 b. informs that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

 c. receives a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)–(3).

4. BIPA also requires private entities in possession of biometrics to develop and maintain a publicly-available written policy outlining the storage and destruction policies of such biometrics. 750 ILCS 14/15(a).

5. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information or disclosing the same to third parties without informed consent. 740 ILCS 14/15(c)–(d).

6. The deprivation of the statutory rights conferred by BIPA and the privacy injuries inflicted through such statutory violations constitute actual injuries.

7. Defendant Union Pacific operates a network of railroads in North America and requires certain individuals who visit its Illinois facilities, including Plaintiff, to provide their biometrics.

8. However, despite capturing, collecting, and storing biometrics from individuals like Plaintiff, Defendant has utterly failed to comply with BIPA's numerous requirements.

9. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his biometric privacy rights under BIPA.

10. Compliance with BIPA is straightforward and minimally burdensome. For example, the necessary disclosures and consent may be accomplished through a single sheet of paper, or on a single screen, at the time an individual is initially asked to provide their biometrics.

11. Indeed, as a direct result of Plaintiff's original Complaint (Dkt. 1-1), Defendant has recently attempted to implement such BIPA compliance procedures.

12. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring the Defendant to comply with BIPA as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

13. Defendant Union Pacific is a Delaware corporation that conducts, and is licensed to conduct, business in Illinois.

14. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and visited Defendant's facilities in Illinois.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. §1322(d) et seq., because this case is a class action in which the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs; there are greater than 100 putative Class members; at least one putative Class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to this instant action.

16. This Court may assert personal jurisdiction over Defendant because it conducts substantial business throughout Illinois, including in this District.

## ADDITIONAL FACTS

17. During the relevant time period, including during and throughout 2019, Plaintiff was required to visit various railyards in his work as a truck driver, including those owned and operated by Union Pacific. At Defendant's facilities, Plaintiff was required to scan his biometric identifiers and/or biometric information into biometrically-enabled identity verification kiosks and associated technology (the "Biometric System" or "System").

18. Utilizing the Biometric System, Defendant collected, captured, stored, and otherwise obtained biometric identifiers and associated biometric information from Plaintiff and other individuals that visited its facilities.

19. Although the Defendant collected, captured, or otherwise obtained biometric identifiers and biometric information of Plaintiff and other similarly situated individuals, Defendant failed to inform Plaintiff in writing that it was collecting or storing such biometrics, and failed to gain such individuals written consent prior to doing so, thereby violating 740 ILCS 14/15(b)(1) and 740 ILCS 14/15(b)(3).

20. Defendant also failed to provide any compliant written disclosures to Plaintiff and other similarly situated individuals describing the specific purpose and length of term for which their biometrics were being collected, thereby violating 740 ILCS 14/15(b)(2).

21. Plaintiff and similarly situated individuals' rights were also violated because Defendant failed to make available a publicly available biometrics retention and destruction policy in violation of 740 ILCS 14/15(a). Because of such violation, Plaintiff and similarly situated individuals were not able to determine for themselves how long Defendant would retain their most sensitive and irreplaceable information.

22. Defendant also transmitted the biometrics of Plaintiff and other similarly situated individuals' to unknown third parties without such individuals' consent in violation of 740 ILCS 14/15(d).

23. By failing to comply with BIPA, Defendant has violated Plaintiff and similarly situated individuals' substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and a class of similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class (unless otherwise noted, "Class") defined as follows:

> All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of the Defendant within the state of Illinois any time within the applicable limitations period.

25. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

26. There are at least thousands of Class members, making the Class members so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

27. Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

28. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a. Whether the Biometric System collects, captures, or otherwise obtains biometric identifiers or biometric information;

    b. Whether any biometric information is generated or otherwise derived from the Biometric System;

    c. Whether Defendant disseminated Plaintiff or the Class members' biometric information;

    d. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information within three years of the last interaction between the individual and Defendant;

    e. Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

    f.  Whether Defendant's conduct violates BIPA;

    g.  Whether Defendant's BIPA violations are willful or reckless; and

    h.  Whether Plaintiff and the Class are entitled to damages and injunctive relief.

  29.  Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

  30.  Plaintiff will fairly and adequately represent and protect the interests of the Class members he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class members and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the Class members.

  31.  Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the Class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**<u>COUNT I</u>**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiff and the Class)**

  32.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

  33.  Defendant Union Pacific is a private entity as defined by BIPA.

  34.  Defendant Union Pacific collected, captured, stored, transferred, and/or used Plaintiff's and the Class members' biometrics through its Biometric System.

35. Defendant Union Pacific eschewed traditional methods of identity verification to realize cost savings associated with implementing the Biometric System.

36. Since the filing of Plaintiff's original Complaint (Dkt. 1-1) and as a direct result of this suit, Defendant has undertaken an effort to begin complying with BIPA by adding a disclosure and consent screen to the biometrically-enabled identity verification kiosks used by Plaintiff and the Class. Plaintiff does not yet have enough information to determine whether or not such compliance efforts bring Defendant into current compliance with BIPA or whether Defendant continues to violate BIPA.

37. Despite Defendant's recent attempt at compliance with BIPA, Plaintiff remains unaware of what Defendant intends to do with the biometrics it captured from him and other members of the proposed Class prior to such attempts at BIPA compliance or when, if ever, it intends to delete such information.

38. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

39. Defendant's violations of BIPA prior to implementing its new BIPA compliance regime, as set forth above, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA was enacted over a decade ago and has been heavily litigated in recent years. Alternatively, Defendant's actions and omissions which created the BIPA violations at issue were at a minimum negligent.

40. Accordingly, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class members by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: June 16, 2020

Respectfully Submitted,

DAVID FLEURY, individually and on behalf of a class of similarly situated individuals

By: /s/ David L. Gerbie
*One of Plaintiff's Attorneys*

David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.

9

55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
bduffner@mcgpc.com
*Attorneys for Plaintiff and the Putative Class*