**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID FLEURY, individually and on behalf of similarly situated individuals, | |
| Plaintiff, | Case No. 1:20-cv-00390 |
| v. | Hon. Jorge L. Alonso |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | |
| Defendant. | |

**DEFENDANT'S RENEWED MOTION TO STAY PROCEEDINGS**

Defendant Union Pacific Railroad Company ("Union Pacific") respectfully renews its request that this Court stay the proceedings until the Seventh Circuit and Illinois appellate courts issue three impending decisions that will determine whether Plaintiff's claims are time-barred. Union Pacific believes renewed consideration of its request is appropriate in view of an April 9, 2021 opinion granting a highly similar request. *Herron v. Gold Standard Baking, Inc.*, 20-cv-7469, Dkt. 21 (N.D. Ill. Apr. 9, 2021) (staying BIPA case pending decisions in *Tims*, *Marion*, and *White Castle*). As *Herron* recognized, a stay pending those decisions would both "simplify the issues in question" and "reduce the burden of litigation on the parties and on the court" as those decisions will "provide much needed clarity as to whether" the statute of limitations defense is dispositive or even in play. *Id.* at 9-10. The same is true here. If *Tims* and *Marion* decide that BIPA claims are subject to a one-year limitation period and *White Castle* holds that BIPA claims accrue only upon the first collection, then Plaintiff's claims will be time-barred. Because a modest delay to litigation will not unduly prejudice Plaintiff, the Court should grant a stay.

I.      BACKGROUND

Plaintiff David Fleury filed the present lawsuit on December 11, 2019. (Dkt 1-1.) Plaintiff alleged that, beginning in 2018, he accessed "one of Defendant's facilities in Joliet, IL . . . and was required to scan his biometric identifier and/or biometric information into biometrically-enabled identity verification devices and associated technology . . . ." (Dkt. 1-1, ¶ 19.) Union Pacific's records indicate that Fleury used what he calls a "biometrically-enabled identity verification device" at least as early as November 6, 2018—more than one year before he filed the present lawsuit against Union Pacific. Based on this conduct, Fleury asserts claims against Union Pacific under the Illinois Biometric Information Privacy Act ("BIPA").

The Illinois appellate court and the Seventh Circuit are currently considering three appeals that will determine whether Plaintiff's claims are timely. In *Tims v. Black Horse Carriers, Inc.*, Case No. 1-28-0563 (appeal granted April 23, 2020), the First District Illinois Appellate Court will decide whether a one-year or five-year statute of limitations applies to BIPA claims. *See* Exhibit A (order granting appeal). In *Marion v. Ring Container Technologies, LLC*, Case No. 3-20-0184 (appeal granted July 21, 2020), the Third District Illinois Appellate Court will decide whether a one-year, two-year, or five-year statute of limitations applies to BIPA claims. *See* Exhibit B (order granting appeal).[1] In *Cothron v. White Castle Sys., Inc.*, Case No. 20-3202 (appeal granted Nov. 9, 2020), the Seventh Circuit granted an interlocutory appeal to decide when claims under Sections 15(b) and 15(d) of BIPA accrue. *See* Exhibit C (order granting appeal).

---

[1] The appeal in *Marion* is stayed pending the Illinois Supreme Court's opinion in *McDonald v. Symphony Bronzeville Park, LLC*, No. 126511, wherein the court will decide whether BIPA claims brought by employees against their employers are preempted by the Illinois Workers' Compensation Act.

## II.     LEGAL STANDARD

District courts have the power to control their own dockets, including the discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In deciding whether to grant a stay, courts "balance the competing interests of the parties and the interest of the judicial system." *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011). Courts generally consider three factors: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012).

## III.    ARGUMENT

This Court should stay proceedings until the Seventh Circuit and Illinois appellate courts decide the statute of limitations issues currently under consideration on appeal. Plaintiff filed this lawsuit more than one year after he first used the identity verification system at issue. If the Seventh Circuit decides in *White Castle* that BIPA claims accrue on first use—rather than with each individual use—then Plaintiff's claims would have accrued no later than November 6, 2018. If the Illinois appellate courts hold in *Tims* and *Marion* that BIPA claims are subject to the one-year statute of limitations applicable to other privacy-related causes of action, Plaintiff's claims will be time-barred. *See Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently.").

Given the potential for the pending appeals to dispose of this case, a stay would both "simplify the issues in question" and "reduce the burden of litigation on the parties and on the court." *Herron*, 20-cv-7469, Dkt. 24 at 9-10 (granting a stay pending decisions in *Marion*, *Tims*,

3

and *White Castle*). If the appellate court rulings make Plaintiff's claims untimely, a stay will prevent the parties and the Court from spending considerable resources to conduct discovery, resolve class certification issues, and interpret novel issues of law that would be rendered wholly unnecessary. Under these circumstances, it is proper to grant a stay. *See, e.g.*, *Treadwell v. Power Solutions Int'l, Inc.*, 18-cv-8212, Dkt. 120 (N.D. Ill. Apr. 1, 2020) (Alonso, J.) (granting a stay where the issue presented in defendant's motion to dismiss was identical to an issue before the Illinois Appellate Court).

