IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FLEURY, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | Case No. 20-cv-00390 |
| v. | ) ) | Hon. Jorge L. Alonso |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | ) ) ) ) | |
| *Defendant*. | ) ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff David Fleury ("Plaintiff"), through his undersigned counsel, and pursuant to Fed. R. Civ. P. 37 and L.R. 37.2, hereby respectfully moves for entry of an Order compelling Defendant Union Pacific Railroad Company to respond in discovery. In support of his Motion, Plaintiff states as follows:

**I.    INTRODUCTION**

The issue before the Court on this Motion to Compel is very limited, as Defendant has completely and repeatedly refused to respond to Plaintiff's previously-issued discovery requests. On July 21, 2020, Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint. (Dkt. 35.) During the pendency of Defendant's Motion to Dismiss, discovery was stayed. (Dkt. 21.) On March 24, 2021, the Court issued a comprehensive written ruling denying Defendant's Motion to Dismiss in its entirety. (Dkt. 47.) On April 4, 2021, Plaintiff propounded his First Set of Interrogatories and Requests for Production ("Discovery Requests"). Shortly thereafter, on April 6, the Parties filed a Joint Status Report that detailed Plaintiff's issued Discovery Requests and Defendant's then-contemplated Motion to Stay this case.

On April 9, the Parties appeared before the Court for a status hearing, during which the Court heard oral argument from the Parties regarding Defendant's contemplated Motion to Stay. After such argument, the Court lifted the stay of discovery over Defendant's objection. (Dkt. 54 at 2:9-7:4.) After the Court stated at the hearing that the stay of discovery was being lifted, Defense Counsel then asked the Court whether Defendant's responses to Plaintiff's previously-propounded Discovery Requests could be delayed until after the Parties exchanged Rule 26(a)(1) disclosures. (Dkt. 54 at 8:14-22.) At Defense Counsel's request, and with Plaintiff's agreement and the Court's approval, Plaintiff's Discovery Requests were entered and continued pending the Parties' 26(a)(1) disclosures. (Dkt. 54 at 8:14-9:3.)

A week later, on April 16, 2021, Defendant filed a Renewed Motion to Stay (Dkt. 51), which has now been fully briefed. On May 6, 2021, the Parties filed their Rule 26(a)(1) disclosures with the Court. (Dkts. 56-57.) It has now been 46 days since the Parties' Rule 26(a)(1) disclosures– and over 10 weeks since Plaintiff propounded his Discovery Requests – but Defendant has refused to respond in discovery despite Plaintiff's multiple formal and informal efforts, detailed below, to obtain Defendant's responses.

## II.     LEGAL STANDARD

Rule 26 broadly permits parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Generally, the Federal Rules "permit liberal discovery in an effort to facilitate the trial or settlement of legal disputes." *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013) (citing *Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009)). This is equally true in the class action context. *See Jones v. Nat'l Council of Young Men's Christian Assocs. of U.S.*, No. 09-cv-6437, 2011 WL 1312162, at *2 (N.D. Ill. March 31, 2011).

If a motion to compel under Rule 37(a) "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

### III. ARGUMENT

#### A. Defendant Has Completely Refused To Respond To Discovery And Should Now Be Compelled To Do So.

In light of the April 9, 2021 hearing, Plaintiff's Discovery Requests were entered and continued until after the Parties exchanged Rule 26(a)(1) disclosures, which occurred on May 6, 2021. On June 9, 2021, 34 days after the Parties exchanged Rule 26(a)(1) disclosures and four days after Defendant's discovery responses were due, Plaintiff served a discovery deficiency letter on Defendant's counsel and requested that Defendant make itself available for a meet-and-confer regarding its failure to respond in discovery.[1] On that same day, Defense Counsel responded via email and argued that its discovery responses were entered and continued indefinitely because the Court's April 9, 2021 Minute Order (Dkt. 52) reads: "Responses to Plaintiff's initial requests is entered and continued." In reply via email, Plaintiff's counsel attached the relevant portion of the transcript of the April 9, 2021 hearing, which clearly shows that the Court's Order entering and continuing Plaintiff's Discovery Requests was not intended to be indefinite, but rather was simply in response to Defense Counsel's specific request that Defendant's responses to the Discovery Requests be *delayed until after the exchange of Rule 26(a)(1) disclosures*.[2] Plaintiff's counsel

---

[1] A true and correct copy of the June 9, 2021 discovery deficiency letter sent from Plaintiff's counsel to Defendant's counsel is attached hereto as Exhibit A.
[2] The April 9, 2021 hearing transcript, which was requested by Plaintiff in response to Defendant's Renewed Motion to Stay, was electronically served upon Defendant on April 29, 2021.

