THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID FLEURY, individually and on behalf of those similarly situated., | ) ) |
| | ) No. 20 C 390 |
| Plaintiff, | ) |
| | ) Judge Jorge L. Alonso |
| v. | ) |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Fleury filed this putative class action against Defendant Union Pacific, alleging that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq. ("BIPA"). The Court previously lifted the stay of discovery in this case. Presently before the Court is Defendant's renewed motion to stay. Having now had the benefit of full briefing on the issue and for the reasons set forth below, the Court grants in part and denies in part the motion to stay [50]. Because of this ruling, the Court denies Plaintiff's motion to compel [61].

## BACKGROUND

Defendant operates a network of railroads in North America that includes facilities located in Illinois. Defendant is a Delaware Corporation with its principal place of business in Nebraska. [1 at ¶8]. Plaintiff worked as a truck driver and visited rail yards in Illinois owned and operated by Defendant. Plaintiff is a citizen of the state of Illinois, who is suing under the Class Action Fairness Act, 28 U.S.C. §1322(d) et seq., for an amount more than $5,000,000.00 [29 at ¶ 14]. Plaintiff alleges that Defendant required him to scan his "biometric identifiers and/or biometric information" into certain "identity verification kiosks" when Plaintiff visited

Defendant's facilities. Plaintiff alleges that Defendant collected and stored this biometric information without informing him or others in writing that it was doing so in violation of the BIPA.

At a status hearing on April 9, 2021, the Court questioned Defendant's counsel as to the basis for its contemplated motion to stay (identified by the parties in a joint status report). Counsel provided an off-the-cuff argument as to why discovery should be stayed. Over objection, the Court lifted the stay on discovery. Defendant has now filed a renewed, written motion to stay.

## LEGAL STANDARD

Courts "have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Stone v. I.N.S.*, 514 U.S. 386, 411 (1995) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Orders staying proceedings must both be "[]moderate" and within "reasonable limits." *Landis*, 299 U.S. at 257. In evaluating a motion to stay, courts consider whether the stay will: (1) "simplify the issues in question and streamline the trial," (2) "reduce the burden of litigation on the parties and on the court[,]" and (3) "unduly prejudice or tactically disadvantage the non-moving party[.]" *Genzyme Corp. v. Cobrek Pharm., Inc.*, No. 10-cv-00112, 2011 WL 686807, at *1 (N.D. Ill. Feb. 17, 2011); *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03-cv-7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## DISCUSSION

Defendant argues that this case should be stayed pending the outcome in three pending appeals that will have significant impact on this litigation: (1) *Tims v. Black Horse Carriers, Inc.*,

No. 1-28-0563 (Ill. App. Ct., 1st Dist.); (2) *Marion v. Ring Container Technologies*, LLC, No. 3-20-0184 (Ill. App. Ct., 3rd Dist.); and (3) *Cothron v. White Castle Sys., Inc.*, Case No. 20-3202 (7th Cir.). Plaintiff opposes the motion to stay. In *Tims* and *Marion*, two separate Illinois Appellate Court panels (in the First and Third Districts) are set to decide whether a one-year, two-year, or five-year statute of limitations applies to BIPA claims. *See Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562; *Marion v. Ring Container Techs., LLC*, No. 3-20-0184; *see also Herron v. Gold Standard Banking, Inc.*, No. 20-cv-07469, 2021 WL 1340804, at *2 (N.D. Ill. April 9, 2021). Relatedly, in *White Castle*, the Seventh Circuit is set to decide when a BIPA claim accrues, and more specifically whether a private entity violates the BIPA only when it first collects or discloses an individual's biometric data without making the required disclosures, or whether a violation occurs each time the entity collects or discloses the data. *See Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020). For the sake of streamlining the analysis, the Court considers the simplicity and burden factors together, and then finally the undue prejudice factor.

