IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAVID FLEURY, individually and on behalf of a class of similarly situated individuals,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,<br><br>    *Defendant*. | No. 20-cv-00390<br><br>Hon. Jorge L. Alonso |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff David Fleury ("Plaintiff"), individually and on behalf of all similarly situated individuals, pursuant to 28 U.S.C. § 1447(c), hereby respectfully moves for entry of an Order severing and remanding his claim brought pursuant to 740 ILCS 14/15(a) to the Circuit Court of Cook County, Illinois where it was originally filed.

**I. INTRODUCTION**

This case is a putative class action brought under the Illinois Biometric Information Privacy Act, 740 ILCS 14/15 *et* seq. ("BIPA"). Plaintiff and the putative class members are truck drivers who were required to submit their biometric identifiers and/or biometric information to gain access to Defendant's railyards in Illinois, and Plaintiff's First Amended Complaint ("Complaint") asserts that Defendant violated BIPA in numerous ways through its handling of his biometrics. Plaintiff's claims include those brought under BIPA Section 15(a), which requires private entities in possession of biometrics to make a public policy available which outlines retention and destruction guidelines for such information. Section 15(a) also requires companies to abide by such a policy, but Plaintiff's Complaint does not allege that Defendant failed to comply with a retention and

1

destruction policy. Under established Seventh Circuit precedent, Plaintiff lacks the Article III standing to pursue his Section 15(a) BIPA claim in this Court, and thus asks that this Court sever and remand his Section 15(a) BIPA claim to the Circuit Court of Cook County, where it was originally filed.[1]

On May 5, 2020, the Seventh Circuit Court of Appeals issued its decision in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020). *Bryant* addressed the question of which types of BIPA claims were sufficient to confer standing under Article III of the Constitution. *Bryant* held that the obligations created by 740 ILCS 14/15(a) of BIPA – namely the requirement that private entities in possession of biometrics establish a publicly-available biometric retention and destruction schedule – are owed to the public generally rather than a specific individual. Thus, the Court reasoned, such obligations were not part of BIPA's "informed consent" regime. The Seventh Circuit found that the plaintiff in *Bryant* did not suffer a concrete and particularized injury from the alleged Section 15(a) violation, and, as a result, lacked Article III standing to pursue that claim in federal court. On June 30, 2020, the Seventh Circuit modified its decision, but maintained its holding that a mere failure to publish a retention schedule, by itself, does not confer Article III standing. *Bryant*, 958 F.3d at 626 (as modified).

In this case, Plaintiff has alleged the same procedural violation of the first provision of Section 15(a) as the plaintiff in *Bryant*. (Dkt. 29, ¶ 21). Thus, Seventh Circuit precedent dictates that Plaintiff lacks Article III standing to pursue such claim in federal court. Accordingly, because Defendant removed this case from the Circuit Court of Cook County, Illinois, Plaintiff's Section 15(a) claim must be severed and remanded to that court as a matter of law.

---

[1] Plaintiff's claim under 740 ILCS 14/15(a) is asserted in his operative First Amended Class Action Complaint. (Dkt. 29, ¶ 21).

## II. PROCEDURAL HISTORY

Plaintiff filed this case in the Circuit Court of Cook County, Illinois on December 11, 2019. On January 17, 2020, Defendant removed this action to this Court on diversity jurisdiction grounds and pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(a) and (d). (Dkt. 1). On June 16, 2020, Plaintiff filed the operative First Amended Complaint, asserting multiple BIPA claims against Defendant. (Dkt. 29). Specifically, Plaintiff has alleged that Defendant violated three separate subsections of BIPA: (1) Section 15(b), which requires private entities collecting biometric data to make certain disclosures and obtain the subject's informed written consent to collection; (2) Section 15(d), which requires private entities to obtain the consent of individuals prior to disclosing, redisclosing, or otherwise disseminating their biometric information or biometric identifiers; and (3) Section 15(a), which requires, among other things, that private entities in possession of biometric information make publicly available a biometric data retention and destruction policy. (Dkt. 29, ¶¶ 19-22).

