IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FLEURY, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | No. 20 C 390 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a motion to compel the production of Personal Identifying Information ("PII") defendant has collected from the putative class members, including the biometrics and derived from scanning individuals' fingerprints (the "Class Data") and the purported consents signed by putative class members pursuant to the post-suit BIPA compliance procedures defendant implemented after being sued for BIPA violations. [Dkt. #103]

The plaintiff served the discovery requests at issue over a year and a half ago, back on April 4, 2021, in between two lengthy stays. [Dkt. #51, #52, #63, #103, at 2]. Once Judge Alonso lifted the second stay, plaintiff reissued those requests on June 2, 2022. [Dkt. #89, #103, at 2; #112, at 3]. As such, defendant's responses were due July 2, 2022, but plaintiff allowed defendant an additional 30 days to respond. [Dkt. #103]. Once defendant responded, plaintiff mulled over the results for six weeks and, on September 14, 2022, wrote the defendant a "deficiencies" letter. The letter cited issues with Request Nos. 4, 5, 6, 8, 9, 11, 12, 14, 18. [Dkt. #103-1]. Defendant spent a month with plaintiff's critique and responded on October 12, 2022, countering plaintiff's arguments

regarding Request Nos. 4, 5, 8, 11, 14, and 18, and scheduling a meet and confer for October 13th. [Dkt. #103-3]. As to what occurred at that conference, and how things proceeded thereafter, the parties tell differing tales. All we know from the plaintiff's Local Rule 37.2 certification is that the attorneys for both sides talked on the phone on a single occasion over the course of their lengthy contretemps over the plaintiff's multiple issues with the defendant's discovery responses.

That's, quite literally, phoning it in. If two sides are battling over nine separate discovery issues for at least five months, a single phone call does not meet their Local Rule 37.2 obligations. *See, e.g., Art Akiane LLC. v. Art & SoulWorks LLC*, 2020 WL 5604064, at *1 (N.D. Ill. 2020)(size of dispute brought to the court is evidence of parties' failure to confer in good faith); *W. Bend Mut. Ins. Co. v. Zurich Am. Ins. Co.*, 308 F. Supp. 3d 954, 958–59 (N.D. Ill. 2018)("Chatting for a bit about a dispute.... is not engaging in a good faith meet and confer."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1-2 (N.D. Ill. 2016)("A single phone call in three months regarding a dispute ... doesn't come close to sufficing."); *Chamberlain Grp. v. Lear Corp.*, 2010 WL 2836975, at *2 (N.D. Ill. 2010)(single face-to-face meeting did not meet the Local Rule's requirements). Defendant admits that the parties actually only discussed a single one of the plaintiff's requests at that conference, Request No. 4. With that kind of focus, the issues as to that request ought to be crystalized for the court to resolve. But, as is often the case with discovery disputes, not so much.

Despite plaintiff's long list of complaints, from what the court can piece together from the parties' submissions, it would seem that all that is left in dispute are Request Nos. 4 and 5. Ideally, a motion to compel would not take the court through five pages before ever mentioning the first discovery request at issue; here, Request No. 4. [Dkt. #103, at 1-5]. Even then, nowhere in plaintiff's

brief does plaintiff quote to the request so the court can see what all the fuss is about. In fact, the plaintiff doesn't attach its requests to its motion, although it does give the court the defendant's responses which include the two requests which seem to remain at issue.

Request No. 4 asks for "All Documents which Identify all individuals whose Biometric Identifiers or Biometric Information was collected, captured, stored, and/or used by You or on Your behalf during the Relevant Time Period." [Dkt. #103-4, Page 5/12]. While, again, plaintiff's motion regarding its discovery requests seems intentionally divorced from its actual request, it seems that from this request, plaintiff expects what he calls "Personal Identifying Information" which includes "the biometrics derived from scanning individuals' fingerprints." [Dkt. #103, at 2-3]. The best way to have gone about that would have been to ask the defendant for the fingerprint scans it retained from the drivers during the relevant period. It is not apparent that "Documents" means electronic fingerprint scans, at least not without any explanation from the plaintiff. The plaintiff also fails to explain why the fingerprint scans of the drivers are relevant if all plaintiff really needs are the names of the drivers who were scanned. To support its position, plaintiff directs the court to some rulings and filings in another biometrics case, *Rogers v. BNSF Railway Co.*, No. 19-cv[1]03083 (N.D. Ill., 2022). But one is a sealed document [Dkt. #117] that only the parties and the judge in that case can access, another is a response to a statement of fact that says nothing about relevance of discovery of fingerprint scans [Dkt. 128-2 at pg. 33, Fact No. 5 ("The biometric information captured and collected from truck drivers' fingerprints by the AG Systems and stored on BNSF's [redacted]")], the third is an order noting a jury verdict [Dkt. #223] that does not mention fingerprints at all, and the fourth says the parties in the case were about only 3% apart in terms of the number of drivers they identified. [Dkt. #90, at 3, n.6].

3

Defendant's response is not more edifying. It seems to have a quarrel with how the plaintiff defines "biometrics" but doesn't go into any specifics. Clearly, fingerprints are biometrics. *Miller v. Sw. Airlines Co.*, 926 F.3d 898, 900 (7th Cir. 2019). Also, after congratulating itself for producing some limited information regarding driver consents (four months late), the defendant appears to argue that it has no obligation to provide any identifying information about the drivers who had their fingerprints scanned to enter defendant's facility. It also seems to argue every driver consented because it produced a manual and offers a self-serving Declaration that all drivers consented [Dkt. #112, at 5-6]. In other words, defendant says, in effect, "move along, there's nothing to see here." But, until Judge Alonso decides there's nothing to see here, defendant is on the hook for discovery. And, that discovery is likely to seem out of proportion from the defendant's perspective. A magistrate judge handling discovery has no idea what the district court judge will deem significant or perhaps even relevant when the time comes for summary judgment or trial. This can sometimes be a difficulty with bifurcation between substantive issues and discovery disputes. So the tendency is – as may happen here – to err on the side of more rather than less. *See* Frank H. Easterbrook, *Discovery As Abuse*, 69 B.U.L. Rev. 635, 639 (1989)("One common form of unnecessary discovery (and therefore a ready source of threatened discovery) is delving into ten issues when one will be dispositive. A magistrate judge lacks the authority to carve off the nine unnecessary issues; for all the magistrate judge knows, the district judge may want evidence on any one of them. So the magistrate judge stands back and lets the parties have at it. Pursuit of factual and legal issues that will not matter to the outcome of the case is a source of enormous unnecessary costs, yet it is one hard to conquer in a system of notice pleading and even harder to limit when an officer lacking the power to decide the case supervises discovery.").

While this Order could go on, it seems clear from the parties' submissions that they have not complied with Local Rule 37.2's requirement that they negotiate *in good faith*. *See, e.g., Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2.").

Accordingly, the parties have more work to do. They are directed to continue meeting to resolve their differences over the two discovery requests and the Confidentiality Order and submit a status report on December 18, 2022. The plaintiff's motion to compel [Dkt. #103] is denied without prejudice to refiling in the unlikely event the parties fail to resolve these rather routine discovery matters. The briefing schedule allowing a reply brief from the plaintiff on November 21st [Dkt. #111] is stricken.

ENTERED:
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/18/22