IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID FLEURY, individually and on behalf of similarly situated individuals, ) ) ) | |
| Plaintiff, ) ) | No. 20 C 390 |
| v. ) ) | Magistrate Judge Jeffrey Cole |
| UNION PACIFIC RAILROAD COMPANY, ) a Delaware corporation, ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff's motion for entry of a Confidentiality Order [Dkt. #120] is granted. The Order specifically addresses biometric information as have orders entered by at least three district court judges in the Northern District of Illinois. *See, e.g., Rogers v. BNSF Railway Co.*, No. 19-3083 (Kennelly, J.) [Dkt. #47, Par. 2(e) (" . . . personal identity information, including information constituting or potentially constituting biometric information and/or biometric identifiers, as defined by BIPA, 740 ILCS 14/10); Par. 17. ("Authorized Disclosure Under BIPA. The limited disclosure and transfer of Confidential Information constituting or potentially constituting biometric information or biometric identifiers, as defined by BIPA, 740 ILCS 14/10, is permitted under this Order pursuant to 740 ILCS 14/25(a), if done solely for purposes of this litigation and in compliance with the terms of this Order.")]; *Morris v. Nextep Systems, Inc.*, No. 21-2404 (N.D. Ill.) (Seeger, J.) [Dkt. #28, Par. 2 (defining confidential information to include "(h) information that is alleged to be protected by the Illinois Biometric Information Privacy Act ("BIPA") . . . Producing information protected by BIPA subject to this Confidentiality Order will not constitute a violation of BIPA.")]; *Martinez v. Pie Five Restaurants, Inc.* No. 21-cv-2814 (N.D. Ill.) (Wood, J.)[Dkt. #36, Par. 17

("Authorized Disclosure under BIPA. The limited disclosure and transfer of Confidential Information constituting or potentially constituting biometric identifiers and/or biometric information, as defined by BIPA, 740 ILCS 14/10, is permitted under this Order pursuant to 740 ILCS 14/25(a), if done solely for purposes of this litigation and in compliance with the terms of this Order.")]. Defendant's arguments against the entry of this simple confidentiality order are not well-taken. Under 740 ILCS 14/25(a), BIPA is not to be construed "to impact the admission or discovery of biometric identifiers and biometric information in any action of any kind in any court, or before any tribunal, board, agency, or person." Defendant, departing from the foregoing cases and the language of the statute, submits that BIPA *must* impact discovery and interprets 740 ILCS 14/25(a) as nothing more than provision allowing discovery to take place. [Dkt. #123, at 3-4]. But, in a statute that, like many, essentially leaves all enforcement to civil litigation, such a provision would be superfluous as the bulk of litigation *is* discovery. If the provision meant what the defendant says it means, there would surely be caselaw to support defendant's interpretation. But, there isn't any caselaw and defendant submits that BIPA must impact discovery; at least not any that the defendant has directed the court to in this dispute that has been going on since June of last year.

Further reflection on the question presently under review has persuaded me that entering the Model Order and thereby kicking the biometrics language can down the road – as defendant proposes [Dkt. #123, at 6] – is not appropriate. Contrary to the defendant's view [Dkt. #123, at 6-7], the age of this case – which has already been stayed twice for a total of about two years at the *defendant's* behest [Dkt. ##21, 52, 63, 89] – *is* material to this dispute. Under the Federal Rules of Civil Procedure, the Court has a duty "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "[T]he public has an interest in the prompt disposition of

2

civil litigation, an interest that has been enacted into positive law via the Civil Justice Reform Act of 1990." *Chagolla v. City of Chicago*, 529 F.Supp.2d 941, 946-47 (N.D. Ill. 2008). Under the Civil Justice Reform Act, 28 U.S.C. § 476(a)(3), cases that have been pending before a district court for over three years are reported as overdue. *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 897 (N.D. Ill. 2000); *Riviera Fin. v. Trucking Serve., Inc.*, 904 F. Supp. 837, 840 (N.D. Ill. 1995).

With the entry of the Confidentiality Order with the proposed biometrics language – finally, after months of disagreement – exchange of discovery should proceed quickly and without further disagreements over matters that ought to be routine. Plaintiff shall submit a clean copy of the Order to the court's Proposed Order box for entry as soon as possible. The parties are reminded that fact discovery closes on April 30, 2023, after having been extended an additional seven months. [Dkt. ##89, 95, 96, 107, 108]. The April 30th deadline is one the court allowed the parties to select for themselves, and, at that point, this case will be midway through its fourth year. It is highly unlikely that deadline will be extended for anything short of a truly unavoidable emergency. Judge Posner's observations should not be forgotten: "protracted discovery, [is] the bane of modern litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir. 2000).

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/4/23

3