# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FLEURY, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 20-cv-00390 |
| v. | ) ) | |
| UNION PACIFIC RAILROAD COMPANY a Delaware corporation, | ) ) ) | Hon.  Jorge Alonso |
| *Defendant*. | ) ) | |

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS
## TO DEFENDANT UNION PACIFIC RAILROAD COMPANY

Plaintiff David Fleury, pursuant to Federal Rule 34, requests that Defendant Union Pacific Railroad Company, produce the following Documents for inspection and copying at the office of McGuire Law, P.C., 55 W. Wacker Drive, 9th Floor, Chicago, Illinois 60601, within thirty (30) days of service of this request.

### Definitions

1.      "ATTACHMENTS" means files or data that are physically or logically associated with or embedded into email, and should be identified by mapping to their parent by the Document or Production number.  If attachments and embedded files are combined with their parent documents, then "BeginAttach" and "EndAttach" fields listing the unique beginning and end number for each attachment or embedded document must be included.

2.      "BATES NUMBERING" means that each page of a produced document, or media upon which ESI in native format is produced, shall have a legible, unique page identifier "Bates Number" electronically "burned" onto or associated with the media, or image in such a manner

that information from the source document is not obliterated, concealed, or interfered with. There shall be no other legend or stamp placed on the document image unless a document qualifies for confidential treatment pursuant to the terms of a Protective Order in this litigation, or has been redacted in accordance with applicable law or Court order. In the case of confidential materials as defined in the Protective Order, a designation may be "burned" onto or otherwise associated with the document's image at a location that does not obliterate or obscure any information from the source document. For redacted material, the word "Redacted" will be burned onto the document image over the protected information. To the extent native files are produced, the producing party will name the native file with the Bates number.

3.  "BIOMETRIC IDENTIFIER(S)" shall mean any personal biological feature that is unique to an individual and includes, but is in no way limited to, fingerprints, voiceprints, palm scans, hand scans, voice recognition, facial recognition, and any other unique biological feature.

4.  "BIOMETRIC INFORMATION" shall mean any and all information and/or data derived from a biometric identifier, regardless of the manner in which such information is converted or stored, was converted or stored, or will be converted and stored.

5.  "BIOMETRIC(S)" shall collectively mean Biometric Identifiers and/or Biometric Information.

6.  "BIOMETRIC SYSTEM(S)" shall mean any biometrically enabled identity verification device(s) and associated technologies, used by Defendant or on Your behalf during the Relevant Time Period.

7.  "CLASS" or "CLASS MEMBERS" shall mean any and all alleged members of the putative Class as defined in Paragraph 24 of the Plaintiff's First Amended Class Action Complaint, filed on June 16, 2020

8.      "COMMUNICATION" means or refers to the transmittal of information, facts or ideas including, but not limited to, communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, telegram, advertisement or other form of exchange of words, whether oral or written.

9.      "COMPLAINT" shall mean Plaintiff's First Amended Class Action Complaint, filed in the United States District Court for the Northern District of Illinois on June 16, 2020

10.      "COMPUTER" and "COMPUTER EQUIPMENT" means all data processing equipment, including but not limited to, central processing units (CPUs), whether contained in a server or free standing computer or laptop or PDA or similar device that may contain data storage capabilities, irrespective of whether such computing platform, infrastructure or storage is virtualized, whether that data be structured or unstructured, and also including any equipment where computer files (including without limitation, records, documents, logs, and any other contiguous of non-contiguous bit strings), hidden system files or metadata presently reside such as hard disk drives, optical disk drives, removable media, such as floppy disk drives, CD-ROM and DVD drives, Zip drives, Jaz drives, Maxtor drives or snap drives, data processing cards, computer magnetic tapes, backup tapes, drum and disk storage devices or any other similar electronic storage media or system of whatever name or description.  "Computer or computer equipment" also means all digital image evidence that may be stored on any type of hardware used to store or manipulate electronic images, including but not limited to microfilm, microfiche and their repositories and readers, or design or engineering computer systems and regardless of any digital image's format, including .jpg, .bmp, or some other advanced or proprietary form of digital image format, such as CAD layered drawings.  "Computer or computer equipment" also refers to

sources of digital evidence that may not presently be in use by your company or may have been deleted from your active systems, whether the source is a backup tape or disk, some other data retention system or some form of disaster recovery system. "Computer or computer equipment" also refers to places where digital evidence may reside that may have been deleted from your active files and which may not be readily recoverable from a backup medium, such as metadata.

