IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FLEURY, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | No. 20 C 390 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

To say that discovery has been a continual source of heated disagreement in this case would not adequately convey what has occurred. Counsel have required repeated intervention from the court [Dkt. #108, #111, #114, #121, #125, #144, #152, #174, #181, #186], and have filed nearly seven hundred pages of briefs and exhibits attempting to detail their purportedly insurmountable difficulties. [Dkt. #195, #193, #189, #187, #185, #184, #180, #171, #170, #169, #164, #162, #155-157, #148, #143, #123, #120, #112, #110, #107, #103, #95]. And, with little more than a month to go before fact discovery closes, they have returned to the lists, with the defendant filing a motion to compel on September 11th [#189], and the plaintiffs answering with a motion to compel on September 21st. [#193]. This Order is about the former.

We just used the phrase "fact discovery closes," but does it? Ever? It began in earnest on June 2, 2022, with an original discovery deadline of September 30, 2022. [Dkt. ## 89, 91]. The parties missed that deadline and several after that. [Dkt. #95, 107, 143, 148, 180]. Extensions for the parties were always generous: 120 days [Dkt. #96], 90 days [Dkt. #108], 120 days [Dkt. #152], 60 days [Dkt. #181]. But, they have never been generous enough for the partes. The most recent

among those extensions was "the Final Extension of the discovery schedule applicable to this case." [Dkt. #181]. But, that seems fanciful with motions to compel pending and that plaintiffs still struggling, after three years and eight months, to put together a final version of their Complaint with a class representative.

The plaintiffs' difficulties in that area are front and center in the dispute that gave rise to the defendant's motion to compel discovery regarding Mr. Nunnery. The plaintiffs added Mr. Nunnery as a named plaintiff in their Second Amended Complaint back on March 20, 2023, which, based on Judge Alonso's instructions, was either five or three days late. [Dkt. #132 (deadline thirty days from February 15th); #139 (". . . the 30-day date is March 15.")]. In any event, it seems that the addition of Mr. Nunnery was due to the fact that the original named plaintiff, Mr. Fluery, had consented – albeit belatedly – to having his alleged biometric information collected. But, according to the defendant's records, Mr. Nunnery never even accessed the defendant's facilities and defendant – after needing an extension of the time it had to answer [Dkt. #141] – moved to strike and dismiss the plaintiffs' third attempt at a class action Complaint. [Dkt. #145]. Perhaps unsurprisingly, given the history of this case, the plaintiffs missed the deadline for filing the response brief to that motion and needed an extension. [Dkt. ##159, 161]. On the day the response was due, plaintiffs instead filed a motion for leave to file a fourth version of their Class Action Complaint. They were, again, adding a new named plaintiff, Mr. Turner, given the problems with the previous two.

But the Complaint continued to maintain Mr. Nunnery was a proper plaintiff as well [Dkt. #167, at 8], and counsel have not yet removed him from the case. [Dkt. #189-6, Page 2/16]. On May 5, 2023, defendant had issued written discovery – Rule 33 interrogatories and Rule 34 requests for production -- to Mr. Nunnery, as well as issuing a notice for his deposition. Plaintiffs missed the

deadline for responding to those requests, and missed the extended deadline to which the defendants had agreed. The final due date was three months ago. [Dkt. #189]. Plaintiffs wrote to the defendant on July 27th and quite simply said they have no intention of producing Mr. Nunnery for a deposition or responding to discovery. [Dkt. #189-6, Page 2/16]. They explained that they were:

> attempting to remove him from this case via our currently-pending motion for leave to amend. That said, in the event that our motion for leave to amend is denied, we intend to remove Mr. Nunnery from this case to the extent that his name is not included in class data that is produced with respect to non-Illinois CDL holders.

[Dkt. #189-6, at 2/16]. So the plaintiffs would not remove Mr. Nunnery from the equation, but, at the same time, they refused to participate in discovery regarding him. "L'audace, l'audace, toujours l'audace." That is not only audacious but unacceptable as well. But it gets worse.

On September 18, 2023, the plaintiffs were given a deadline to respond to the defendant's motion to compel the Nunnery discovery: "not later than 12:00pm on 9/22/23. If a response is not filed by 12:00pm on 9/22/23, the motion will be granted." [Dkt. #192]. But, as with many previous deadlines, the plaintiffs missed that one as well, filing what has to be characterized as a disappointingly unhelpful response three hours late. The plaintiffs offered no excuse for their late filing, seemingly just choosing to disregard the court's deadline [Dkt. #195], even though a seemingly minimal delay can be fatal. Schedules count and lawyers are not at liberty to disregard them as their convenience dictates. *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1043 (7th Cir. 2021); *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005).

Here's why the response, late or not, is disappointing. In it, the plaintiffs continue to refuse to respond to defendant's four-month-old discovery regarding Mr. Nunnery and concede that they have known for some time that Mr. Nunnery does not have standing. [Dkt. #195, at 1]. But, at the same time, counsel also refuse to drop him from the case voluntarily. Since the plaintiffs wrote that

3

email, they have reviewed production from the defendants and confirmed and concede that Mr. Nunnery does not have standing to be in this case. [Dkt. #195, at 1]. They won't say when they made this discovery, but still have not dismissed him from what is currently their operative Complaint – the Second Amended Complaint. [Dkt. #135]. Instead, plaintiffs instruct me and the defendant to simply wait until Judge Hunt rules one way or another on the plaintiff's motion for leave to amend:

> Mr. Nunnery is set to be removed from this case no matter how Judge Hunt rules on Plaintiffs' Motion for Leave to Amend. Given this, Defendant can identify no measure of prejudice that has resulted from Plaintiff Nunnery's refusal to submit to discovery in a case that he will soon no longer be a part of. Nor does Defendant even attempt to do so. Accordingly, pursuant to its broad discretion to control discovery here, the Court should simply wait until Judge Hunt resolves Plaintiffs' Motion for Leave to Amend rather than compel Plaintiffs' production of discovery that Defendant does not even want.

[Dkt. #195, at 3]. Obviously, if the plaintiffs are to be believed, the thing for the plaintiffs to have done all along was to voluntarily dismiss Mr. Nunnery from a case that has suffered more than enough needless delays. As the plaintiffs remind me, I have no authority to dismiss him. [Dkt. #195, at 1& n.1]. By the same token, the plaintiffs have no authority to dictate what discovery is appropriate and pursuant to what schedule it should be taken.

So, we are in limbo, courtesy of the plaintiffs' whims. While Mr. Nunnery remains in the case, he was and is a proper target of discovery. I have no way of knowing why the plaintiffs have not dismissed him and while he has no standing and is "set to be removed" he has still not been removed. But, at the same time, I am loath to order what may prove to be unnecessary discovery in a case where discovery has dragged on for so long. Accordingly, the defendant's motion to compel that discovery [Dkt. #189] is reluctantly denied. Should Mr. Nunnery remain in the case, discovery will proceed against him immediately.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/25/23