IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID FLEURY and CHRISTOPHER NUNNERY, individually and on behalf of similarly situated individuals, | |
| Plaintiffs, | Case No. 1:20-cv-00390 |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | Hon. LaShonda A. Hunt |
| | Magistrate Judge Jeffrey Cole |
| Defendant. | |

**DEFENDANT'S OPPOSED MOTION TO STAY CERTAIN
DISCOVERY AND REQUEST A PRETRIAL CONFERENCE**

Defendant Union Pacific Railroad Company ("Union Pacific") respectfully requests that this Court use its authority under Federal Rule of Civil Procedure 23(d)(1) to (i) stay all discovery relating to "per scan" class-wide damages; and (ii) schedule a pretrial conference to decide how the parties should address the constitutional, substantive, and procedural issues with Plaintiffs' request for "per scan" class-wide damages before any further discovery on the topic.

**FACTUAL BACKGROUND**

1. With just three weeks left in discovery, Plaintiffs finally conceded publicly what they long conceded privately— that Christopher Nunnery, a plaintiff added to this case in March 2023, via a Second Amended Complaint ("SAC"), lacks standing. (Dkt. 195). And, as a result of Union Pacific's Motion to Lift Stay and Submit Supplemental Briefing on its Motion to Dismiss the SAC (Dkt. 199), Plaintiffs finally agreed to dismiss Nunnery, although they have yet to file a motion regarding his dismissal, which Union Pacific contends should be with prejudice. (Email exchange, attached as Ex. A).

2. The Court scheduled a conference for October 12, 2023, to address Union Pacific's Motion to Lift Stay and Submit Supplemental Briefing, and requested no further briefing on the

motion. (Dkt. 203). At least at this point, the SAC is the operative Complaint, although the SAC is the subject of a motion to strike and dismiss.

3. At this juncture, with the Court poised to decide whether to strike the SAC, and one Plaintiff (Nunnery) lacking standing, Plaintiffs Fleury and Nunnery filed a Motion to Compel discovery relating to production of damages data, asserting their purported right to seek damages for each instance when 41,963 third-party truck drivers used the Automated Gate System at the heart of this lawsuit. (Dkt. No. 201). Union Pacific's Opposition is due on October 11, 2023. (Dkt. 202).

4. Once again, Plaintiffs are seeking to improperly bypass substantive rulings that can be made only by this Court, under the guise of obtaining discovery rulings from the assigned Magistrate Judge. (Dkt. 201 at 5, 8 n.8). As set forth in *Cothron v. White Castle Sys., Inc.*, it is the trier of fact's obligation to exercise her "discretion to fashion a damages award that (1) fairly compensate[s] claiming class members and (2) include[s] an amount designed to deter future violations, **without destroying defendant's business**." *Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, ¶ 42 (emphasis added). Damages are discretionary, not mandatory, and, in the words of the Illinois Supreme Court, "there is no language in [BIPA] suggesting legislative intent to authorize a damages award that would result in the financial destruction of a business." *Id.*

5. As stated in its Amended Affirmative Defenses, "per scan" damages are unconstitutional because they violate due process and constitute excessive fines. (Dkt. 131, Aff. Defense 13, at 15). Beyond that, Plaintiffs' request for and intended reliance on information related to "per scan" damages would render any class uncertifiable.

6. For the above reasons, Union Pacific asks the Court to stay all discovery relating to "per scan" damages (which would thus stay Plaintiffs' pending motion to compel the same) until

the Court addresses the constitutional, substantive, and procedural issues presented by Plaintiffs' request for "per scan" damages discovery. Following the Court's anticipated ruling on Union Pacific's Motion to Lift Stay—and a likely withdrawal of Plaintiff Nunnery and his claims from this lawsuit—Union Pacific further intends to file a Rule 23(d) motion requesting that the class relief claim be amended to eliminate "per scan" damages entirely.

