**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DAVID FLEURY and ALVIN TURNER,
individually and on behalf of similarly
situated individuals,

                  Plaintiff,

      v.

UNION PACIFIC RAILROAD COMPANY,
a Delaware corporation,

                Defendant.

Case No. 20-cv-00390

Hon. LaShonda A. Hunt

Magistrate Judge Jeffrey Cole

<u>**JOINT STATUS REPORT**</u>

On October 20, 2023, the Court ordered the Parties to submit a joint status report detailing the progress of discovery, including: (1) regarding written discovery, what has been completed and what remains outstanding; (2) regarding oral depositions, which have been completed, who is currently scheduled, and who is anticipated to be scheduled and when; (3) if damages data discovery is allowed as requested by Plaintiffs, how long will it take Defendant to produce the information; and (4) any other factors that might prevent the Parties from meeting the currently extended fact or expert discovery deadlines. (Dkt. 112). The Parties hereby state, jointly and independently where necessary, as follows:

**1.      Status of Written Discovery**

      **a.      Party Written Discovery**

The Parties have completed several rounds of written discovery. Following the lifting of the most recent stay in this matter, Plaintiff Fleury re-served his first requests for production and interrogatories on Defendant on June 2, 2022. On August 1, 2022, Defendant served its responses

to Plaintiff Fleury's first sets of requests for production and interrogatories.

On August 23, 2022, Defendant served its first sets of interrogatories and requests for production on Plaintiff Fleury. On October 20, 2022, Plaintiff Fleury served his responses to Defendant's first sets of interrogatories and requests for production. On January 20, 2023, Plaintiff Fleury served supplemental responses to Defendant's first set of interrogatories.

On March 1, 2023, Plaintiffs propounded their second set of requests for production on Defendant. On March 10, 2023 Plaintiff Fleury propounded his second set of interrogatories and third set of requests for production. On April 14, 2023, Defendant responded to the discovery requests Plaintiffs propounded on March 1 and March 10, 2023. Of note, the damages data requested in Plaintiffs' third set of requests for production remains outstanding.

On May 16, 2023, Plaintiffs propounded their third set of interrogatories on Defendant. On June 15, 2023, Defendant responded to Plaintiffs' third set of interrogatories.

On July 12, 2023, Plaintiffs propounded their fourth sets of interrogatories and requests for production on Defendant, in addition to Plaintiffs' first requests to admit. On August 11, 2023, Defendant responded to Plaintiffs' first requests to admit. On August 22, 2023, Defendant responded to Plaintiffs' fourth sets of interrogatories and requests for production. In a September 22, 2023 email, Defendant agreed to supplement its response to Plaintiffs' first requests to admit by the end of business on September 29, 2023. Defendant has not done so.

On July 31, 2023, Defendant propounded supplemental interrogatories and its second set of document requests on Plaintiff Fleury. On August 30, 2023, Plaintiff Fleury responded to Defendant's supplemental interrogatories and second set of document requests.

On September 11, 2023, Defendant issued its first sets of interrogatories and requests for production to Plaintiff Alvin Turner. On October 19, 2023, Plaintiff Turner responded to

Defendant's first sets of interrogatories and requests for production.

On September 29, 2023, Plaintiffs propounded their fifth set of requests for production. Defendant has not yet responded to Plaintiffs' fifth set of requests for production. Following Defendant's request for a two-week extension, Defendant's response is due November 13, 2023.

Throughout the written discovery process detailed above, the Parties have exchanged numerous formal and informal correspondence and have met and conferred formally and informally as well to resolve discovery issues. The Parties intend to issue additional discovery requests as appropriate or as made necessary pursuant to oral discovery.

**b.  Third Party Written Discovery**

On June 9, 2022, Plaintiff Fleury served a subpoena for documents on Remprex, LLC. On January 31, 2023, Remprex produced documents pursuant to this subpoena.

On April 6, 2023, Defendant propounded subpoenas for documents on Reinhart Foodservice, LLC, CPC Logistics, Larry's Cartage Co., Inc., and John Deere Shared Services.

