**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID FLEURY and ALVIN TURNER, individually and on behalf of similarly situated individuals,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>  Defendant. | Case No. 20-cv-00390<br><br>Hon. LaShonda A. Hunt<br><br>Magistrate Judge Jeffrey Cole |

**UNION PACIFIC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO DEEM PLAINTIFFS' REQUEST FOR ADMISSION NO. 4 ADMITTED**

Defendant Union Pacific Railroad Company, for its Response in Opposition to Plaintiffs' Motion to Compel Production of Documents and to Deem Plaintiffs' Request for Admission No. 4 Admitted ("Motion"), states as follows:

**INTRODUCTION**

The Court is well-versed in the history of this matter. Plaintiffs David Fleury and Alvin Turner, on behalf of a putative class and possible sub-class of truck drivers, assert that Union Pacific violated the Illinois Biometric Information Privacy Act ("BIPA") through the operation of an Automated Gate System ("AGS") at its intermodal facilities. Union Pacific contracted with Nascent Technology, LLC ("Nascent") and Remprex, LLC ("Remprex") to purchase, install, service, and manage the AGS.

Before the Court is Plaintiffs' sixth motion to compel.[1] Plaintiffs habitually seek this

---

[1] *See* Plaintiff's Motion to Compel Discovery (Doc. #61) (denied as moot per Doc. #63); Plaintiff's Motion to Compel Discovery and For Entry of Plaintiff's Proposed Confidentiality Order (Doc. #103) (denied per Doc. #114); Plaintiffs' Motion to Compel Production of Data in Discovery (Doc. #156) (granted in part, denied in part per Doc. #174); Plaintiffs' Motion to Compel Production of Data in Discovery and For

Court's intercession prematurely and inappropriately, and the subject Motion is no exception. Plaintiffs' motions to compel have a common theme – Plaintiffs seek extraordinary relief when they are not satisfied with Union Pacific's responses. Plaintiffs' dissatisfaction, however, does not provide grounds for compelling any of the information or documentation requested, it does not warrant admission of a properly denied request for admission, and it certainly does not support a claim for attorneys' fees. Plaintiffs' sixth motion to compel should be denied in full.

## LEGAL STANDARD

As the Court has noted, "[a] party is not entitled to every document that strikes the fancy of counsel." *LKQ Corp. v. GM Co.*, No. 20 C 2753, 2021 WL 4125097, at *1 (N.D. Ill. Sept. 9, 2021). There are rules pursuant to which motions to compel discovery must be considered. In particular, Fed R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any ***nonprivileged*** matter that is relevant to any party's claim or defense and proportional to the needs of the case … ." Fed. R. Civ. P. 26(b)(1) (emphasis added).

## ARGUMENT

### A. Plaintiffs are Not Entitled to Documents Properly Withheld as Privileged

Union Pacific properly withheld documents based on privilege and Plaintiffs' request for documents does not supersede these well-established privileges. It is **not** black letter law (Doc. #248 at 12) that documents shared with third parties are discoverable and not privileged -- the law is far more nuanced on this point, a fact that Plaintiffs wholly ignore.

#### i. Attorney-Client Privilege and Attorney-Work Product Privileges Apply

When claiming privilege, the withholding party must describe the nature of what is withheld in a manner that, "without revealing information itself privileged or protected, will enable

---

Discovery Sanctions (Doc. #193) (withdrawn per Doc. #213); Plaintiffs' Motion to Compel Production of Damages Data (Doc. #201) (granted per Doc. #232).

2

other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Union Pacific's Revised Privilege Log (Doc. #248-3) more than satisfies Rule 26(b)(5), and the Local Rules and procedures of this Court regarding privilege disputes by adequately identifying the following categories of information: the date and time of the communication; the type of document; the author of the document or email; the identity of the recipient(s), if any, including carbon copies and blind carbon copies; the subject or file name; the privilege reason; further clarification of the privilege; and categorical classification and explanation of the privilege.

Plaintiffs claim that eleven (11) documents[2] are not privileged because they were allegedly shared with third parties who do not appear to work for Union Pacific (Anthony Chavira and Ramakrishna Kothapally). Union Pacific's Revised Privilege Log very clearly identifies the privileged items as communications and documents exchanged between Union Pacific's in-house counsel, Reha Dallon, and other key players who provided opinions, advice, and material information to the company in furtherance of its legal compliance efforts. Union Pacific's in-house counsel at the time was a recipient of and involved in these communications. While not dispositive in and of itself, a lawyer's involvement in a communication "weighs heavily in favor of its being deemed privileged." *Washtenaw Cnty. Employees' Ret. Sys. v. Walgreen Co.*, No. 15 C 3187, 2020 WL 3977944, at *4 (N.D. Ill. July 14, 2020).

