IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAVID FLEURY and ALVIN TURNER, individually and on behalf of similarly situated individuals, | )<br>)<br>) |
| *Plaintiffs*, | ) Case No. 20-cv-00390 |
| v. | ) Hon. LaShonda A. Hunt |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | ) Magistrate Jeffrey Cole |
| *Defendant*. | ) |

**PLAINTIFFS'** *OPPOSED* **MOTION TO BAR EVIDENCE**

Plaintiffs David Fleury and Alvin Turner ("Plaintiffs"), through the undersigned and for their Motion to Bar Evidence ("Motion"), hereby state as follows:

**I. INTRODUCTION AND BACKGROUND**

Fact discovery closed on April 15, 2024. (Dkt. 245). The fact discovery process was no small undertaking here; it lasted nearly two years and included six extensions and numerous admonitions from Judge Cole regarding the length of time it took the parties to complete. (Dkts. 97, 144, 152, 181, 245, 277). Over the course of this case, Defendant has filed three answers, and two of Defendant's four motions to dismiss have gone to ruling. (Dkts. 17-18, 35-36, 47, 64, 131, 266, 275). Suffice to say, Defendant had ample time, motivation, and opportunity to assert and develop its defenses.

In June 2024, after all of the foregoing, after the close of fact discovery, and more than four and a half years into this case, Defendant swapped its counsel. (Dkt. 279). Now, during expert discovery, Defendant is attempting, through its new counsel, to rewrite the record by improperly asserting (via one of its expert reports) an affirmative defense based on Defendant's purported

status as a "government contractor" that does not appear in *any* of Defendant's numerous motions to dismiss, answers or discovery responses in this case—or anywhere else. (*See* Dkts. 17-18, 35-36, 64, 131, 275). The Court should thus bar all evidence related to Defendant's unpled "government contractor" affirmative defense.

During expert discovery, Union Pacific has disclosed ten experts and produced six expert reports and five rebuttal reports.[1] In one of those reports, Defendant's purported expert Adriene B. Bailey made two passing references to government contracts in her fifty page report that have no apparent relationship to the remainder of her report and the opinions contained therein. Nearly two months later, Defendant produced over one hundred purported contracts totaling thousands of pages, ostensibly in support of the expert's "opinion" that Defendant has entered into contracts with various government agencies. These documents have nothing to do with expert opinion; Defendant's new counsel is simply trying to inject a new, fact-intensive and unpled defense and supporting evidence into this lawsuit well after the close of fact discovery. Thus, in the interest of resolving issues prior to conducting unnecessary expert discovery and engaging in unnecessary briefing at the summary judgment stage, it is appropriate to resolve this issue now and bar evidence relating to Defendant's unpled and undisclosed affirmative defense.

## II. LEGAL STANDARD

Rule 12(b) of the Federal Rules of Civil Procedure requires that "[e]very defense ... must be asserted in the responsive pleading." Fed. R. Civ. P. 12(b). Case law holding that affirmative defenses must be filed with the defendant's response are legion. See, e.g., *Pinto Trucking Serv., Inc. v. Motor Dispatch, Inc.,* 649 F.2d 530, 534 (7th Cir.1981) ("The Federal Rules of Civil Procedure require a defendant to plead all his affirmative defenses in the answer to the complaint.")

---

[1] See Union Pacific Railroad Company's Rule 26(a)(2) Disclosures, attached hereto as Exhibit A, and Union Pacific Railroad Company's Rule 26(a)(2) Rebuttal Expert Disclosures, attached as Exhibit B.

A defendant's failure to plead an affirmative defense may result in a waiver of the defense if the defendant has relinquished it knowingly and intelligently, or forfeiture if the defendant merely failed to preserve the defense by pleading it. *Reed v. Columbia St. Mary's Hosp.,* 915 F.3d 473, 478 (7th Cir. 2019) (finding abuse of discretion where district court improperly considered unpled affirmative defense of statutory exemption that was raised after the disclose of discovery).