At least eight federal judges in Illinois have stayed BIPA cases pending the rulings in *White Castle*, *Tims*, and/or *Marion*. In *Donets v. Vivid Seats LLC*, 20-cv-3551, Dkt. 37 at 3 (N.D. Ill. Dec. 15, 2020), the district court granted such a stay. It explained that the *Tims*, *Marion*, and *White Castle* decisions "could control the Court's resolution of the timeliness issue and guide the parties' positions as they proceed with this litigation." In so doing, it noted that "at least two judges in this District have stayed similar cases pending the Illinois Appellate Court's decision in *Tims*" and that "[b]oth courts reasoned that the benefits of a stay pending a potentially dispositive decision outweighed the potential risks of the delay." *Id.* The *Donets* court also indicated that a stay was "appropriate pending the Seventh Circuit's *White Castle* decision on when an injury occurs under BIPA." *Id.* at 4. The court explained that *White Castle* may limit or eliminate some of the plaintiff's and class members' claims. *Id.* And "[r]egardless of whether it disposes of the case, the Seventh Circuit's decision will impact the size of the class." *Id.* Finally, the court held that although the plaintiff contended the case would be unnecessarily delayed, this concern was outweighed by the economies to be gained from staying the litigation. *Id.* (citing *Treadwell*, *supra*).

Most recently, in *Herron*, the district court granted a stay pending decisions in *White Castle*, *Tims*, and *Marion*. It explained that "when ruling on a motion to stay, courts are required

to consider whether the stay will 'simplify the issues in question' and 'reduce the burden of litigation on the parties and on the court.'" 20-cv-7469, Dkt. 21 at 9. It concluded that both factors favored a stay because the results of those appeals could dispose of the timeliness issues before the court. *Id.* at 9-10. It reasoned:

> The Court finds it appropriate to stay this case pending the *White Castle* decision because the outcome there could be dispositive of the timeliness issue here. As stated, [the plaintiff] swiped her fingerprint in October 2017, and she filed her complaint in November 2020. Should the Seventh Circuit find that a BIPA violation occurs only when an entity first collected an individual's biometric data, [the plaintiff's] claims may be time-barred if *Tims* and *Marion* also find that a one or two-year statute of limitations applies.

*Id.* at 10; *see also Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at *2 (N.D. Ill. Oct. 23, 2020) ("[T]he Illinois Appellate Court's forthcoming decision as to the applicable statute of limitations might be dispositive. It makes little sense for the parties or the court to expend time and resources litigating dispositive issues where appellate guidance is forthcoming."); *Varnado v. West Liberty Foods*, 2021 WL 545628, at *1-*2 (N.D. Ill. Jan. 5, 2021) (staying proceedings pending a decision in *Tims* because plaintiff did not file his BIPA claims within one year, and the *Tims* decision would "control the statute of limitations issue); *Roberson v. Maestro Consulting Serv LLC*, 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021) (granting stay pending decisions in *Tims*, *Marion*, and *White Castle* because they could control the timeliness issue and guide the parties' positions in the litigation); *Wilson v. American Stair Corp. Inc.*, 20-cv-7321, Dkt. 10 (N.D. Ill. Feb. 22, 2021) (granting stay pending the decision in *Tims*); *Kyles v. Hoosier Papa LLC*, 20-cv-7146, Dkt. 22 (N.D. Ill. Mar. 4, 2021) (granting stay pending decision in *White Castle*); *Jenkins v. Regal Cinemas, Inc.*, 20-cv-3782, Dkt. 32 (N.D. Ill. Dec. 1, 2020) (granting stay pending decision in *White Castle*).

Finally, while the stay would simplify issues and reduce burden on all involved, Plaintiff would not be unduly prejudiced or tactically disadvantaged by a modest delay in the litigation. Courts in this district have repeatedly held that any prejudice resulting from such a delay is not undue, particularly in view of a stay's benefit in terms of simplifying issues and reducing burden. *See, e.g.*, *Herron*, 20-cv-7469, Dkt. 24 at 11-12 (granting over plaintiff's arguments that delay in litigation and potential recovery was unduly prejudicial); *Vaughan*, 2020 WL 6262359, at *2 (stay while waiting appellate decisions was unlikely to prejudice non-moving party); *Donets*, 20-cv-3551, Dkt. 37 at 4 (granting stay over plaintiff's objection to delay). Here, Plaintiff's argument against a stay is even weaker, because Plaintiff alleges only technical violations of BIPA and after filing this case, Plaintiff provided BIPA-compliant consent. Thus, his claim may relate, at most, to monetary damages for past conduct.

## IV.    CONCLUSION

To streamline the issues, Union Pacific respectfully requests the Court to stay the proceedings pending decisions on the statute of limitations issues presented in the interlocutory appeals in *Tims, Marion*, and *White Castle*.

Dated:  April 16, 2021                                    Respectfully submitted,

                                       By:    /s/ Melissa A. Siebert
                                       _____

                                       Melissa A. Siebert (masiebert@shb.com)
                                       Amy Y. Cho (acho@shb.com)
                                       Jonathon M. Studer (jstuder@shb.com)
                                       SHOOK, HARDY & BACON L.L.P.
                                       111 South Wacker Drive, Suite 4700
                                       Chicago, IL  60606
                                       Tel:  (312) 704-7700
                                       Fax:  (312) 558-1195

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk via the Court's CM/ECF system, which will notify all counsel of record.

*/s/ Melissa A. Siebert*