again requested a meet and confer and directed Defendant to this Court's Case Procedures, which remind the Parties that pending motions do not operate to stay discovery such that Defendant's pending Renewed Motion to Stay does not excuse Defendant from answering discovery. On June 16, 2021, the Parties held a telephonic meet and confer in an attempt to come to an agreement regarding Defendant's overdue responses. During this conference, rather than ask for a brief extension to respond to Plaintiff's Discovery Requests, which Plaintiff's counsel offered, Defendant reiterated its position that discovery was stayed indefinitely and that it would not respond to any discovery in light of its pending Motion to Stay. Plaintiff's counsel again directed Defendant's counsel to this Court's Case Procedures which explain that a pending motion does not stay discovery. Ultimately, the Parties reached an impasse, as Defendant's counsel made clear that Defendant's position is that it will not respond to any discovery absent another Court order.

The transcript of the April 9, 2021 hearing is clear—as is the intent of the Court's Order, which was based on Defendant's request simply to postpone Defendant's discovery responses until after the exchange of Rule 26(a)(1) disclosures. Defendant's refusal to comply with its discovery obligations despite receiving, in effect, a 30-day extension of time to respond to Plaintiff's Discovery Requests is contrary to the intention of the Court's Order and is devoid of both merit and good faith. Instead of complying with this Court's denial of its prior Motion to Stay, or the Court's Case Procedures, Defendant is withholding discovery in order to force Plaintiff to bring the instant Motion, and thereby to force the Court to rule on its Renewed Motion to Stay in advance of having to respond to any discovery. As explained in Plaintiff's Opposition to Defendant's Renewed Motion to Stay, such Motion simply re-raises the same arguments that were heard and rejected at the April 9, 2021 hearing. The result has been a waste of time and resources for both the Parties and the Court, as the Parties have only managed to file their Rule 26(a)(1) disclosures

4

since the Court lifted the stay of discovery on April 9 over Defendant's objection. Plaintiff sought to avoid burdening the Court but was given no choice but to file this Motion to Compel. By this Motion, Plaintiff simply seeks what the Court granted him on April 9, 2021: to move this litigation forward in an appropriate and efficient manner.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order:

1. Granting Plaintiff's Motion to Compel Discovery;

2. Compelling Defendant to produce documents responsive to Plaintiff's First Set of Requests for Production;

3. Compelling Defendant to respond to Plaintiff's First Set of Interrogatories;

4. Requiring Defendant to pay Plaintiff's reasonable attorneys' fees incurred in making this Motion; and

5. Granting such further and other relief the Court deems reasonable and just.

Dated: June 21, 2021

Respectfully submitted,

DAVID FLEURY, individually and on behalf of a class of similarly situated individuals,

By: /s/ David L. Gerbie
*One of Plaintiff's Attorneys*

Evan M. Meyers
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com

5

**Rule 37 Certification**

I hereby certify that I have met the requirements of Fed. R. Civ. P. 37 and L.R. 37.2, as well as this Court's Standing Order and Case Procedures, prior to filing this Motion. On June 9, 2021, Plaintiff memorialized his concerns that are the subject of this Motion via a deficiency letter issued to counsel for Defendant outlining the fact that Defendant's discovery responses were substantially overdue. In the deficiency letter, counsel for Plaintiff provided counsel for Defendant the option to resolve the issues informally without Court intervention. That day, Defendant explained its position in an email that it does not believe its responses are overdue because the Court's April 9, 2021 Minute Entry (Dkt. 52) reads "Responses to Plaintiff's initial requests is entered and continued." On June 16, 2021, counsel for the Parties held a telephonic meet and confer, during which counsel for Plaintiff noted that, according to the transcript of the April 9, 2021 hearing, Defendant's responses were entered and continued only until the Parties' 26(a)(1) disclosures were exchanged and that, as per the Court's Case Procedures, Defendant's Renewed Motion to Stay does not operate to stay discovery. During the call, counsel for Defendant reiterated its previously-stated position and stated that it would not respond to Plaintiff's propounded discovery requests. Given the Parties' impasse and the length of time that has already passed since the Court lifted the stay of discovery, Plaintiff sees no way to resolve this discovery issue absent intervention from the Court.

/s/ David L. Gerbie
David L. Gerbie
*One of Plaintiff's Attorneys*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 21, 2021, I caused the foregoing *Plaintiff's Motion to Compel Discovery* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to the following counsel of record:

Melissa A. Siebert (masiebert@shb.com)
Amy Cho (acho@shb.com)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606

            /s/ *David L. Gerbie*
            David L. Gerbie