I. **Simplifying-the-Issues and Reducing-the-Burden**

To stay this case, Defendants must first show that a stay will simplify the issues in dispute and reduce the burden of litigation on the parties. *Genzyme Corp.*, 2011 WL 686807, at *1. Defendant argues that each appeal could significantly impact the instant case, or, at a minimum, narrow the issues for discovery, summary judgment, and/or trial. This argument has merit. If the Seventh Circuit decides in *White Castle* that a BIPA claim accrues on first use, and if the Illinois Appellate Courts decide in *Tims* and *Marion* that BIPA is subject to a one-year statute of limitations, then Plaintiff's claim may be time barred, although discovery will certainly still be needed on that issue. If, however, those claims are not decided in Defendant's favor, or in

3

a manner otherwise beneficial to it in this case, then those defenses fall by the wayside. Equally important, these decisions will have a significant impact on class certification issues—most obviously on the size of the prospective class.

Plaintiff counters by pointing out that even if these decisions come down in Defendant's favor, this case will not be over because (1) the Illinois Supreme Court has the final say and decisions of lower courts indicate that the Supreme Court would find that a five-year statute of limitations applies and (2) Plaintiff would still be entitled to discovery to oppose any motion for summary judgment. First, Plaintiff's argument that lower court decisions signal how the Illinois Supreme Court would rule is unpersuasive. Although Plaintiff correctly notes that most lower courts have found that the statute of limitations for BIPA claims is five years, the appellate courts may disagree. *See Herron*, No. 20-cv-07469, 2021 WL 1340804, at *4. And those appellate court decisions would likely be controlling here since this Court is sitting in diversity and applying Illinois law here. *See Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently"). The Court is not convinced that lower court rulings provide any indication that the Illinois Supreme Court would conclude that a five-year statute of limitations applies to BIPA claims. Indeed, the court in *Donet v. Vivid Seats LLC* addressed an analogous argument, but still found that a stay was warranted. *See Donets*, No. 20-cv-3551, Dkt. 37, at p.3 (N.D. Ill. December 15, 2020) ("Donets opposes the stay, arguing that 'there is no reason to suspect that the Appellate Court in *Tims* or *Marion* would depart from what seems to be an elementary application of an unambiguous statute to the undisputed facts of a case' and hold that BIPA claims are subject to a five (5)-year limitations period"). Moreover,

Plaintiff's opinion that it is unlikely all three cases will come down in Defendant's favor is of no consequence. At best, assuming the appellate courts disagreed with those lower court decisions, that would indicate that this issue is contested and in need of clarification.

Second, the fact that Plaintiff would still be entitled to some discovery even if these appeals were decided in Defendant's favor is not a reason to deny the motion to stay. Rather, the question the Court is tasked with answering is whether the stay will facilitate the simplification of the issues in question and reduce the burdens of litigation on the parties. Here, the Court answers these questions in the affirmative. The finding that a stay is appropriate here is supported by decisions from several other courts in this district that have considered similar motions. *See Johns v. Paycor, Inc.*, No. 20-cv-00264, Dkt. 65 (N.D. Ill. May 11, 2021) (staying case pending appeals in *Tims*, *Marion*, and *White Castle*); *Herron v. Gold Standard Baking, Inc.*, No. 20-cv-07469, 2021 WL 1340804, at *5 (N.D. Ill. Apr. 9, 2021) (same); *Roberson v. Maestro Consulting Servs. LLC*, No. 20-cv-00895-NJR, 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021) (same); *Kyles v. Hoosier Papa LLC*, No. 20-cv-07146, Dkt. 22 (N.D. Ill. Mar 4, 2021) (same); *Wilson v. Am. Stair Corp. Inc.*, No. 20-cv-07321, Dkt. 10 (N.D. Ill. Feb. 22, 2021) (staying case pending *Tims*); *Varnado v. West Liberty Foods*, No. 20-cv-2035, 2021 WL 545628, at *1-2 (N.D. Ill. Jan 5, 2021) (staying case pending *Tims*); *Donets v. Vivid Seats LLC*, No. 20-cv-03551, Dkt. 37 (N.D. Ill. Dec. 15, 2020) (staying case pending appeals in *Tims*, *Marion*, and *White Castle*); *Jenkins v. Regal Cinemas, Inc.*, No. 20-cv-03782, Dkt. 32 (N.D. Ill. Dec. 1, 2020) (staying case pending *White Castle*); *Vaughan v. Biomat USA, Inc.*, No. 20-cv-04241, 2020 WL 6262359, at *2 (N.D. Ill. Oct. 23, 2020) (staying case pending *Tims*); *but see Rogers v. BNSF Railway*, Case No. 19-cv-3083, Dkt. 76 (N.D. Ill. January 29, 2021) (denying motion to stay in