On July 21, 2020, Defendant moved to dismiss Plaintiff's First Amended Complaint, and such motion was fully briefed. (Dkts. 35, 43, 46). On March 24, 2021, the Court issued a Memorandum Opinion and Order denying Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. (Dkt. 47). On June 23, 2021, the Court stayed this case pending appellate rulings concerning the question as to the governing statute of limitations for BIPA claims under Illinois law. (*See* Dkt. 63). Nonetheless, the instant Motion is solely jurisdictional in nature and is not related in any way to the merits of the case or to any discovery issues. Accordingly, Plaintiff submits that the Court can and should rule on this Motion despite the stay.

**III.    LEGAL STANDARD**

If, in a removed case, a district court finds that it lacks subject matter jurisdiction at any time, the only remedy is remand to state court. *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994); *see* 28 U.S.C. § 1447(c). Article III standing is a threshold element of federal subject matter jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Thus, if at any time Article III standing is lacking over a removed claim, the appropriate disposition is to remand that claim to the originating state court. *See* 28 U.S.C. § 1447(c); *Collier*, 889 F.3d at 897; *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010).

**IV.    UNDER *BRYANT*, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S SECTION 15(a) CLAIM.**

Plaintiff alleges that Defendant violated Section 15(a) by failing to make publicly available a biometric retention and destruction schedule prior to storing his biometric information. (Dkt. 29, ¶ 21). In *Bryant*, the plaintiff's allegations were exactly the same: that the defendant violated Section 15(a) by "possessing the Plaintiff's and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information." *Bryant v. Compass Group, Inc.*, No. 19-cv-06622, Dkt. 1-1 (N.D. Ill.), attached hereto as Exhibit A, ¶ 52. The Seventh Circuit determined the alleged violation of only Section 15(a)'s first provision was insufficient to confer Article III standing:

> Bryant alleged only a claim under the provision of [Section 15(a)] requiring development of a "written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information,'' ***not under the provision requiring compliance with the established retention schedule and destruction guidelines*** . . . This provision is not part of the informed-consent regime, and Bryant alleges no particularized harm that resulted from Compass's violation of section 15(a) . . . We conclude that

> Bryant did not suffer a concrete and particularized injury as a result of Compass's violation of section 15(a).

*Bryant*, 958 F.3d at 626 (7th Cir. 2020) (emphasis added). Accordingly, under *Bryant*, Plaintiff's allegations here do not confer Article III standing with respect to his Section 15(a) claim because, as in *Bryant*, <u>Plaintiff has not alleged that Defendant has failed to comply with any established retention schedule or destruction guidelines</u>—nor has he alleged any particularized harm that resulted from Defendant's violation of 15(a). Instead, Plaintiff has merely alleged that Defendant failed to develop such a policy.

The Seventh Circuit addressed Article III in relation to Section 15(a) again in *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146 (7th Cir. 2020). In *Fox*, the plaintiff did "not allege a mere procedural failure to publicly disclose a data-retention policy. Rather, [the plaintiff] allege[d] a concrete and particularized invasion of her privacy interest in her biometric data stemming from [the defendant's] violation of the full panoply of its section 15(a) duties—the duties to develop, publicly disclose, and *comply with* data retention and destruction policies—resulting in the wrongful retention of her biometric data after her employment ended, beyond the time authorized by law." *Fox*, 980 F.3d at 1149 (emphasis in original). The Seventh Circuit considered this alleged "unlawful retention" of Fox's biometric data to be a concrete and particularized "privacy injury" similar to an unlawful collection of biometrics under 740 ILCS 14/15(b). In *Fox*, the Seventh Circuit reaffirmed its holding in *Bryant* that "a mere failure to publicly disclose a data-retention policy" is insufficient to confer Article III standing. *See id.* at 1154. Here, like the plaintiff in *Bryant*, and unlike the plaintiff in *Fox*, Plaintiff's 15(a) claim is based <u>solely</u> on the allegation that Defendant failed to develop a publicly available data-retention policy. (Dkt. 29, ¶ 21). Plaintiff does <u>not</u> allege that Defendant has unlawfully retained his biometrics beyond the time authorized by law. (*See id.*)