11. "COMPUTER SYSTEM" refers to free standing servers, computers and laptops, and also refers to the network infrastructure and computer support systems of the Defendant or subject to the Defendant's possession, custody or control, such as its subsidiaries, predecessors, successors, assigns, joint ventures, partners, parents, agents or affiliates (in this country or throughout the world), including but not limited to the following:

  a.  Defendant's LAN, WAN or other network systems, regardless of methods of connectivity (e.g., by T1, T3 or optical lines), domains, including PDCs, network OSs (such as Novell, Microsoft, UNIX, Citrix or some other similar type) or protocols, backup and disaster recovery hardware and media, regardless of the physical location of those electronic storage systems.

  b.  Defendant's email servers and any repository of email (including within the inbox, sent box, deleted box or some similar file of the computers of employees or management), or in any backup form whatsoever, regardless of whether you use Microsoft Exchange, Outlook, Outlook Express, Lotus Notes or some combination of email management software or some alternative commercial or proprietary email management software.

  c.  Defendant's IS administrative offices, including backup and disaster recovery restoration plans and repositories, data retention plans and repositories,

4

purge plans and repositories, training plans and repositories, and libraries of hardcopy materials of any description (regardless of where located) and online training and operation manuals that have been scanned to disk.

d.      All offsite technology and service bureau support and provisioning systems, including but not limited to cloud or virtualized application, platform, infrastructure or storage schema, and including without limitation any support, scanning or data conversion support, offsite data storage or archive support schema in connection therewith.

e.      Web hosting and administration services, including intranet and extranet sites, regardless of whether they are now publicly posted or exist in English, or some other language.

12.      "CORRESPONDENCE" means or refers to all written and unwritten but recorded communications, including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, including memos, letters, analog or digital recordings, voicemail, email, computer files, computer disks, or other correspondence or things sent or received by you to or from any entity, including correspondence or files maintained or exchanged internally within your business or with your employees.

13.      "DATE" means the exact year, month, date and hour, if known, or, if not known, your best approximation thereof.

14.      "DESCRIBE" or "DESCRIBING" when used in relation to any process, policy, act or event means explain the process, policy, act or event in complete and reasonable detail, stating the time, date, and location, identifying all persons participating or present, and identifying all documents relating thereto.

15.     "DOCUMENT" or "DOCUMENTS" is defined to have the broadest possible meaning as allowed under the Federal Rules of Civil Procedure and includes all writings, Communications, Correspondence, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including ESI—stored in any medium from which information can be obtained.  These terms shall also mean copies of Documents even though the originals are not in your possession, custody or control; every copy of a Document that contains handwritten or other notations or that otherwise does not duplicate the original of any other copy; and all attachments to any Document.  "DOCUMENT" or "DOCUMENTS" automatically includes all "ELECTRONICALLY STORED INFORMATION" or "ESI."

16.     "DUPLICATES" means exact duplicate ESI documents (based on MD5 or SHA-1 hash values) resident within a party's data set.  Only documents where the main document and the attachments are exactly the same will be considered exact duplicates.  ESI with differing file names but identical hash values shall not be considered duplicates.  Exact duplicate shall mean bit-for-bit identicality with both document content and any associated metadata.  Where any such documents have attachments, hash values must be identical for both the document-plus-attachment (including associated metadata) as well as for any attachment (including associated metadata) standing alone.

17.     "ELECTRONICALLY STORED INFORMATION" or "ESI" as used herein, means and refers to computer generated information or data, of any kind, stored on computers, file servers, disks, tape or other devices or media, or otherwise evidenced by recording on some storage media, whether real virtual, or cloud based.  ESI includes any associated METADATA.

18.     "FILE NAMING CONVENTIONS" means that where production of .tiff images rather than native format ESI is requested or agreed to, each document image file produced shall be named with the unique Bates Number of the first page of the document, followed by the

extension ".tif" or ".tiff."  To the extent separate text files are provided, text files should be named the same as the first tiff image of the document.

19.    "IDENTIFY," when used with respect to a natural person, means to state the person's full name, present or last known business affiliation and position, past and present home address and past position and business affiliation, if any, with any of the parties herein.

20.    "IDENTIFY," when used with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its form (e.g., partnership, corporation, etc.), the address of its principal place of business, and to identify its principal proprietors, officers or directors.

21.    "IDENTIFY," when used with respect to a document, means to state the date(s) prepared, drafted or generated, the author(s), intended and actual recipient(s), type of document (e.g., "letter," "Terms of Service" or "email"), and to identify its last known custodian or location.

22.    "IDENTIFY," when used in reference to an event, transaction, or occurrence, means to describe the act in complete and reasonable detail; state the time, date, location; identify all persons participating or present; and identify all documents relating thereto.