## ARGUMENT

7. The Federal Rules are intended "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *Am.'s Health and Resource Ctr., Ltd. v. Promologics, Inc*., No. 16-9281, 2018 WL 3474444, at \*6 (N.D. Ill. July 19, 2018) (applying Rule 1 to "stave off substantial wasted efforts"). As applied in class actions, "[w]here threshold factual questions exist regarding the putative [] representative's case, structuring the litigation in a manner that allows for the resolution of these issues [early] is the most effective way to achieve the 'just, speedy, and inexpensive' resolution of the dispute." *Xi Chen Lauren v. PNC Bank, N.A*., 296 F.R.D 389, 391 (W.D. Pa. 2014) (quoting Fed. R. Civ. P. 1).

8. Rule 23's explicit language permitting courts handling class actions to "issue orders that … determine the course of proceedings," "prescribe measure to prevent undue repetition … in presenting evidence or argument," or "deal with similar procedural matters" authorizes courts to issue orders staying extremely costly discovery pending the resolution of substantive motions that will determine the relevancy of—and thus that might moot—the discovery. Fed. R. Civ. P. 23(d)(1)(A), (E).

9. Fleury argues, under *Cothron,* the putative class is entitled to "per scan" damages. *See* 2023 IL 128004, ¶ 1. In the interest of judicial economy and as permitted by Rule 23(d)(1),

3

Union Pacific seeks to submit briefing showing that "per scan" damages are unavailable to the putative class. *See id.*, ¶ 42.

10. Until such time that this Court can address that briefing (and thus the substantive issues relevant to the scope of class wide damages), the Court should stay all discovery relating to "per scan" damages. It would be a colossal and extremely expensive undertaking for Union Pacific to determine, compile, and produce documents sufficient to identify the requested "per scan" information, if it is even possible for Union Pacific to do so. If the Court later prohibits "per scan" damages, then all that "per scan" discovery will have been for nothing.

11. Union Pacific also requests a pretrial conference to discuss how the parties should address the issues with Plaintiffs' "per scan" damages theory before any further discovery on the topic. *See* Fed. R. Civ. P. 16(a)(3) (stating courts may require a pretrial conference "for such purposes as … discouraging wasteful pretrial activities").

12. This matter is properly before this Court in light of the Rule 23(d) and class certification issues involved. *See*, *e.g.*, *Jackson v. Sheriff of Cook County*, No. 06-0493, 2007 WL 9811363, at *3 (N.D. Ill. Apr. 24, 2007) (finding a motion improperly before a magistrate where it "depends upon redefining the class and thus involves infinitely more than discovery matters").

13. Per this Court's Case Procedures with respect to Motion Practice, Union Pacific's counsel advised Plaintiffs' counsel of the substance of this Motion to determine whether the Motion is opposed, and if opposed, a briefing schedule. Plaintiff's counsel requested a draft that was provided this morning, to assess the time needed for Plaintiffs' response, and advised that this Motion will be opposed. A briefing schedule has been agreed upon as follows: (1) Plaintiffs' Opposition due October 25, 2023; and (2) Union Pacific's Reply due November 1, 2023.

## **CONCLUSION**

For the above reasons, Union Pacific requests that the Court (i) stay all discovery relating to "per scan" class wide damages; and (ii) schedule a pretrial conference to discuss and decide how the parties should address the constitutional, substantive, and procedural issues presented by Plaintiffs' request for "per scan" class wide damages before any further discovery on the topic.

Dated: October 11, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By:　*/s/ Melissa A. Siebert*
　　　　　　　　　　　　　　　　　　　Melissa A. Siebert (6210154)
　　　　　　　　　　　　　　　　　　　Christopher S. Hennessy (6237293)
　　　　　　　　　　　　　　　　　　　COZEN O'CONNOR, P.C.
　　　　　　　　　　　　　　　　　　　123 North Wacker Drive, Suite 1800
　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　Tel.: (312) 474-7900
　　　　　　　　　　　　　　　　　　　msiebert@cozen.com
　　　　　　　　　　　　　　　　　　　chennessy@cozen.com

　　　　　　　　　　　　　　　　　　　*Counsel for Union Pacific Railroad Company*

## **CERTIFICATE OF SERVICE**

I, Melissa A. Seibert, an attorney, hereby certify that on **October 11, 2023**, I cause a true and correct copy of **Defendant's Opposed Motion to Stay Certain Discovery and Request a Pretrial Conference** to be electronically served on all counsel via the Court's EC/CMF system.

 */s/ Melissa A. Siebert*