On May 11, 2023, Plaintiffs propounded a subpoena for documents on Harbor Bridge Intermodal, Inc. On May 16, 2023, Plaintiffs propounded a subpoena for documents on Nascent Technology, LLC. On July 11, 2023, Nascent produced documents pursuant to this subpoena. On May 17, 2023, Plaintiffs propounded subpoenas for documents on Werner Enterprises, Inc., J & R Schugel Trucking, Inc, Intermodal Association of North America, Harbor Bridge Intermodal, Inc., Continuum Transportation Services, Ltd., J.B. Hunt Transport, Inc., and Schneider National Carriers, Inc. On May 24, 2023, Plaintiffs propounded a subpoena for documents on Stan Koch & Sons Trucking, Inc.

On November 7, 2023, Defendant propounded four third-party subpoenas on Plaintiff Turner's current/former employers: Hughes Brothers Transportation, Inc., ProDrivers c/o

EmployBridge Midwest 1, Inc., Drivers Solutions, Incorporated, and Alynevych, Inc.

Plaintiffs are preparing subpoenas for additional third parties, which Plaintiffs expect to serve in the next two weeks.

**2.      Status of Oral Discovery**

      **a.      Party Oral Discovery**

On June 20, 2023, Plaintiffs took the deposition of Defendant's employee Jeremy Hayden. On July 21, 2023 Defendant took the deposition of Plaintiff Fleury. On October 11, 2023, Plaintiffs took the deposition of Defendant's employees Mahesh Paruchuru and Daniel Dennison in Omaha, NE. On October 12, 2023, Plaintiffs took the deposition of Defendant's employee Jamie Peters in Omaha, NE.

On November 8, 2023, in light of the Court's granting of Plaintiffs' Motion for Leave to File Third Amended Complaint, Plaintiffs issued an Amended Notice of 30(b)(6) deposition to Defendant. The Parties are in the process of determining dates for this deposition.

Plaintiffs have noticed and intend to take the deposition of Defendant's employees Katrina King-Lopes, Matthew Wafer, Paul Borseth, Terry J. Brown, Scott Lohr, and Lance Fritz. The Parties are in the process of determining dates for these depositions, though Defendant has objected to the deposition of Mr. Fritz. On September 11, 2023, Defendant noticed the deposition of Plaintiff Alvin Turner and the Parties are in the process of determining a date for his deposition.

      **b.      Third-Party Oral Discovery**

On August 2, 2023, Plaintiffs propounded a subpoena for testimony of a corporate representative for Nascent Technology, LLC on various topics. On September 7, Defendant propounded a subpoena for testimony of a corporate representative for Nascent Technology, LLC on various topics. On October 25, 2023, the Parties took the deposition of Nascent's designated

corporate representative for the topics noticed by the Parties.

On August 2, 2023, Plaintiffs propounded a subpoena for testimony of a corporate representative for Remprex, LLC. On September 11, 2023, Defendant propounded a subpoena for testimony of a corporate representative for Remprex, LLC. The Parties are in the process of identifying dates for the deposition of Remprex, LLC.

In the next two weeks, Plaintiffs intend to serve subpoenas for testimony on additional third parties and may serve subpoenas for testimony upon employees of Nascent Technology, LLC and Remprex, LLC.

### 3.     Timing Regarding Production of Damages Data

**Plaintiffs' Position:** Defendant has made no burden or relevance objection to producing damages data in the Parties' meet-and-confers, and Plaintiffs need to depose Defendant's representatives regarding this data. Accordingly, Plaintiffs' position is that Defendant should produce the damages data in short order if the Court's denies Defendant's Motion to Amend Class Allegations (Dkt. 209).

**Defendant's Position**:  Plaintiffs have indicated that they are seeking "evidence of each time putative Class members entered through Defendant's Auto-Gate Systems in Illinois and had their fingerprints scanned in order to establish how many violations occurred, and thus, the extent of potential statutory damages available." Dkt. 214, p. 6. As stated in Defendant's Supplemental Brief in Support of Motion to Amend Class Allegations that it is seeking leave to file, Plaintiffs' and putative class members finger-scan data was collected and stored once and only once. BIPA claims accrue only when an entity collects or stores purported biometric data, and no such collection or storage of finger-sensor data occurs following a driver's initial registration. As such, Union Pacific does not have any records of "each time" Plaintiffs had their fingers scanned, as they did so only

once, at registration. Defendant already has produced available records setting forth the initial registration dates of finger-scan data for Plaintiffs and the putative class members.