The three (3) emails with Anthony Chavira (RDS Logistics Group) discuss Union Pacific's privacy policy. Union Pacific's in-house counsel's communication with this third party contractor was necessary to give appropriate legal advice in connection with its gating systems. The eight (8) emails with Ramakrishna Kothapally are similarly privileged. Mr. Kothapally is a software engineer involved in the creation and modification of the software that Union Pacific used at its

---

[2] UP-PRIV-0157, 0174, 0205, 0227, 0228, 0230, 0232, 0234, 0247, 0261, and 0292.

facilities. Moreover, Mr. Kothapally has a UPC email address. It would defy logic to think that Union Pacific, a nationwide railroad, would not consult third parties on matters of critical importance.

Regardless of Mr. Chavira's and Mr. Kothapally's employment status, the presence of a purported "third party" does not automatically waive attorney-client privilege. *Jenkins v. Bartlett*, 487 F.3d 482, 491 (7th Cir. 2007). "[T]here is an exception to the general rule that the presence of a third party will defeat a claim of privilege when that third party is present to assist the attorney in rendering legal services." *Id*. The United States Court of Appeals for the Seventh Circuit further explained that:

> [t]his exception applies both to agents of the attorney, such as paralegals, investigators, secretaries and members of the office staff responsible for transmitting messages between the attorney and client, and to outside experts engaged to assist the attorney in providing legal services to the client, such as accountants, interpreters or polygraph examiners. Additionally, this exception reaches retained experts, other than those hired to testify, when the expert assists the attorney by transmitting or interpreting client communications to the attorney or formulating opinions for the lawyer based on the client's communications.

*Id*. (internal quotation marks and citations omitted).

Thus as both individuals were assisting Union Pacific, the privilege extends to those communications. Plaintiffs also move this Court to compel production of eight (8) documents[3] because they were allegedly prepared in the normal course of business between non-attorneys, and are therefore not privileged. (Doc. #248 at 13). Plaintiffs further claim that four (4) of these eight (8) documents predate this lawsuit and therefore cannot constitute legal advice. *Id*. As discussed, there is no bright-line rule when it comes to privilege. In fact, this Court has recognized that "communications in which counsel is not a sender or recipient may also be privileged if they reveal, directly or indirectly, the substance of a confidential attorney-client communication." *Wier*

---

[3] UP-PRIV-0014, 0025, 0050, 0055, 0136, 0137, 0138, and 0204.

4

*v. United Airlines, Inc.*, No. 19 CV 7000, 2021 WL 1517975, at *3 (N.D. Ill. Apr. 16, 2021) (quoting *Washtenaw Cnty. Emps.' Ret. Sys. v. Walgreen Co.*, No. 15 C 3187, 2020 WL 3977944, at *2 (N.D. Ill. July 14, 2020)); *see also In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 433 (N.D. Ill. 2006); *Heriot v. Byrne*, 257 F.R.D. 645, 665–66 (N.D. Ill. 2009). Contrary to Plaintiffs' belief, "[a] discussion of 'non-legal issues' can very often be privileged…[t]here is no requirement that the communication involve only 'legal issues,' and factual communications made for the purpose of facilitating legal representation are also protected." *Muro v. Target Corp.*, 250 F.R.D. 350, 363 (N.D. Ill. 2007) (internal citations omitted).

Union Pacific has presented sufficient evidence to determine that the logged documents are privileged, and Plaintiffs' Motion should be denied.

### i. Common Interest Privilege Applies to Communications Between Union Pacific and Remprex and Nascent

As an initial matter, Plaintiffs' Motion to Compel documents exchanged between Union Pacific, Remprex, and Nascent should be denied as moot. On December 13, 2023, counsel for Union Pacific represented to Plaintiffs' counsel via email that "[t]here are no communications between counsel for Union Pacific and counsel for either Remprex or Nascent that pre-date the litigation over which Union Pacific is claiming privilege pursuant to common interest. Under the terms of the ESI protocol to which the parties agreed, communications involving counsel that post-date the filing of the complaint need not be placed on a privilege log." Ex. F (Doc. #248-6). Union Pacific has been operating under this understanding of the parties' agreement. But Plaintiffs' counsel responded on January 16, 2024, stating that "[t]he ESI protocol has nothing to do with Defendant's obligation to search for and either produce requested communications or identify them as being withheld on the basis of privilege." *Id*.