## III. ARGUMENT

### A. Evidence Related to Defendant's Unpled Affirmative Defense should be Barred.

There is a limited exemption written into the Biometric Information Privacy Act that reads: "Nothing in this Act shall be construed to apply to a contractor, subcontractor, or agent of a State agency or local unit of government *when working for that State agency or local unit of government*." 740 ILCS 14/25(e) (emphasis added). This exemption, which is listed amongst other exemptions, has been in BIPA since its enactment in 2008. Since that time, § 14/25(e) has been cited by several BIPA defendants, including in a case litigated in front of Union Pacific's current counsel by its former counsel. *See Figueroa v. Kronos Inc.,* 454 F. Supp. 3d 772, 791 (N.D. Ill. 2020) (Feinerman, J.) (denying BIPA defendant's motion to strike class allegations that argued certain class members would be subject to the government contractor exemption in § 14/25(e).)[2] As courts have recognized, the government contractor exemption is a fact intensive affirmative defense necessitating discovery because it requires courts to analyze the specific context of the purported government contractor's work in relation to its collection of biometrics. *Heard v. Becton, Dickinson & Co.,* 524 F. Supp. 3d 831, 851 (N.D. Ill. 2021) (denying application of government contractor exemption as "purely speculative" without discovery); *Mayhew v. Candid*

---

[2] In *Figueroa*, the defendant Kronos, Inc. appropriately preserved its affirmative defense under §14/25(e) in its Answer after its motion to strike was denied. *Id.* No. 19-cv-01306, Dkt. 136 at 32, Affirmative Defense No. 12.

3

*Color Sys., Inc.*, 2024 WL 3650095, at *11 (S.D. Ill. Aug. 5, 2024) (holding that Section 25(e) must be pleaded and proved as an affirmative defense); *Flores v. Motorola Sols., Inc.*, No. 20-cv-01128, 2021 WL 232627, at *2 (N.D. Ill. Jan. 8, 2021) (same).

As these decisions demonstrate, § 25(e) is not a "get out of jail free" card that exempts entities that contract with the government in blanket fashion or for all uses of biometrics. After all, the plain language of BIPA's government contractor exemption makes clear that it only applies to contractors, subcontractors, and agents of state or local governments "when working for that State agency or local unit of government." 740 ILCS 14/25(e). Development of this affirmative defense in discovery is especially necessary because there has been very little precedent set regarding the government contractor exemption. *Flores,* 2021 WL 232627, at *2.

Defendant never raised the § 14/25(e) government contractor exemption in any of its four motions to dismiss, its two answers, or anywhere else during the Parties' four years of litigation. (Dkts. 17-18, 35-36, 64, 131, 146, 275). Defendant also prevented *any* discovery from occurring as to this subject. Indeed, Union Pacific did not identify any witness with knowledge of its government contracts in its operative Third Amended Rule 26(a)(1) disclosures[3] (or any of its previous versions), nor did it identify or produce any purported government contracts in response to Plaintiffs' request that Defendant produce "All documents Related To any and all purported defenses to any of the claims asserted in the Complaint."[4] And in response to Plaintiffs' request for a 30(b)(6) deposition on the topic of "Contracts between You and any third-party … that Relate to … this Litigation," Defendant refused to produce a witness to discuss any contracts beyond those with its biometric service providers Remprex and Nascent on the grounds that all other

---

[3] See Defendant's Third Amended 26(a)(1) disclosures, attached hereto as <u>Exhibit C.</u>
[4] See Dkt. 156-1, Plaintiff's First Requests for Production to Defendant, at Request for Production No. 19.

4

contracts were "not relevant to the claim or defense of any party."[5] Accordingly, throughout fact discovery in this case, Defendant has not only failed to assert this affirmative defense in any way, it has actively shrunk discovery to prevent inquiry into this issue. Now, Defendant is reversing itself in order to mount its unpled Hail Mary of a defense.