BIPA case). Accordingly, the Court finds that the simplifying-the-issue and reduce-the-burden factors weigh in favor of a stay.

## II. Undue Prejudice or Tactical Disadvantage

Having found that the first two factors favor a stay, the Court must still consider whether a stay would unduly prejudice or tactically disadvantage the Plaintiff. *Genzyme Corp.*, 2011 WL 686807, at *1. Defendant argues that any prejudice to Plaintiff would be minimal at most, and far outweighed by the advantage of clarifying the statute of limitations issue as it applies to this case. Defendant also argues that Plaintiff's claims of prejudice are speculative and that he has not identified any concrete harm that would result from the imposition of a stay. Plaintiff, on the other hand, argues that he would be prejudiced because he has had no opportunity thus far to learn how his biometric information was collected, stored, or handled, and that he has had no opportunity to test Defendant's assertion that it is now BIPA compliant. Plaintiff further argues that the longer this case lingers, the more difficult it will be to locate, notify, and possibly compensate other class members who may change jobs or move throughout the country.

The Court finds that any prejudice to Plaintiff is not undue and that a stay is appropriate. First, the Court notes that the *Tims* and *Marion* cases are fully briefed, *see Donets*, Case No. 20-cv-3551, Dkt. 37, at p.4 n.4 (N.D. Ill. December 15, 2020), and that *White Castle* is fully briefed and set for oral argument on September 14, 2021, *Cothron v. White Castle*, Case No. 20-3202, Dkt. 58 (7th Cir. June 21, 2021). As such, the stay here will be of limited duration. Second, Plaintiff's contention that he will not be able to locate prospective class members because of this delay, while possible, is speculative at best. Similarly, Plaintiff's argument that he has not been able to determine if Defendant has cured its alleged BIPA violations and that a stay of discovery will prevent him from testing this claim is unavailing. This argument is premised on the

inference that Defendant may still be violating BIPA, which, as other courts have found, is also speculative. *See Herron*, 2021 WL 1340804, at *5; *Vaughan*, 2020 WL 6262359, at *3. In short, weighing all the relevant factors, the Court joins with the well-reasoned decisions by other courts in this district, and finds that a stay is appropriate. However, although the Court finds that a stay of discovery is appropriate, there is no benefit for staying the filing of an answer to the First Amended Complaint. Defendant can easily include an affirmative defense based on the statute of limitations, which may be made untenable by the rulings in *Tims*, *Marion*, and *White Castle*. If that becomes the case, then dropping the statute of limitations defense would be a simple matter of amendment, or not pressing the issue at summary judgment or trial.

## CONCLUSION

For the reasons detailed above, the Court grants in part and denies in part Defendant's motion to stay [50]. The motion to stay discovery is granted. However, finding that there is no benefit to delay the filing of an answer, Defendant is directed to file an answer to Plaintiff's First Amended Complaint by July 9, 2021. Because the Court finds that a stay is appropriate, Plaintiff's motion to compel [61] is denied. The parties are directed to file a joint status report regarding the status of the *Tims*, *Marion*, and *White Castle* cases on October 19, 2021.

**SO ORDERED.**  ENTERED:  June 23, 2021

**JORGE L. ALONSO**
**United States District Judge**