5

Courts in this Circuit have consistently held that Section 15(a) allegations that do not allege unlawful retention beyond the proscribed period are insufficient to confer Article III standing. *See, e.g.*, *Colon v. Dynacast, LLC*, No. 20-cv-3317, 2021 WL 492870, at *5 (N.D. Ill. Feb. 10, 2021) ("[T]he Court reads the complaint as alleging a section 15(a) claim based only on Defendant's failure to publish its data policy—not Defendant's failure to comply with any data policy. As explained in *Bryant, the Court lacks jurisdiction over this claim*") (emphasis in original); *Marquez v. Google LLC*, No. 20-cv-4454, 2020 WL 6287408, at *2 (N.D. Ill. Oct. 27, 2020) (remanding Section 15(a) claim under *Bryant* where the plaintiff alleged the defendant failed to "provide a publicly available written policy regarding its schedule and guidance for the retention and permanent destruction of individuals' biometrics"); *Cottingham v. Ultimate Software Group, Inc*. No. 20-cv-01172, Dkt. 26 (C.D. Ill. May 25, 2021)[2] (granting remand of Section 15(a) claim and stating that, when assessing standing, "what the Court cannot do is haphazardly lump all of the subsections of BIPA violations together to find standing exists for the entire case. Based on *Bryant*, *Fox*, and *Thornley*, the Court must consider the violations alleged under each subsection to determine whether that portion of the case should be remanded"); *Burlinski v. Top Golf USA Inc.*, No. 19-cv-06700, 2020 WL 5253150, at *4 (N.D. Ill. Sept. 3, 2020); *Stauffer v. Innovative Heights Fairview Heights, LLC*, No. 20-cv-00046, 2020 WL 4815960, at *7 (S.D. Ill. Aug. 19, 2020); *Rogers v. BNSF Railway Company,* No. 19-cv-03083, (N.D. Ill., Aug. 25, 2021) at 6:24-7:3[3] (factually similar BIPA case involving a railroad operator's collection of truck drivers' biometrics with Judge Kennelly finding no Article III standing for a Section 15(a) claim where the plaintiff

---

[2] The *Cottingham* Memorandum Opinion and Order is attached hereto as Exhibit B.
[3] Relevant excerpts of Judge Kennelly's oral ruling on the plaintiff's motion to remand in *Rogers v. BNSF Railway Company* are attached hereto as Exhibit C.

alleged only the defendant's failure to make a biometric retention and destruction policy publicly available).

Because Plaintiff's Section 15(a) claim seeks relief under only the first provision of Section 15(a), he lacks the Article III standing required by *Bryant* to pursue that claim in federal court. Thus, because a federal court has subject matter jurisdiction over a claim only if a plaintiff has Article III standing to bring it, this Court lacks jurisdiction over Plaintiff's Section 15(a) claim. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019).

## V. THIS COURT'S LACK OF SUBJECT MATTER JURISDICTION REQUIRES REMAND OF PLAINTIFF'S SECTION 15(a) CLAIM TO THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS.

Plaintiff's lack of Article III standing for his Section 15(a) claim requires that such claim be severed from his other claims and remanded to the Circuit Court of Cook County, Illinois – the court from which this case was removed – because where a district court lacks subject matter jurisdiction over a removed claim, the only authorized result is remand to the originating state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded") (emphasis added); *Collier*, 889 F.3d at 897 (7th Cir. 2018) ("[Section] 1447(c) required the district court to remand this case to state court, because it does not satisfy Article III's requirements"); *Bergquist*, 592 F.3d at 819 (where some parts of a removed case are within federal jurisdiction and others are not, partial remand is appropriate).

Accordingly, this Court may safely follow the numerous district courts in this Circuit that have severed and remanded BIPA claims for lack of subject matter jurisdiction. *See, e.g.*, *Hazlitt v. Apple Inc.*, No. 20-cv-421, 2021 WL 2414669, at *7 (S.D. Ill. June 14, 2021) (severing and

alleged only the defendant's failure to make a biometric retention and destruction policy publicly available).