23.    "IDENTIFY," when used with respect to a communication, means to state the type of communication (i.e., telephone discussion, email, face-to-face, etc.), the name and present address of each person present during the communication, or who otherwise observed or heard the communication and to state the subject matter of the communication and the date upon which it occurred.  If the communication was in writing, identify all documents that relate or are related to the communication in the manner provided above.

24.    "INCLUDING" means "including, but not limited to."  "INCLUDES" means "includes, but not limited to."

25. "MEDIA" means an object or device, real or virtual, including but not limited to a disc, tape, computer or other device, on which data is or was stored.

26. "METADATA" means and refers to data about data, including without limitation, information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and validity of the electronic file as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

27. "METADATA" means, in connection with ESI requested, and includes without limitation, file, application and system metadata. The following list identifies the Metadata fields that referred to (to the extent available):

- Document number or Production number (including the document start and document end numbers). This should use the standard Bates number in accordance with those used in previous productions.

- BeginAttach

- EndAttach

- Title/Subject

- Sent/Date and Time (for emails only)

- Last Modified Date and Time Created Date and Time (for electronic documents)

- Received Date and Time (for emails only)

- Author

- Recipients

- cc:

- bcc:

- Source (custodian)

- Hash Value

- File Path

- Media (type of media that the document was stored on when it was collected)

- Page Count

- Original File Name

- Doc extension

- Full Text

- Accessed Date & Time

- Last Print Date

28.     "NATIVE DATA FORMAT" means and refers to the format of ESI, whether structured or unstructured, in which it was generated and as used by the producing party in the usual course of its business and in its regularly conducted activities.

29.     "ON YOUR BEHALF" means by, for, on behalf of, or for the benefit of Defendant Union Pacific Railroad Company and/or its divisions, subsidiaries, agents, attorneys, employees, and all persons acting or purporting to act on behalf of any of them.

30.     "PERSON" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

31.     "PLAINTIFF" means or refers to Plaintiff David Fleury.

32.     "REFER TO" or "REFERRING TO," including its various forms such as "referred to" or "refers to" means to consist of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or legally connected, directly or indirectly, with the matter described.

33.     "RELATING TO" or "RELATED TO," including its various forms such as "relates to," means to consist of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or legally connected, directly or indirectly, with the matter described

34.     "RELEVANT TIME PERIOD," means the period beginning five (5) years prior to the original filing of Plaintiff's action on January 17, 2020, through the present. Unless otherwise indicated, all Document Requests shall mean for the Relevant Time Period.

35.     "STATIC IMAGE" means or refers to a representation of ESI produced by converting a native file into a standard image format capable of being viewed and printed on standard computer systems.

36.     "STRUCTURED DATA" Structured data such as relevant database information will be produced in Native Data Format, together with any associated database schema necessary to render such data reasonably usable using commonly and currently available tools.

37.     "YOU," "YOUR," "DEFENDANT," or "Union Pacific Railroad Company" means or refers to Defendant Union Pacific Railroad Company and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

## Instructions

1.      If, in responding to these Requests, You encounter any ambiguity in construing either the request or any instruction relevant to the Request, You should nonetheless respond to

the Request, set forth the matter deemed ambiguous, and You shall set forth the construction used in responding to the Request.

2.      These are intended as continuing Requests having within them a duty to timely supplement the responses until and during the course of trial.  Information sought by these Requests that You obtain after You serve Your responses must be disclosed to the Plaintiff by supplementary responses.

3.      If any Request is objected on the basis that the time period covered by the Request is irrelevant, burdensome, or otherwise inappropriate, state what time period You consider proper for that Request and provide Documents for that time period, preserving Your objection to the remainder of the time period.

4.      If You object or otherwise refuse to respond to any portion of any Request, You shall (1) state the nature and basis of the objection or reason for such refusal in sufficient fashion to permit the Court to rule on the validity of the objection and (2) provide Documents responsive to all portions of such Request that are not claimed to be objectionable.

5.      If You object to answering all or any part of any Request on the grounds of privilege or work product, You are required to identify the privileged document(s) or communication(s), and with respect to each such privileged responsive document or communication identify:

> (a) the date appearing on such document, or if no date appears, the date on which such document or ESI was prepared;

> (b) ESI metadata creation, revision, transmission, receipt, and last access dates;

> (c) the name of each person to whom such document or ESI was addressed;

11

(d) the name of each person, other than the addressee(s) identified in subparagraph (c) above, to whom such document or ESI, or copy thereof was sent, or with whom such document was discussed;

(e) the name of each person who signed such document or ESI, or if not signed, then the name of each person who prepared it;

(f) the name of each person making any contribution to the authorship of such document or ESI;

(g) the job title or position of each person identified in subparagraph (c), (d), (e) and (f) above;

(h) the date such document or ESI was received or discussed by each person identified in subparagraphs (c) or (d) above;

(i) the general nature or description of such document or ESI, and, where applicable, its number of pages;

(j) the name of each person who currently has custody of such document or ESI; and

(k) the specific ground(s) upon which the privilege or work product rests.