Records of entry through the Auto-Gate Systems used at Defendant's Illinois railyards are not relevant, nor are they probative of any purported BIPA violations. Records of entry are not proxies for records of finger-scans.

To the extent that the Court requires Defendant to produce the irrelevant, non-probative records of entry, it would be an extensive and detailed task for Union Pacific to do so, as each drivers' entry data would have to be individually reviewed, and it is nearly impossible for Union Pacific to determine exactly how entry was gained on each such occasion. Union Pacific estimates it would take a minimum of 4-6 weeks for Union Pacific to produce data regarding records of entry for the putative class members.

**4. Other Factors That Might Prevent the Parties from Meeting the Currently Extended Discovery Deadlines**

**Plaintiffs' Position:** In addition to the production of per-scan data that discussed in the preceding section, there are two main issues that could impact Plaintiffs' ability to complete discovery within the current deadline.

First, Defendant is withholding documents in discovery based on its invocation of the common interest privilege. In particular, Defendant has asserted this privilege over documents and communications that it has shared with its third-party service providers Nascent Technology, LLC and Remprex, LLC. Plaintiffs have commenced a meet-and-confer process with Defendant regarding this issue, and the Parties continue to discuss in an effort to resolve the issue without the Court's intervention. If the Parties' efforts to resolve this issue are unsuccessful and the Court's intervention is required, the time needed for resolution by the Court and subsequent production (if so ordered) may impact the current deadline of February 29, 2024.

Second, it has become apparent during discovery that after the filing of this case, Defendant destroyed data that is highly relevant to this case. During the statute of limitations period in this case, Defendant utilized biometrically-enabled Automated Gate Systems at four facilities in Illinois, titled "Global 1," "Global 2," "Global 3," and "Global 4." These Automated Gate Systems collected and stored truck drivers' fingerprints locally on servers located at each facility, i.e. the drivers who registered their fingerprints at Global 3 had their fingerprints stored locally at Global 3, and so on. More than a year after this case was filed, Defendant decommissioned its Global 3 facility. Rather than save the fingerprints stored at that facility as relevant evidence in this case, Defendant inexplicably and improperly deleted this information without notifying Plaintiffs that it would do so. Indeed, when Defendant produced the biometric information on October 31, 2023, it did not contain any data from Global 3 location. Plaintiffs are assessing the impact of this deletion on discovery, the merits, and class certification. Plaintiffs will engage Defendant in meet-and-confers in order to assess whether the Parties can agree to a stipulation or stipulations that obviate a discovery motion related to spoliation of evidence and/or an accompanying extension of the discovery deadline to accommodate the need for potential additional written discovery.

**Defendant's Position**:  At this time, Defendant sees no issues that would prevent the completion of fact discovery by the end of February 29, 2024.  Defendant believes it is well within its rights to assert a common interest privilege with respect to common interest communications. Plaintiffs proceeded to depose third-party technology provider Nascent Technology, LLC without these common interest privileged materials, and also intends to take the deposition of Remprex, LLC.  Defendant sees no reason why this privilege dispute would require an extension of the February 29, 2024 fact discovery deadline.

Plaintiff's assertion that Defendant has destroyed evidence highly relevant to this case is

not true, and evidences a fundamental misunderstanding of the technology and how it works.

Plaintiffs' position also fails to acknowledge BIPA's retention and destruction requirements.

Dated: November 10, 2023

By: */s/ Brendan Duffner*

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner
Joseph M. Dunklin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com
jdunklinmcgpc.com

Jon Loevy
Michael I. Kanovitz
Tom Hanson
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
Tel: (312) 243-5900
jon@loevy.com
mike@loevy.com
hanson@loevy.com

*Counsel for Plaintiffs and the
putative Classes*

Respectfully submitted,

By: */s/ Christopher S. Hennessy*

Melissa A. Siebert (6210154)
Christopher S. Hennessy (6237293)
Lauren Gibbons (*pro hac vice*)
Cozen O'Connor
123 N. Wacker Drive, 18th Fl.
Chicago, IL 60606
Tel: (312) 382-3100
msiebert@cozen.com
chennessy@cozen.com
lgibbons@cozen.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2023, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk via the Court's CM/ECF system, which will notify all counsel of record.

_/s/_    _Brendan Duffner_