Plaintiffs' response and this Motion are nonsensical and ignore two material facts: (1) that

Union Pacific has not withheld pre-suit communications between counsel for Union Pacific and counsel for either Remprex or Nascent on the basis of common interest privilege; and (2) that the parties agreed that post-suit privileged communications do not need to be identified on a privilege log. These facts make it easy for this Court to deny Plaintiffs' Motion on this issue. If there is nothing being withheld, then there is nothing to produce or identify on a privilege log. And to the extent Remprex's and Nascent's privilege logs identify documents exchanged with Union Pacific, those documents are dated *after* this lawsuit was filed. *See* Ex. B (Doc. #248-2). Remprex and Nascent were not parties to Plaintiffs' and Union Pacific's agreement regarding post-suit privileged communications, and Remprex's and Nascent's privilege logs do not confer upon Union Pacific an no obligation to identify privileged post-litigation communications.

Plaintiffs take this as an opportunity to improperly seek duplicitous and privileged discovery. (Doc. #248 at 7, n. 6) ("rather than pursuing non-party Remprex for documents that Defendant also possesses, Plaintiffs appropriately seek identification and production of these documents by Union Pacific."). Plaintiffs spend considerable time explaining how Union Pacific has no need to "share or seek legal guidance from its much smaller services providers Remprex and Nascent," and that it could "simply direct Remprex and Nascent to do its bidding without disclosing legal strategy." (Doc. #248 at 11). Plaintiffs' inaccurate and self-serving commentary regarding the relationships between Union Pacific, Remprex, and Nascent and the companies' respective needs or desires to "share or seek legal guidance" are irrelevant and contrary to the law regarding the common interest privilege.

It is undisputed that Union Pacific entered into separate common interest/joint defense agreements with Remprex and Nascent, both non-parties to this action. "[A] person need not be a litigant to be a party to a joint defense agreement." *Ocean Atlantic Development Corp. v. Willow*

6

*Tree Farm, L.L.C.*, No. 01 C 5014, 2002 WL 649043, at *6 (N.D. Ill. Apr. 19, 2002) (citing *Russell v. General Elect. Co.*, 149 F.R.D. 578, 580 (N.D. Ill. 1993) (the joint defense privilege apples to parties or potential parties sharing a common interest in the outcome of a particular claim.)). Contrary to Plaintiffs' portrayal of the law, the parties asserting common interest privilege must have a **common** legal interest, but the parties need not have an identical legal interest from the same perspective at all times. *Terra Foundation for American Art v. Solomol+Bauer+Giambastiani Architects, Inc.*, No. 14 C 3012, 2015 WL 1954459, at *1 (N.D. Ill. Apr. 29, 2015). The mere possibility of future discord between entities is "analytically irrelevant to the current alignment of their interests. It is enough that the parties presently share a common interest." *Pampered Chef v. Alexanian*, 737 F. Supp. 2d 958, 967 (N.D. Ill. 2010). Parties asserting common interest privilege need not be perfectly aligned, but there must be some cooperation toward a common legal goal. *Id*. (citing *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 251 F.R.D. 316, 327 (N.D. Ill. 2008)).

In its opinion in *Terra Foundation*, this Court succinctly summarized and followed the opinion in another case -- *Lislewood v. AT&T Corp.*, 2015 WL 1539051 (N.D. Ill. March 31, 2015) -- stating:

> In that case, plaintiff Lislewood and defendant AT&T were parties to a 30-year commercial lease, during which AT&T entered into a sublease with third-party defendant Marriott. In anticipation of and following the termination of the underlying lease, AT&T and Marriott attorneys corresponded with one another regarding communications from Lislewood about the state of the premises and potential liability issues. AT&T and Marriott entered into a Common Interest Privilege/Joint Defense Agreement. Ultimately, Lislewood sued AT&T for breach of the lease for failing to properly maintain the premises, and approximately four months later, AT&T filed a third-party complaint against Marriott for indemnification and breach of the sublease. AT&T argued that its communications with Marriott were protected by the common interest privilege, and the district court agreed. 2015 WL 1539051, at * 4. The Court was not persuaded by Lislewood's argument that AT&T and Marriott is common interest was not sufficient and that AT&T and Marriott did not have adverse interests even though

7

>AT&T had filed a third-party complaint against Marriott. *Id.* The district court found that both parties had a common legal interest in AT&T being found not liable because if AT&T were not liable then Marriott would not be liable either. *Id.*

*Terra Foundation*, 2015 WL 1954459, at *4 (N.D. Ill. Apr. 29, 2015).