Indeed, four and a half years into this case and well past the fact discovery deadline, Defendant is attempting to use expert discovery to marshal evidence that BIPA's § 25(e) exemption applies. Namely, Defendant is attempting to offer an opinion from its retained expert Adriene B. Bailey stating in pertinent part: "I am aware that Union Pacific has entered into contracts with the State of Illinois." This one-paragraph opinion, buried in one of Defendant's six expert reports, seemed innocuous enough until August 12, 2024 when (unprompted) Defendant produced several thousand pages of documents it refers to as "contracts" between it and various governmental entities such as the Illinois Department of Transportation. The production includes more than 100 purported contracts. It was this confusing yet clearly significant undertaking by Defendant (production, bates-labeling, and review of thousands of pages of documents by an incredibly expensive expert) that raised red flags and triggered Plaintiffs' inquiry into the reasoning behind such a large document production so long after the close of a years-long discovery effort in support of such a seemingly minor and irrelevant opinion that had nothing to do with Defendant's asserted defenses.[6] So, Plaintiffs sought a meet and confer. But despite asking its expert to provide this opinion and produce these documents, during the Parties' meet and confer on September 20, 2024, Defendant could not even confirm that it intended to raise this defense.

---

[5] See Defendant's Objections to Plaintiffs' Notice of 30(b)(6) deposition of Defendant, at Topic No. 7, attached hereto as <u>Exhibit D.</u>
[6] While these contracts have nothing to do with the collection of biometrics or Defendant's railyards, and generally concern the maintenance of railroad crossings, the written and oral discovery required to establish this for each contract and rebut this unpled defense is extensive and cannot be done without significant additional fact discovery.

Shockingly, its counsel asserted that Defendant was under no obligation to disclose its "litigation strategy."[7] But of course, identifying affirmative defenses and giving opposing counsel fair notice of them is not disclosing "litigation strategy"—it is required under Federal Rules 8(c) and 12(b). It was not until September 27, 2024 that Defendant ultimately confirmed that it may raise this affirmative defense.[8]

Failure to assert an affirmative defense results in forfeiture of that defense—especially where the defense draws on facts ordinarily within the knowledge and control of the defendant. *Reed,* 915 F.3d at 478 (7th Cir. 2019) (citing *Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980)) (requiring defendant to plead an affirmative defense where relevant facts were peculiarly within knowledge and control of defendant). In *Reed,* the Seventh Circuit found several factors that weighed in favor of forfeiture. *Id.* First, there was no excuse or explanation from the Defendant as to its failure to assert the affirmative defense. *Id.* Second, the affirmative defense depended on discovery in the defendant's possession, rather than the plaintiff's. *Id.* Third, the defendant did not deploy the defense until after discovery, meaning both parties had already invested a good deal of time and money in the case on the legitimate expectation that they knew what the issues were. *Id.* Fourth, there was no fair notice to the plaintiff that would justify the procedural failure to raise the affirmative defense. *Id.* Finally, the prejudice to the plaintiff was acute because the relevant law and facts related to the unpled defense were not clear. *Id.* Each of these points from *Reed* applies here and weighs in favor of finding forfeiture in this case.

First, Defendant can fairly be presumed to know the entities (such as state or local government entities) with which it enters into contracts. It certainly does not require a retained expert to understand who the counterparties to Union Pacific's contracts are. And it does not take

---

[7] See L.R. 37 Certification.
[8] See Email Correspondence, attached as <u>Exhibit E,</u> at September 27, 2024 email; L.R. 37 Certification.

more than four years to perform this inquiry. Thus, Defendant has no excuse for failing to assert a defense under 740 ILCS 14/25(e) in a timely fashion in accordance with Fed. R. Civ. P. 12(b), which requires that: "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading[.]" Fed. R. Civ. P. 12(b); *see also* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]")

Second, all information that Defendant needed to assert a defense under 740 ILCS 14/25(e) is clearly within Defendant's control, as Defendant is a party to each alleged contract it has with government agencies and thus possesses those contracts. Accordingly, Defendant did not need to rely on discovery obtained from Plaintiffs to assert a defense under 740 ILCS 14/25(e).

Third, as is evident from the docket in this case and the past four plus years of hard-fought litigation, the Parties have invested a great deal of time and money prosecuting and defending this case. As in *Reed,* at this late stage and after the close of fact discovery, Plaintiffs should have a reasonable expectation of what Defendant's defenses are.