Because Plaintiff's Section 15(a) claim seeks relief under only the first provision of Section 15(a), he lacks the Article III standing required by *Bryant* to pursue that claim in federal court. Thus, because a federal court has subject matter jurisdiction over a claim only if a plaintiff has Article III standing to bring it, this Court lacks jurisdiction over Plaintiff's Section 15(a) claim. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019).

## V. THIS COURT'S LACK OF SUBJECT MATTER JURISDICTION REQUIRES REMAND OF PLAINTIFF'S SECTION 15(a) CLAIM TO THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS.

Plaintiff's lack of Article III standing for his Section 15(a) claim requires that such claim be severed from his other claims and remanded to the Circuit Court of Cook County, Illinois – the court from which this case was removed – because where a district court lacks subject matter jurisdiction over a removed claim, the only authorized result is remand to the originating state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded") (emphasis added); *Collier*, 889 F.3d at 897 (7th Cir. 2018) ("[Section] 1447(c) required the district court to remand this case to state court, because it does not satisfy Article III's requirements"); *Bergquist*, 592 F.3d at 819 (where some parts of a removed case are within federal jurisdiction and others are not, partial remand is appropriate).

Accordingly, this Court may safely follow the numerous district courts in this Circuit that have severed and remanded BIPA claims for lack of subject matter jurisdiction. *See, e.g.*, *Hazlitt v. Apple Inc.*, No. 20-cv-421, 2021 WL 2414669, at *7 (S.D. Ill. June 14, 2021) (severing and

remanding Section 15(c) claim to state court); *Colon*, 2021 WL 492870, at *5 (severing and remanding Section 15(a) claim to the Circuit Court of Cook County, Illinois); *Burlinski*, 2020 WL 5253150, at *4 ("[B]ecause there is no Article III jurisdiction over the Section 15(a) claims, it makes sense to sever and remand those claims back to state court, as the Plaintiffs have requested"); *Stauffer*, 2020 WL 4815960, at *8 ("Plaintiff does not have Article III standing for her Section 15(a) claims . . . [those claims] are remanded to the Twentieth Judicial Circuit, St. Clair County, Illinois"); *Kloss v. Acuant, Inc.*, No. 19-cv-6353, 2020 WL 2571901, at *2 (N.D. Ill. May 21, 2020) ("Applying the *Bryant* Court's holding, we conclude that we lack subject-matter jurisdiction over [plaintiff's] Section 15(a) claims . . . . The Court accordingly severs and remands [plaintiff's] claims under Section 15(a) back to state court for lack of subject-matter jurisdiction"); *Rogers,* Exh. B at 8:6-10 (N.D. Ill. Aug. 25, 2021) ("Herein Plaintiff's claim under Section 15(a) of the Illinois Biometric Information Privacy Act is severed and remanded to the Circuit Court of Cook County.")

Notably, Plaintiff's lack of standing to bring his Section 15(a) claim in *this* Court does not preclude Plaintiff from proceeding with that claim in the Circuit Court of Cook County, Illinois, where this case was initially filed. Indeed, the Illinois Supreme Court has held that Illinois courts are "not required to follow federal law on issues of standing, and ha[ve] expressly rejected federal principles of standing." *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895, 917 n.4 (Ill. 2010); *Greer v. Ill Hous. Dev. Auth.*, 524 N.E.2d 561, 574 ("[T]o the extent that the State law of standing varies from Federal law, it tends to vary in the direction of greater liberality").

Accordingly, this Court should sever and remand Plaintiff's Section 15(a) claim to the Circuit Court of Cook County, Illinois—the court from which this case was removed, and which has the jurisdiction to adjudicate the Section 15(a) claim.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff David Fleury respectfully requests that the Court enter an Order: (i) severing and remanding Plaintiff's claim under 740 ILCS 14/15(a) to the Circuit Court of Cook County, Illinois; and (ii) for such other and further relief the Court deems reasonable and just.

Dated: September 17, 2021

                                                Respectfully submitted,

                                                DAVID FLEURY,
individually and on behalf of similarly situated individuals

By:   /s/ David L. Gerbie
*One of Plaintiff's Attorneys*

Evan M. Meyers
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 17, 2021, I caused the foregoing *Plaintiff's Motion to Remand* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ David L. Gerbie