6.      Each Request herein shall be construed independently and shall not be limited by reference to any other Request.

7.      The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Request most broad.

8.      As used herein, the present tense shall also include the past tense.

9.      For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended.  Any ambiguity in these Requests shall be resolved so as to construe these Requests as broadly as possible.

10.    Defined terms need not be capitalized to retain their defined meaning.

11.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope.  Singular and plural words should be read so as to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

12.    "Each" shall be construed to include and encompass "all."

13.    "Any" and "all" shall be construed to include "each" and "each and every" and vice versa so as to acquire the broadest meaning possible.

14.    When producing the requested documents, You are to designate for which specific request or requests the document is responsive or produce the documents as they are kept in the ordinary course of business.  All documents are to be produced in the form, order, and manner in which they are generated and maintained by You in the usual course of Your everyday routine business activities.  Where structured data (e.g., data from a database) is requested, appropriate queries will be used to extract relevant data from any such database, which data shall match specified criteria, and returning specified fields, in a form and format that is verifiably responsive and readable by the use of commonly and currently available tools.  Documents are to be produced in folders, cartons, or containers in which they have been maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found and in such manner that the office and location from which they were produced is readily identifiable.  Whenever a document (as defined) or a group of documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, attach thereto a copy of the label on the file folder, file box, or notebook from which the document or group of documents was removed.  All ESI should

be produced in native format, reasonably usable, and verifiably responsive to the pertinent request(s) and processable using readily available tools.

15.     If any Document requested has been lost or destroyed since its creation, identify the nature of the document (e.g., letter, email, etc.), the date of the document, the persons who sent and received the original and copies of the document, a summary of the content of the document and describe when, where, how, and by whom said document was lost or destroyed, and state the name of the person(s) who last had custody thereof.

16.     Unless otherwise specified, the time period in these Document Requests is the Relevant Time Period, as that term is defined herein.

17.     These Document Requests are limited to individuals that are Class Members and exclude any individuals whose claims have been released pursuant to any settlement agreement executed by the Defendant.

18.     Documents produced shall be labeled in accordance with the Bates Numbering system described in the definitions section.

## **Documents Requested**

## **DOCUMENT REQUEST NO. 1**

All Documents referenced, consulted, or Identified in preparing any answer to Plaintiff's First Set of Interrogatories to Defendant Union Pacific Railroad Company.

## **DOCUMENT REQUEST NO. 2**

All Documents considered or relied upon by You in answering Plaintiff's First Set of Interrogatories to Defendant Union Pacific Railroad Company.

**DOCUMENT REQUEST NO. 3**

      Any expert or consulting reports prepared for You or On Your Behalf Relating To any of the matters alleged in the Complaint.

**DOCUMENT REQUEST NO. 4**

      All Documents which Identify all individuals whose Biometric Identifiers or Biometric Information was collected, captured, stored, and/or used by You or on Your behalf during the Relevant Time Period.

**DOCUMENT REQUEST NO. 5**

      All Documents Related To any written consent Related To the capture, collection, storage, use, or dissemination  of biometrics by You or on Your behalf.

**DOCUMENT REQUEST NO. 6**

      All Documents Related To any policy, procedure, or practice Related To the collection, capture, use, storage or dissemination of Biometric Identifiers and/or Biometric Information by You or on Your behalf.

**DOCUMENT REQUEST NO. 7**

      All Documents Related To any policy, procedure, or practice Related To the preservation or destruction of Documents or ESI by You or on Your behalf.

**DOCUMENT REQUEST NO. 8**

Any Documents, Communications, and Correspondence Related To Biometrics.

**DOCUMENT REQUEST NO. 9**

All Documents Relating To the transmission, release, access, and/ or dissemination of Biometrics to any entity or third party.

**DOCUMENT REQUEST NO. 10**

All Documents Relating To any contract, agreement, or arrangement Related To Biometrics.

**DOCUMENT REQUEST NO. 11**

All Documents, Communications, Correspondence, or statements made by You, Your agents, Your employees, or On Your Behalf which Relate To BIPA.

**DOCUMENT REQUEST NO. 12**

All Documents that Relate To the hardware and software which comprise the Biometric System.

**DOCUMENT REQUEST NO. 13**

All Documents Related To the identity, function, description, or arrangement of any third parties, vendors, agents, contractors, or any other entities Related To the capture, collection, processing, storage, conversion, transfer, or use of Biometrics.