Applying the *Lislewood* analysis, the *Terra Foundation* court held that the common interest privilege applied to communications between the defendant and the third-party defendant despite their contractual, business relationship because at the time of the communications, it was reasonable to assume that the services provided by the third-party defendant could be implicated by the plaintiff's claims. *Id.* at *5. Like the courts in *Lislewood* and *Terra Foundation*, this Court should find that Union Pacific, Remprex, and Nascent share a common goal as it relates to this litigation – to defend against any alleged liability whether direct or indirect. Any such communications between them are therefore privileged pursuant to the common interest doctrine, and Plaintiffs' Motion should be denied. In the event this Court is inclined to grant any portion of Plaintiffs' Motion to Compel, however, the Court should, at most, order Union Pacific to amend its Privilege Log. Plaintiffs' request for fees is also inappropriate and unwarranted as addressed below.[4]

### B. Union Pacific's Response to Request for Admission No. 4 is Proper

Plaintiffs' request to deem Request for Admission No. 4 admitted is not permitted by Rule 36 because Union Pacific properly and fully responded to the Request as follows:

>4. Admit that you did not obtain Plaintiff David Fleury's informed written consent to collect his Biometrics prior to the first occasion he underwent the AGS Driver Registration Process at one of Your Illinois facilities.
>
>**RESPONSE:** Union Pacific objects to this Request to the extent it is based on an

---

[4] Plaintiffs' Motion to Compel privileged communications between Union Pacific and Remprex and Nascent is nothing more than a fishing expedition to support their anticipated (but unfounded) claim that Union Pacific "intentionally, or at least recklessly, violated BIPA." (Doc. #248 at 2). Plaintiffs' desire to "apply[] a 5x damages multiplier" does not override the common interest privilege.

> assumption or implies that consent was required, that consent cannot be obtained electronically consistent with the Illinois Uniform Electronic Transactions Act (IUETA), 815 ILCS 333/2(8), or that Union Pacific collects Biometrics. Such assumptions or implications are denied. Union Pacific further objects to the defined term "AGS Driver Registration Process" as defined by Plaintiffs as confusing, vague, and ambiguous, and it will be assumed to have its common meaning. Subject to and without waiving the foregoing objections, denied that Union Pacific did not obtain Plaintiff's informed consent, including implied and actual consent via the driver enrollment process. Any remaining assertions are denied.

Rule 36(a)(4) provides litigants with five options when responding to requests for admission: (1) admit; (2) deny; (3) admit in part and deny in part; (4) respond that they are unable to admit or deny; or (5) object. *Itex, Inc. v. Workrite Uniform Co.*, No. 08 C 1224, 2011 WL 1224920, at *1 (N.D. Ill. Mar. 31, 2011).

Union Pacific's objections are warranted given the evolving law in the data privacy space. Plaintiffs' Request contains terms and phrases that are either undefined or unclear based on current BIPA case law. As this Court noted, "[t]he technology involved in the discovery issues in this case involves a developing area of law." (Doc. #232). As such, Union Pacific justifiably raised these objections in response to Plaintiffs' Request.

More importantly, Union Pacific sufficiently denied Plaintiffs' Request. Rule 36(a)(4) states that "[a] denial must fairly respond to the substance of the matter." "When a party denies a request to admit, Rule 36 does not require the responding party to explain the basis for or to attach any documentation to support the denial." *Itex, Inc. v. Workrite Uniform Co.*, No. 08 C 1224, 2011 WL 1224920, at *1 (N.D. Ill. Mar. 31, 2011). Sufficiency of a response is dependent upon the specificity of the response, not the requesting party's perceived accuracy of the response. *Climco Coils Co. v. Siemens Energy & Automation, Inc.*, No. 04 C 50342, 2006 WL 850969, at *1 (N.D. Ill. Mar. 28, 2006). A denial is sufficient and therefore the Request cannot be deemed admitted. *See Aharon v. Susany Babu & Sonu Abraham*, No. 22 CV 4502, 2023 WL 5955844, at *2 (N.D.