Fourth, during the Parties' meet and confer, Defendant was unable to identify any filing, argument, deposition transcript, or other mechanism that Defendant contends put Plaintiffs on notice that a defense under 740 ILCS 14/25(e) was arguably applicable to any of the hundreds of thousands of alleged BIPA violations at issue here. In fact, during discovery, Defendant did the opposite—purposely curtailing discovery to avoid producing or testifying as to its contracts with entities other than its biometric technology service providers Remprex and Nascent. Accordingly, there is no argument that Plaintiffs were on notice that Defendant might assert a government contractor defense here.

Finally, as demonstrated by the cases above that cited the government contractor exemption codified in 740 ILCS 14/25(e), there would be acute prejudice to Plaintiffs if the Court permits

Defendant to assert this defense because the law and facts relevant to this defense are not clear such that significant discovery would be required to rebut the defense. *Flores,* 2021 WL 232627, at *2 (N.D. Ill. Jan. 8, 2021) ("None of the parties' briefs regarding Section 25(e) include any citation to binding or persuasive law on this issue."); see also *Heard,* 524 F. Supp. 3d at 851 (N.D. Ill. 2021) (declining to apply government contractor exception to BIPA without discovery); *Mayhew*, 2024 WL 3650095, at *11 (S.D. Ill. Aug. 5, 2024) (same). Again, in classic document dump fashion, Defendant has produced over one hundred "contracts" between it and various entities with the word "Illinois" in their names, totaling thousands of pages. With fact discovery closed, Plaintiffs have no ability to depose or even seek discovery from the dozens of signatories to these agreements (either the Union Pacific signatories *or* the government officials), or obtain testimony regarding the performance of such alleged contracts and how it relates (if at all) to this case. Plaintiffs cannot even begin to rebut this defense that Defendant has raised at the eleventh hour.

Accordingly, the Court should find that Defendant has forfeited any argument under 740 ILCS § 14/25(e) and prohibit Defendant from entering any related testimony and evidence at class certification, summary judgment, or trial.

### A. Exclusion from BIPA Pursuant to the 14/25(e) Independent Contractor Defense is an Affirmative Defense that Must be Preserved.

On September 27, 2024, Counsel for Defendant confirmed that it is considering asserting a defense under Section 25(e) of BIPA and argued that such defense is somehow not an affirmative defense under the Federal Rules. (Ex. E, at 9.27.2024 correspondence). But even if we accept Defendant's premise as true (as demonstrated below by the Seventh Circuit's decision in *Reed,* it is not), Defendant cannot justify its failure to develop this defense during fact discovery because Defendant has at all times possessed the relevant information to develop this defense. And as set

forth above, Defendant actually did the opposite of developing this defense by refusing to produce or testify as to its contracts with entities other than its biometric technology providers Remprex and Nascent on the grounds that such contracts were "not relevant to the claim or defense of any party." (Ex. D, at Topic No. 7) Defendant has precluded Plaintiffs from deposing and otherwise seeking discovery from the dozens of Union Pacific employees involved in these purported contracts—not to mention the other signatories to the alleged contracts. The Court should thus bar Defendant's presentment of this evidence, whether it takes the form of an affirmative defense or not.

That said, the Seventh Circuit's decision in *Reed* makes clear that the government contractor exemption is an affirmative defense that must be pled and preserved. "An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *Reed,* 915 F.3d 473 fn. 1 (7th Cir. 2019) (finding that a statutory exemption to Americans with Disabilities Act constitutes an affirmative defense that must be asserted in a responsive pleading and preserved). The purpose of the rule requiring defendant to plead an affirmative defense in its answer is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail. *Id.* citing *Venters v. City of Delphi,* 123 F.3d 956, 967 (7th Cir. 1997).

"Statutory exemption is an affirmative defense[.]" *Eike v. Allergan, Inc.*, 2014 WL 1040728, at *4 (S.D. Ill. Mar. 18, 2014); see also *Reed,* at 473. Courts routinely find a statutory exemption to be an affirmative defense for which the party asserting it carries the burden of proof. "Where a statute lays out exemptions in a provision separate from the general prohibitions, the party claiming the exemption must prove it." See *Meacham v. Knolls Atomic Power Lab,* 554 U.S.