16

**DOCUMENT REQUEST NO. 14**

All Documents Related To Your selection of a vendor of biometric identity verification technology.

**DOCUMENT REQUEST NO. 15**

All Documents, including Correspondence and Communications Related To any claim, complaints, inquiries, question or contention by any individual or entity received by You Related To biometrics.

**DOCUMENT REQUEST NO. 16**

All Documents Related To any insurance policy or indemnification agreement that may provide coverage to Defendant for any claims or causes of action asserted in Plaintiff's Complaint or that may provide reimbursement for costs, fees, or payments incurred or made in defense of this litigation.

**DOCUMENT REQUEST NO. 17**

All Documents sufficient to identify each Person (other than your attorneys) who assisted in the preparation of your responses to these Requests for Production and the specific requests with which each such Person assisted and produce all documents you consulted to provide Your answers to these Requests for Production.

**DOCUMENT REQUEST NO. 18**

All Documents, including Correspondence and Communications between Defendant and any Biometrics Systems vendors, subsidiaries, contractors, affiliates or other agents Related To policies, procedures, complaints, and training Related To Biometrics,.

**DOCUMENT REQUEST NO. 19**

All documents Related To any and all purported defenses to any of the claims asserted in the Complaint.

**DOCUMENT REQUEST NO. 20**

If not produced under the above Document Requests, an example of every document Related To the collection, storage, transfer, destruction, or otherwise use of Biometrics by You or on Your behalf during the Relevant Period.

Dated: April 5, 2021     Respectfully submitted,

           DAVID FLEURY, individually and on behalf of a class of similarly situated individuals,

           By: /s/ David L. Gerbie
           *One of Plaintiff's Attorneys*

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner
Steven R. Beckham
MCGUIRE LAW, P.C.

18

55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com
sbeckham@mcgpc.com
*Counsel for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 5, 2021 I served the foregoing *Plaintiff's First Set of Document Requests to Defendant Union Pacific Railroad Company* via Electronic Mail on the following counsel of record:

Melissa A. Siebert
Amy Y. Cho
Jonathon M. Studer
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
masiebert@shb.com
acho@shb.com
jstuder@shb.com

/s/ David L. Gerbie

20

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID FLEURY, individually and on behalf of a class of similarly situated individuals, | |
| Plaintiff, | Case No. 1:20-cv-00390 |
| v. | Jon. Jorge L. Alonso |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | |
| Defendant. | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S ANSWERS
TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**

Defendant Union Pacific Railroad Company ("Union Pacific") submits its responses and objections to Plaintiff's First Set of Document Requests. Union Pacific's investigation is ongoing. The responses and objections set forth below are based upon the information presently available to Union Pacific, and Union Pacific reserves the right to modify, supplement, or amend these responses and objections. Union Pacific will produce the documents referenced below subject to the entry of a mutually agreed-upon protective order.

**GENERAL OBJECTIONS**

The following General Objections are hereby incorporated into Union Pacific's answer to each Request as though fully set forth therein.

1. Union Pacific objects to each Request to the extent that it is unduly burdensome, overbroad, vague, or ambiguous.

2. Union Pacific objects to each Request to the extent that it pertains to a legal conclusion that will be reached based on all available evidence.

3.      Union Pacific objects to each Request to the extent that it seeks information not known or reasonably available to Union Pacific, or outside of Union Pacific's possession, custody, or control, or can be more readily obtained through other sources.

4.      Union Pacific objects to each Request to the extent that it seeks documents or information related to absent class members, as it would not be appropriate to provide personal identifying information about non-clients of opposing counsel. Union Pacific further objects on relevancy grounds to the request for the business affiliations of such individuals.

5.      Union Pacific objects to Plaintiff's definition of "You", "Your", and "Defendant", which include entities and persons who are not parties to this case.

6.      Union Pacific objects to Plaintiff's definitions to the extent they are inconsistent with the definitions in the Illinois Biometric Information Privacy Act ("BIPA"), including but not limited to Plaintiff's definitions of "Biometric(s)", "Biometric Identifier(s)", "Biometric Information", and "Biometric System(s)". BIPA does not define the term "Biometric System(s)". Furthermore, in answering these Requests, Union Pacific does not concede that it collected, captured, received, or used "biometric identifiers" or "biometric information" as BIPA defines those terms. Any responses provided here are not to be taken as a concession that Union Pacific uses any devices that store any information defined by BIPA as a "biometric identifier" or "biometric information" because the devices used do not scan, collect, or store "biometric identifiers" or "biometric information." Responses simply reflect Union Pacific's effort to respond in good faith.