9

Ill. Aug. 21, 2023). This Court has held that "[a] motion to determine sufficiency is not an appropriate vehicle to litigate the correctness of a response as Rule 36 does not permit the court to determine whether a response is supported by evidence before trial." *Climco Coils Co. v. Siemens Energy & Automation, Inc.*, No. 04 C 50342, 2006 WL 850969, at *1 (N.D. Ill. Mar. 28, 2006). Plaintiffs may disagree with Union Pacific's denial, but Plaintiffs' desire for a different response is not grounds for admission of the Request.[5]

Of note, Plaintiffs misrepresent that Union Pacific has repeatedly failed to supplement its Response. While Plaintiffs' "Exhibit K" to their Motion (Doc. #248-11) includes email communications related to Request No. 4, none of those communications contained any representation from Union Pacific that it agreed to revise its answer. In fact, Union Pacific advised Plaintiffs that it intended to stand on its answer to Request No. 4. Regardless, Union Pacific sufficiently responded to Plaintiff's Request for Admission No. 4, and Plaintiffs' requested relief should be denied.

### C. Plaintiffs are Not Entitled to Any Fees

This is, at minimum, Plaintiffs' sixth attempt to recover fees associated with a discovery motion. There is no basis to award attorney fees or costs given that Union Pacific's positions as described above are both legally and factually supported. In the event Plaintiffs' Motion is granted, however, this Court has broad discretion in determining if fees are warranted under Rule 37(a)(5). *See Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2019 WL 1651709, at *15 (N.D. Ill. Apr. 17, 2019), objections overruled, No. 17-CV-01682, 2020 WL 1248343 (N.D. Ill. Mar. 15, 2020); *see also American Kitchen Delights, Inc. v. City of Harvey*, No. 22 CV 3549, 2023 WL 5431350,

---

[5] Plaintiffs' motion to deem Request for Admission Number 4 should also be denied because it seeks inappropriate relief. Pursuant to Rule 36(a)(6), "[t]he requesting party may *move to determine the sufficiency of an answer or objection*." Fed. Rules Civ. Proc. R. 36(a)(6) (emphasis added). Plaintiffs do not request a ruling on the sufficiency of the Response. Plaintiffs' requested relief of fess should be denied.

10

at *5 (N.D. Ill. Aug. 23, 2023).

Rule 37(a)(5)(A) states that the court "**must not** order this payment [of expenses and fees] if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; **or** (iii) other circumstances make an award of expenses unjust." Fed. Rules Civ. Proc. R. 37(a)(5)(A)(i)-(iii) (emphasis added). While this Court only needs one of the aforementioned reasons to deny Plaintiffs' request for fees, there are grounds for all three.

First, Plaintiffs' Motion and attendant Rule 37 Certification do not strictly comply with Local Rule 37.2 as they omit material facts and oversimplify a dialogue involving multiple phone conversations between counsel. Plaintiffs' counsel cites numerous emails between the parties, but Plaintiffs do not specify the date, time, and place of *telephonic* or *in person* consultations as required by the rules. L.R. 37.2. Second, Union Pacific's nondisclosure, responses, and objections were substantially justified as explained above. Finally, an award of expenses and fees would be unjust because the disputes between the parties are genuine. "The test for substantial justification as it applies to Rule 37(a) is whether there is a genuine dispute." *Crabtree v. Experian Information Solutions, Inc.*, No. 1:16-CV-10706, 2017 WL 4740662, at *3 (N.D. Ill. Oct. 20, 2017) (citation omitted). "When 'the dispute over discovery between the parties is genuine, . . . the losing party is substantially justified in carrying the matter to the court' and the award of expenses is not indicated." *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 223 (N.D. Ill. 2013) (quoting Fed. R. Civ. P. 37(a) (1970 Committee Notes).

Plaintiffs' attempt to recover fees should again be denied.

## CONCLUSION

For the above reasons, the Court should deny Plaintiffs' Motion to Compel Production of

11

Documents and to Deem Plaintiffs' Request for Admission No. 4 Admitted with prejudice.

Dated: March 18, 2024                               Respectfully submitted,

                                        By:     /s/ Christopher S. Hennessy
                                                Melissa A. Siebert (6210154)
                                                Christopher S. Hennessy (6237293)
                                                COZEN O'CONNOR, P.C.
                                                123 North Wacker Drive, Suite 1800
                                                Chicago, IL 60606
                                                Tel.: (312) 474-7900
                                                msiebert@cozen.com
                                                chennessy@cozen.com

                                                *Counsel for Union Pacific Railroad Company*