84, 91 (2008) (reading employer exemption from Age Discrimination in Employment Act to be an affirmative defense); see also *Allen v. Greatbanc Trust Co.,* 835 F.3d 670, 676 (7th Cir. 2016) (finding defendant had burden to prove statutory ERISA exemption). In *Keith v. Ferring Pharmaceuticals, Inc.,* No. 15-cv-10381, 2016 WL 5391224, at *11 (N.D. Ill. Sept. 27, 2016), the district court construed the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA")'s exemption to be an affirmative defense. The ICFA required plaintiffs-purchasers of an infertility treatment medication to prove four elements under 815 ILCS 505/10, including a deceptive act in commerce, reliance, and damages. *Id*. Defendant moved to dismiss this claim, citing the statute's safe harbor provision for FDA-approved drugs in § 505/10(b), which provided, "nothing in the Consumer Fraud Act shall apply to" state- or federally-authorized transactions. *Id*. (quoting *Price v. Philip Morris, Inc.,* 43 N.E.3d 53, 56 (Ill. 2015)). The *Keith* court ruled the exemption was an affirmative defense and denied defendant's motion to dismiss. The court reasoned plaintiffs are not required to anticipate and plead around affirmative defenses. *Id*. (citing *Hyson USA, Inc. v. Hyson 2U, Ltd.,* 821 F.3d 935, 939 (7th Cir. 2016) (collecting cases)).

Similarly here, for BIPA plaintiffs to prevail, they must simply prove the elements of their BIPA claims set forth in 740 ILCS 14/15. BIPA defendants bear the burden of demonstrating that an exemption applies to excuse, justify or otherwise negate a BIPA plaintiff's claims. *Reed,* 915 F.3d 473 fn. 1 (7th Cir. 2019). Accordingly, the government contractor exemption to BIPA is an affirmative defense under *Reed*—just as the ADA exemption in that case was. This was recently confirmed in the BIPA context in *Mayhew v. Candid Color Sys., Inc.,* 3:23-CV-2964-DWD, 2024 WL 3650095, at *11 (S.D. Ill. Aug. 5, 2024) (denying BIPA defendant's government contractor argument at the pleading stage and writing: "Here, the Court agrees with Plaintiffs that it would be imprudent to apply the government contractor exception to BIPA, contained in § 25(e), at this

stage in the case."); See also *Enriquez v. Navy Pier, Inc.*, 2022 IL App (1st) 211414-U, ¶¶ 18-19 (reviewing the applicability of § 25(e) of BIPA as an affirmative defense.). As the *Mayhew* court held in denying the defendant's motion to dismiss on the grounds that Section 25(e) is an affirmative defense that must be pleaded and proved: "Plaintiffs were not required to plead around § 25(e), and this is not one of the rare instances where the First Amended Class Action Complaint alleges all that is necessary to find that exception to BIPA is satisfied. As a result, the Court insists that Defendant []comply with the structure of the Rules by filing an answer with any appropriate affirmative defenses." *Mayhew,* at *11.

The Seventh Circuit's decision in *Reed* and all the foregoing district court cases notwithstanding, it is clear that, in practice, the rest of the defense bar does not share Defendant's position that the government contractor exemption need not be preserved as an affirmative defense. Indeed, each defendant in the BIPA cases cited above that asserted the government contractor exemption went on to assert the government contractor defense in their answers as an affirmative defense. *Flores,* No. 20-cv-01128, Dkt. 73 at 29 (N.D. Ill.) (asserting government contractor exemption to BIPA as an affirmative defense in its answer); *Figueroa,* No. 19-cv-01306, Dkt. 136 at 32 (same); *Mahew,* No. 23-cv-02964, Dkt. 55 at 34 (S.D. Ill.) (same); *see also In re: Clearview AI, Inc. Consumer Privacy Litigation,* No. 21-cv-00135, Dkt. 310 at 81 (same). Similarly, BIPA defendants arguing that the Gramm-Leach-Bliley Act exemption codified in 740 ILCS 14/25(c) exempts them from liability under BIPA also assert this affirmative defense in their answers. See *Harvey v. Resurrection University,* No. 21-cv-3203, Dkt. 45 at 27 (N.D. Ill.) (asserting GLBA exemption to BIPA as an affirmative defense); *Fee v. Illinois Institute of Technology,* No. 21-cv-2512, Dkt. 44 at 31 (N.D. Ill.) (same); *Davis v. Jumio Corp.,* No. 22-cv-00776, Dkt. 33 at 19 (same); *Patterson v. Respondus, Inc., et al.,* No. 20-cv-07692, Dkt. 81 at 40 (N.D. Ill.) (same);

*Kuklinski v. Binance Capital Management Co., et al.,* No. 21-cv-01425, Dkt. 86 at 22 (S.D. Ill.) (same); *Deyerler, et al. v. Hirevue, Inc.,* No. 22-cv-01284, Dkt. 58 at 34 (ND. Ill.) (asserting both the GLBA exemption and the government contractor exemption as affirmative defenses).