7.      Union Pacific objects to each Request to the extent it seeks to impose on Union Pacific obligations and duties beyond those authorized by the Federal Rules of Civil Procedure and other applicable rules and decisions.

2

8.      Union Pacific objects to each Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, exemption, immunity, or protection. Any such privileged or otherwise protected information will not be provided. Any inadvertent disclosure of privileged information or of any other information otherwise protected from disclosure shall not constitute a waiver of any claim of privilege or exemption from disclosure.

9.      Union Pacific objects to Plaintiff's instructions to the extent that they purport to require Union Pacific to log privileged communications from after this case was filed as unduly burdensome and inconsistent with the requirements of the Federal Rules of Civil Procedure.

10.      Union Pacific objects to Plaintiff's instructions 16 and 17 to the extent that they make a Request vague, ambiguous, or incomprehensible. Union Pacific will respond to the Requests as written.

11.      Union Pacific objects to each Request seeking "all documents" or "any policy" as facially overbroad and unduly burdensome.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

**DOCUMENT REQUEST NO. 1:** All Documents referenced, consulted, or Identified in preparing any answer to Plaintiff's First Set of Requests to Defendant Union Pacific Railroad Company.

**ANSWER:**   Union Pacific objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, exemption, immunity, or protection. Subject to and without waiving the foregoing objection and its General Objections, Union Pacific will produce responsive documents

3

that were referenced or consulted in preparing its answers to Plaintiff's First Set of Requests for Production and Interrogatories.

**DOCUMENT REQUEST NO. 2:** All Documents considered or relied upon by You in answering Plaintiff's First Set of Requests to Defendant Union Pacific Railroad Company.

**ANSWER:** Union Pacific incorporates its objections and response to Request No. 1.

**DOCUMENT REQUEST NO. 3:** Any expert or consulting reports prepared for You or On Your Behalf Relating To any of the matters alleged in the Complaint.

**ANSWER:** Union Pacific incorporates each of the General Objections above. Subject to and without waiving its General Objections, Union Pacific will produce expert reports in accordance with the Court's scheduling order. *See* Dkt. 96 (setting forth deadlines for expert discovery).

**DOCUMENT REQUEST NO. 4:** All Documents which Identify all individuals whose Biometric Identifiers or Biometric Information was collected, captured, stored, and/or used by You or on Your behalf during the Relevant Time Period.

**ANSWER:** Union Pacific objects to this Request on the basis that Plaintiff has defined "Biometric Identifiers" and "Biometric Information" in a manner inconsistent with BIPA. Union Pacific denies that it ever collected "biometric identifiers" or "biometric information" as BIPA defines those terms. Further, Union Pacific objects to this Request on the basis that it seeks documents and information related to absent class members, as it would not be appropriate to provide personal identifying information about non-clients of opposing counsel. Union Pacific further objects on relevancy grounds to the request for the business affiliations of such individuals.

**DOCUMENT REQUEST NO. 5:** All Documents Related To any written consent Related To the capture, collection, storage, use, or dissemination of biometrics by You or on Your behalf.

**ANSWER:** Union Pacific objects to this Request on the basis that Plaintiff has defined "Biometrics" in a manner inconsistent with BIPA. Union Pacific denies that it ever collected "biometric identifiers" or "biometric information" as BIPA defines those terms. Union Pacific also

4

objects to this Request on the basis that it seeks documents related to absent class members, as it would not be appropriate to provide personal identifying information about non-clients of opposing counsel. Subject to and without waiving the foregoing objections and its General Objections, Union Pacific will produce documents related to Plaintiff's consent to use the Automatic Gate System in Illinois.

**DOCUMENT REQUEST NO. 6:** All Documents Related To any policy, procedure, or practice Related To the collection, capture, use, storage or dissemination of Biometric Identifiers and/or Biometric Information by You or on Your behalf.

 **ANSWER:** Union Pacific incorporates its objections to Request No. 5. Union Pacific objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, exemption, immunity, or protection. Further, a request for "any policy, procedure, or practice" is overbroad and vague and seeks documents that are unduly burdensome and not proportional to the needs of the case. Subject to and without waiving the foregoing objections and its General Objections, Union Pacific will produce its policy and PowerPoint presentation regarding the Automatic Gate System in Illinois.

**DOCUMENT REQUEST NO. 7:** All Documents Related To any policy, procedure, or practice Related To the preservation or destruction of Documents or ESI by You or on Your behalf.

 **ANSWER:** Union Pacific objects to this Request on the basis that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, exemption, immunity, or protection. Union Pacific further objects that "any policy, procedure, or practice" related to the preservation of destruction of Documents or ESI is overbroad, unduly burdensome, and not proportional to the needs of the case.