Accordingly, the Court should find that Defendant has forfeited its ability to assert the government contractor exemption codified in 740 ILCS 14/25(e) as an affirmative defense. And to the extent the Court does not find that the government contractor exemption is an affirmative defense, it should still find that Defendant has forfeited this argument due to its purposeful curtailing of fact discovery to avoid inquiry into its purported government contracts and its inexcusably late insertion of this defense through an expert.[9]

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order:

1.  Finding that Defendant has forfeited any argument or affirmative defense related to its status as contractor, subcontractor, or agent of a State agency or local unit of government;

2.  Barring use of the documents disclosed by Defendant on August 12, 2024; and

3.  Granting such further and other relief the Court deems reasonable and just.

Dated: September 30, 2024

Respectfully submitted,

DAVID FLEURY and ALVIN TURNER, individually and on behalf of similarly situated individuals,

By: /s/ *Brendan Duffner*
*One of Plaintiffs' Attorneys*

Evan M. Meyers
David L. Gerbie
Brendan Duffner
Joseph M. Dunklin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.

---

[9] As set forth in Plaintiffs' L.R. 37 Certification, the Parties were unable to agree to a briefing schedule as to the instant Motion.

Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com
jdunklin@mcgpc.com

Jon Loevy
Michael I. Kanovitz
Tom Hanson
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
Tel: (312) 243-5900
jon@loevy.com
mike@loevy.com
hanson@loevy.com

*Attorneys for Plaintiffs and the Putative Classes*

# LOCAL RULE 37 CERTIFICATION

On August 12, 2024, Defendant made a supplemental production of several thousand pages of what Defendant described as state contracts considered by its expert Adriene Bailey in her June 14, 2024 Expert Report, along with multiple other unrelated categories of information. On September 16, 2024, counsel for Plaintiffs Thomas Hanson requested a meet-and-confer regarding certain issues with Defendant's expert disclosures, including the production of several thousand pages of documents and their relation to the claims and defenses at issue in this case. (Ex. E.) On September 20, 2024, counsel for the Parties conducted a meet-and-confer videoconference attended by Thomas M. Hanson, David L. Gerbie, and Brendan Duffner for Plaintiffs and Johanna Spellman and Kathryn A. Running for Defendant. During the videoconference, counsel for Plaintiffs asked counsel for Defendant whether Defendant was attempting to assert a government contractor defense under 740 ILCS 14/25(e). Counsel for Defendant initially refused to answer, stating that Defendant was under no obligation to disclose its litigation strategy. Counsel for Plaintiff informed counsel for Defendant that it was obligated to disclose its affirmative defenses and again asked Defendant was asserting a government contractor defense under 740 ILCS 14/25(e). Counsel for Defendant stated that it would take the issue back to its client and attempt to respond in one week. On September 27, 2024, Counsel for Defendant stated that it is considering asserting a government contractor defense under 740 ILCS 14/25(e). (*Id.*) Counsel for Plaintiff then informed Counsel for Defendant that Plaintiff would be filing the instant Motion. (*Id.*) Pursuant to the Court's Case Procedures, Plaintiffs proposed a briefing schedule of 7 days and 3 days for a response and a reply. (*Id.*) Defendant countered with 21-days for its response, stating it would not agree to fewer. (*Id.*)

*/s/ Brendan Duffner*
*One of Plaintiffs' Attorneys*

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on September 30, 2024, I caused the foregoing *Plaintiffs' Opposed Motion to Bar Evidence* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to the following counsel of record:

                 /s/ *Brendan Duffner*
                 *One of Plaintiffs' Attorneys*