**DOCUMENT REQUEST NO. 8:** Any Documents, Communications, and Correspondence Related To Biometrics.

 **ANSWER:** Union Pacific objects to this Request on the basis that "Any Documents, Communications, and Correspondence Related to Biometrics" is overbroad and vague and seeks

documents that are unduly burdensome and not proportional to the needs of the case. Further, Union Pacific objects to this Request on the basis that Plaintiff has defined "Biometrics" in a manner inconsistent with BIPA. Union Pacific denies that it ever collected "biometric identifiers" or "biometric information" as BIPA defines those terms. Union Pacific is willing to meet and confer regarding the scope of this request.

**DOCUMENT REQUEST NO. 9:** All Documents Relating To the transmission, release, access, and/ or dissemination of Biometrics to any entity or third party.

      **ANSWER:**    Union Pacific objects to this Request on the basis that "All Documents" is overbroad and vague and that this Request seeks information that is unduly burdensome and not proportional to the needs of the case. Further, Union Pacific objects to this Request on the basis that Plaintiff has defined "Biometrics" in a manner inconsistent with BIPA. Union Pacific denies that it ever collected "biometric identifiers" or "biometric information" as BIPA defines those terms. Further, Union Pacific denies any "transmission, release, access, and/ or dissemination" of biometric information or biometric identifiers as BIPA defines those terms. Union Pacific is willing to meet and confer regarding the scope of this request.

**DOCUMENT REQUEST NO. 10:** All Documents Relating To any contract, agreement, or arrangement Related To Biometrics.

      **ANSWER:**    Union Pacific objects to this Request on the basis that Plaintiff has defined "Biometrics" in a manner inconsistent with BIPA. Union Pacific denies that it ever collected "biometric identifiers" or "biometric information" as BIPA defines those terms. Further, "[a]ny contract, agreement, or arrangement Related to Biometrics" is vague, ambiguous, and overbroad and seeks information that is unduly burdensome and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections and its General Objections, Union Pacific

states that it will produce contracts related to the Automatic Gate System in Illinois.

**DOCUMENT REQUEST NO. 11:** All Documents, Communications, Correspondence, or statements made by You, Your agents, Your employees, or On Your Behalf which Relate To BIPA.

**ANSWER:** Union Pacific objects to this Request on the basis that it seeks information

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

applicable privilege, exemption, immunity, or protection. Further, a Request that seeks documents

that "Relate To BIPA" is vague and ambiguous. Subject to and without waiving the foregoing

objection and its General Objections, Union Pacific will produce its policy regarding the

Automatic Gate System in Illinois and a PowerPoint presentation.

**DOCUMENT REQUEST NO. 12:** All Documents that Relate To the hardware and software which comprise the Biometric System.

**ANSWER:** Union Pacific objects to this Request on the basis that "Biometric System"

does not appear in BIPA. Union Pacific denies that it ever collected "biometric identifiers" or

"biometric information" as BIPA defines those terms. Further, a request for "All Documents that

Relate To the hardware and software which comprise the Biometric System" is vague, ambiguous,

and overbroad. Subject to and without waiving the foregoing objections and its General

Objections, Union Pacific states that it will produce contracts related to the Automatic Gate System

in Illinois and manuals and promotional materials in its possession, if any, regarding the Automatic

Gate System in Illinois.

**DOCUMENT REQUEST NO. 13:** All Documents Related To the identity, function, description, or arrangement of any third parties, vendors, agents, contractors, or any other entities Related To the capture, collection, processing, storage, conversion, transfer, or use of Biometrics.

   **ANSWER:**   Union Pacific incorporates its objections and responses to Request No. 12.

**DOCUMENT REQUEST NO. 14:** All Documents Related To Your selection of a vendor of biometric identity verification technology.

   **ANSWER:**   Union Pacific objects to this Request on the basis that Plaintiff has defined

"Biometrics" in a manner inconsistent with BIPA. Union Pacific denies that it ever collected

"biometric identifiers" or "biometric information" as BIPA defines those terms. Plaintiff does not

define "identity verification technology," which is vague, ambiguous, and overbroad and seeks

information that is unduly burdensome and not proportional to the needs of the case. Further, this

Request seeks information that is irrelevant to Plaintiff's claims.

**DOCUMENT REQUEST NO. 15:** All Documents, including Correspondence and Communications Related To any claim, complaints, inquiries, question or contention by any individual or entity received by You Related To biometrics.

   **ANSWER:**   Union Pacific objects to this Request on the basis that Plaintiff has defined

"Biometrics" in a manner inconsistent with BIPA. Union Pacific denies that it ever collected

"biometric identifiers" or "biometric information" as BIPA defines those terms. Further, Union

Pacific objects to this Request on the basis that it seeks documents and information related to

absent class members, as it would not be appropriate to provide personal identifying information

about non-clients of opposing counsel. Subject to and without waiving the foregoing objections,

Union Pacific will produce, if any, documents related to Plaintiff's complaints, inquiries,

questions, or contentions related to the Automatic Gate System in Illinois.

**DOCUMENT REQUEST NO. 16:** All Documents Related To any insurance policy or indemnification agreement that may provide coverage to Defendant for any claims or causes of

8

action asserted in Plaintiff's Complaint or that may provide reimbursement for costs, fees, or payments incurred or made in defense of this litigation.

**ANSWER:**    Union Pacific incorporates the General Objections above. Subject to and without waiving its General Objections, Union Pacific states, as disclosed in its Rule 26(a)(1) Disclosures, Union Pacific does not have any applicable insurance policy. Regarding indemnification, Union Pacific refers Plaintiff to the contracts produced regarding the Automatic Gate System in Illinois.

**DOCUMENT REQUEST NO. 17:**  All Documents sufficient to identify each Person (other than your attorneys) who assisted in the preparation of your responses to these Requests for Production and the specific requests with which each such Person assisted and produce all documents you consulted to provide Your answers to these Requests for Production.

**ANSWER:**    Union Pacific objects to this Request on the basis that it seeks documents "sufficient to identify" individuals who assisted in preparing responses to Plaintiff's Requests. Subject to and without waiving the foregoing objection and its General Objections, Union Pacific refers Plaintiff to the individuals identified in Union Pacific's Initial Disclosures. Further, the identified responsive documents were consulted in preparing its answers to Plaintiff's First Set of Requests for Production.

**DOCUMENT REQUEST NO. 18:**  All  Documents,  including  Correspondence  and Communications between Defendant and any Biometrics Systems vendors, subsidiaries, contractors, affiliates or other agents Related To policies, procedures, complaints, and training Related To Biometrics.

**ANSWER:**    Union Pacific objects to this Request on the basis that Plaintiff has defined "Biometrics" in a manner inconsistent with BIPA. Union Pacific denies that it ever collected "biometric identifiers" or "biometric information" as BIPA defines those terms. Further, a request for "All Documents . . . Related to Biometrics" is overbroad and vague, ambiguous, and seeks information that is unduly burdensome and not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Union Pacific will produce documents, including

communications, between Union Pacific and vendors related to the data collected by the Automatic

Gate System in Illinois.

**DOCUMENT REQUEST NO. 19:** All documents Related To any and all purported defenses to
any of the claims asserted in the Complaint.

      **ANSWER:**   Union Pacific incorporates the General Objections above. Subject to and

without waiving its General Objections, Union Pacific will produce its policy regarding the

Automatic Gate System in Illinois and Plaintiff's consent.

**DOCUMENT REQUEST NO. 20:** If not produced under the above Document Requests, an
example of every document Related To the collection, storage, transfer, destruction, or otherwise use
of Biometrics by You or on Your behalf during the Relevant Period.

      **ANSWER:**   Union Pacific objects to this Request on the basis that seeking an "example

of every document" is vague, ambiguous, and overbroad and seeks information that is unduly

burdensome and not proportional to the needs of the case. Further, Union Pacific objects to this

Request on the basis that Plaintiff has defined "Biometrics" in a manner inconsistent with BIPA.

Union Pacific denies that it ever collected "biometric identifiers" or "biometric information" as

BIPA defines those terms.

Dated:  August 1, 2022          Respectfully Submitted,

                By:   */s/ Melissa A. Siebert*

                Melissa A. Siebert (masiebert@shb.com)
                Amy Y. Cho (acho@shb.com)
                Kathleen M. Ryan (kxryan@shb.com)
                Shook, Hardy & Bacon L.L.P.
                111 South Wacker Drive, Suite 4700
                Chicago, Il  60606
                Tel:  (312) 704-7700
                Fax:  (312) 558-1195

## <u>CERTIFICATE OF SERVICE</u>

I, Melissa A. Siebert, an attorney, hereby certify that on August 1, 2022, I caused a true and correct copy of the foregoing to be served on counsel of record via email as follows:

> Myles McGuire
> Evan M. Meyers
> David L. Gerbie
> Brendan Duffner
> Steven R. Beckham
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Fl.
> Chicago, IL 60601
> Tel: (312) 893-7002
> emeyers@mcgpc.com
> dgerbie@mcgpc.com
> bduffner@mcgpc.com
> sbeckham@mcgpc.com
>
> *Counsel For Plaintiff And The Putative Class*

> */s/ Melissa A. Siebert*