# EXHIBIT A

Return Date: No return date scheduled
Hearing Date: 8/31/2021 9:30 AM - 9:30 AM
Courtroom Number: 2301
Location: District 1 Court
    Cook County, IL

FILED
4/30/2021 4:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02127

*FILED DATE: 4/30/2021 4:45 PM  2021CH02127*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

LUCIA MIRANDA, individually and on behalf of all others similarly situated,

             *Plaintiff,*

    v.

PEXCO LLC, a Delaware limited liability company, and SIFFRON, an Ohio corporation,

             *Defendants.*

Case No.:

**2021CH02127**

13163166

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Lucia Miranda brings this Class Action Complaint and Demand for Jury Trial against Defendant Pexco LLC and Defendant Siffron (collectively, "Defendants") to put a stop to their unlawful collection, use, and storage of Plaintiff's and the putative Class members' sensitive biometric data. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief.

### NATURE OF THE ACTION

1.    Up until November 17, 2016, Defendant Pexco LLC operated a manufacturing facility for extruded plastic products in the State of Illinois.

2.    In a transaction which closed on November 17, 2016, the retail business of Pexco LLC was sold to FFR Merchandising, Inc., a portfolio company of Olympus Investment Partners.

3.    On August 13, 2017, a final purchase agreement was executed between FFR Merchandising, Inc., and Southern Imperial, Inc., to form a combined entity to be known as

FILED DATE: 4/30/2021 4:45 PM   2021CH02127

Siffron.

4.      Defendant Siffron is a retail merchandiser that manufactures and sells retail displays and fixtures with manufacturing plants and warehouses located throughout the State of Illinois.

5.      When employees first began their jobs at Pexco, they were required to scan their fingerprint in its biometric time tracking system as a means of authentication, instead of using only key fobs or other identification cards.

6.      Siffron, too, required—and still requires—all of its employees, including Plaintiff, to scan their fingerprints in its biometric time tracking system as a means of authentication.

7.      While there are benefits to using biometric time clocks in the workplace, there are also serious risks. Unlike key fobs or identification cards—which can be changed or replaced if stolen or compromised—fingerprints are unique, permanent biometric identifiers associated with the employee. This exposes employees to serious and irreversible privacy risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

8.      Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), specifically to regulate companies that collect and store Illinois citizens' biometrics, such as fingerprints.

9.      Despite this law, Defendants disregard their employees' statutorily protected privacy rights and unlawfully collect, store, and use their biometric data in violation of BIPA. Specifically, Defendants have violated (and Siffron continues to violate) BIPA by:

- Failing to inform Plaintiff and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

FILED DATE: 4/30/2021 4:45 PM   2021CH02127

- Failing to establish or comply with a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's fingerprints, as required by BIPA; and

- Failing to obtain a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain fingerprints, as required by BIPA.

10.    Accordingly, Plaintiff brings this action individually and on behalf of all others similarly situated, and seeks an order: (i) declaring that Defendants' conduct violates BIPA; (ii) requiring Defendants to cease the unlawful activities described herein; and (iii) awarding statutory damages to Plaintiff and the proposed Class defined below.

## PARTIES

11.    Plaintiff Lucia Miranda is a natural person and citizen of the State of Illinois.

12.    Defendant Pexco is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 6470 East Johns Crossing, Johns Creek, Georgia 30097.

13.    Defendant Siffron is a corporation organized and existing under the laws of the state of Ohio with its principal place of business at 8181 Darrow Road, Twinsburg, Ohio 44087. Siffron conducts business throughout this County and the State of Illinois.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over Defendant Pexco pursuant to 735 ILCS 5/2-209 because, during the relevant time period, Pexco was registered to do business in Illinois, conducted business transactions in Illinois, operated manufacturing plants in Illinois, and committed tortious acts in Illinois.

15.     This Court has jurisdiction over Defendant Siffron pursuant to 735 ILCS 5/2-209 because Siffron conducts business transactions in Illinois, operates warehouses and manufacturing plants Illinois, and has committed tortious acts in Illinois.

FILED DATE: 4/30/2021 4:45 PM   2021CH02127

16.     Venue is proper in Cook County because, during the relevant time period, each Defendant conducted business transactions in Cook County and operated manufacturing plants in Cook County. Venue is additionally proper because Plaintiff Miranda resides in Cook County.

## FACTUAL BACKGROUND

### I.     The Biometric Information Privacy Act.

17.     In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

18.     In late 2007, a biometrics company called Pay By Touch—which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which, are unique biometric identifiers and can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that unique biometric identifiers could now be sold to unknown third parties.

19.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House

Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

20.    BIPA is an informed consent statute which achieves its goal by making it

unlawful for a company to, among other things, "collect, capture, purchase, receive through

trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric

information, unless it *first*:

> (1) informs the subject . . . in writing that a biometric identifier or biometric
> information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term
> for which a biometric identifier or biometric information is being collected,
> stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or
> biometric information."

740 ILCS 14/15(b).

21.    BIPA specifically applies to employees who work in the State of Illinois. BIPA

defines a "written release" specifically "in the context of employment [as] a release executed by

an employee as a condition of employment." 740 ILCS 14/10.

22.    Biometric identifiers include retina and iris scans, voiceprints, scans of hand and

face geometry, and—most importantly here—fingerprints. *See* 740 ILCS 14/10. Biometric

information is separately defined to include any information based on an individual's biometric

identifier that is used to identify an individual. *See id.*

23.    BIPA also establishes standards for how employers must handle Illinois

employees' biometric identifiers and biometric information. *See* 740 ILCS 14/15(c)–(d). For

instance, BIPA requires companies to develop and comply with a written policy—made

available to the public—establishing a retention schedule and guidelines for permanently

destroying biometric identifiers and biometric information when the initial purpose for collecting

5

FILED DATE: 4/30/2021 4:45 PM   2021CH02127

such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

24.     BIPA also prohibits private entities from disclosing a person's biometric identifier or biometric information to third parties without first obtaining consent for that disclosure, 740 ILCS 14/15(d)(1), and further prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information, 740 ILCS 14/15(c).

25.     Ultimately, BIPA is simply an informed consent statute. Its narrowly tailored provisions place no absolute bar on the collection, sending, transmitting, or communicating of biometric data. BIPA simply mandates that entities wishing to engage in that conduct must make proper disclosures and implement certain reasonable safeguards.

## II.     Defendants Violate the Biometric Information Privacy Act.

26.     By the time BIPA passed through the Illinois Legislature in mid-2008, many companies who had experimented with using biometric data as an authentication method stopped doing so, at least for a time. That is because Pay By Touch's bankruptcy, described in Section I above, was widely publicized and brought attention to consumers' discomfort with the use of their biometric data.

27.     Unfortunately, Defendants failed to address these concerns. Despite being law since 2008, Defendants collect, store, and use their employees' biometric data without consent and in violation of BIPA.

28.     Specifically, when employees began work at Pexco, they were required to have their fingerprints scanned in order to enroll them in Pexco's fingerprint database.

29.     After purchasing Pexco, Defendant Siffron continued requiring Plaintiff and other employees to have their fingerprints scanned in order to enroll them in Siffron's fingerprint

FILED DATE: 4/30/2021 4:45 PM   2021CH02127

database.

30.     Defendants use an employee time tracking system that requires employees to use their fingerprints as a means of authentication. Unlike a traditional time clock, employees must use their fingerprint to "punch" in and out of work.

31.     Despite collecting and storing their employees' fingerprints, Defendants failed to inform their employees of the purposes for which they collect their sensitive biometric data or to whom the data is disclosed, if at all.

32.     Defendants similarly failed to establish a written, publicly available policy identifying their retention schedules for employees' biometric data, and guidelines for permanently destroying their employees' biometric data when the initial purpose(s) for collecting or obtaining their data is no longer relevant, as required by BIPA. An employee who leaves either company does so without any knowledge of when their biometric identifiers or biometric information will be removed from Defendants' database(s)—or if they ever will be.

33.     The Pay By Touch bankruptcy that catalyzed the passage of BIPA highlights why conduct such as Defendants'—whose employees are aware that they are providing biometric identifiers but are not aware of to whom or the full extent of the reasons they are doing so—is so dangerous. That bankruptcy spurred Illinois citizens and legislators to realize a critical point: it is crucial for people to understand when providing biometric data who exactly is collecting it, who it will be transmitted to, for what purposes, and for how long. But Defendants disregard these obligations, and instead unlawfully collect, store, and use their employees' biometric identifiers and information without proper consent.

### FACTS SPECIFIC TO PLAINTIFF MIRANDA

34.     Plaintiff Miranda previously worked at Defendants' manufacturing plant in Des

FILED DATE: 4/30/2021 4:45 PM   2021CH02127

Plaines, Illinois as an hourly employee.

35.     Both Defendants required all of their employees, including Plaintiff, to scan their fingerprints so that they could use them as an authentication method to track time. Defendants then stored Plaintiff's fingerprint data in their database.

36.     Defendants required Plaintiff Miranda to scan her fingerprint each and every time she clocked in and clocked out of work.

37.     Defendants never informed Plaintiff of the specific purposes for which it collected, stored, or used her fingerprint, or for how long they intended to retain her fingerprint in its database.

38.     Similarly, Defendants never informed Plaintiff of any biometric data retention policy it developed, nor whether they will ever permanently delete her fingerprint.

39.     Plaintiff never signed a written release allowing either Defendant to collect or store her fingerprint.

40.     Plaintiff now seeks statutory damages under BIPA as compensation for the injuries Defendants have caused.

## CLASS ALLEGATIONS

41.     **Class Definition**: Plaintiff Lucia Miranda brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a Class of similarly situated individuals, defined as follows:

> All current and former employees of Defendant Pexco and Defendant Siffron who used a finger scanner at one of Pexco's or Siffron's facilities located in Illinois.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers and directors; (3) persons who properly

execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

42. **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendants have collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of employees who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendants' records.

43. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a) whether Defendants collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

    b) whether Defendants properly informed Plaintiff and the Class of their purposes for collecting, using, and storing their biometric identifiers or biometric information;

    c) whether Defendants obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

    d) whether Defendants have sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

    e) whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

FILED DATE: 4/30/2021 4:45 PM 2021CH02127

FILED DATE: 4/30/2021 4:45 PM    2021CH02127

    f)   whether Defendants comply with any such written policy (if one exists);

    g)   whether Defendants used Plaintiff's and the Class's fingerprints to identify them;

    h)   whether the violations of BIPA were committed negligently; and

    i)   whether the violations of BIPA were committed willfully.

44.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

45.    **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be

fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS 14/15(a)**
**<u>(On Behalf of Plaintiff and the Class)</u>**

46.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47.     BIPA mandates that companies in possession of biometric data establish and

maintain a satisfactory biometric data retention (and—importantly—deletion) policy.

Specifically, those companies must: (i) develop a written policy establishing a retention schedule

and guidelines for permanent deletion of biometric data (i.e., when the employment relationship

ends); (ii) make the policy available to the public; and (iii) actually adhere to that retention

schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

48.     Unfortunately, Defendants failed to comply with these BIPA mandates.

49.     Pexco is a limited liability company and thus qualifies as a "private entity" under

BIPA.

50.     Siffron is a corporation and thus qualifies as a "private entity" under BIPA.

51.     Plaintiff and the Class are individuals who had their "biometric identifiers"

collected and possessed by Defendants (in the form of their fingerprints), as explained in detail in

Section II.

52.     Plaintiff's and the Class's biometric identifiers or information based on those

biometric identifiers were used to identify them, thus constituting "biometric information" as

defined by BIPA. *See* 740 ILCS 14/10.

53.     Defendants obtained and stored Plaintiff's and the Class's biometric identifiers

and biometric information. On information and belief, Defendants maintain custody and control

of the biometric data they possess on their servers.

FILED DATE: 4/30/2021 4:45 PM   2021CH02127

FILED DATE: 4/30/2021 4:45 PM   2021CH02127

54.     Despite collecting and possessing Plaintiff's and the Class's biometric identifiers and biometric information, Defendants violated 740 ILCS 14/15(a) by failing to develop, make publicly available, and comply with a retention schedule or guidelines for permanently destroying their employees' biometric identifiers and biometric information.

55.     By collecting, possessing, storing, using, and failing to timely delete Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendants violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA, 740 ILCS 14/1, *et seq.*

56.     On behalf of herself and the Class, Plaintiff Miranda seeks: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the possession and deletion of biometric identifiers and biometric information as described herein; (2) statutory damages of $5,000 for each willful and/or reckless violation of 740 ILCS 14/15(a) pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of 740 ILCS 14/15(a) pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3).

**SECOND CAUSE OF ACTION**
**Violation of 740 ILCS 14/15(b)**
**(On Behalf of Plaintiff and the Class)**

57.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58.     BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the

FILED DATE: 4/30/2021 4:45 PM 2021CH02127

subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…." 740 ILCS 14/15(b) (emphasis added).

59.     Unfortunately, Defendants failed to comply with these BIPA mandates.

60.     Defendants violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information.

61.     Defendants violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the Class in writing that their biometric identifiers and biometric information were being collected and stored.

62.     Defendants violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information were being collected, stored, and used.

63.     By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendants violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA, 740 ILCS 14/1, *et seq.*

64.     On behalf of herself and the Class, Plaintiff Miranda seeks: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) statutory damages of $5,000 for

FILED DATE: 4/30/2021 4:45 PM   2021CH02127

each willful and/or reckless violation of 740 ILCS 14/15(b) pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of 740 ILCS 14/15(b) pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lucia Miranda, on behalf of herself and the Class, respectfully requests that the Court enter an Order:

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Miranda as representative of the Class, and appointing her counsel as Class Counsel;

B.      Declaring that Defendants' actions, as set out above, violate BIPA;

C.      Awarding statutory damages of $5,000 for *each* willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

D.      Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Defendants to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E.      Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F.      Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.      Awarding such other and further relief as equity and justice may require.

FILED DATE: 4/30/2021 4:45 PM   2021CH02127

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**LUCIA MIRANDA**, individually and on behalf of all others similarly situated,

Dated: April 30, 2021

By: /s/Schuyler Ufkes
One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Schuyler Ufkes
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 62075

# EXHIBIT B

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

FILED
9/11/2023 4:44 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02127
Calendar, 11
24323269

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION

LUCIA MIRANDA, Individually and for
Others Similarly Situated,

            Plaintiff,

      v.

PEXCO LLC, a Delaware limited liability
company, and SIFFRON, an Ohio Corporation,

            Defendants.

Case No. 2021-CH-02127

Hon. Judge Pamela McLean Meyerson

## <u>NOTICE OF FILING OF AUGUST 23, 2023 TRANSCRIPT OF HEARING</u>

TO:    All Counsel of Record

    PLEASE TAKE NOTICE that on September 11, 2023, we filed with the Circuit Court of Cook County, Illinois, Chancery Division, the attached August 23, 2023 Transcript of Hearing, a copy of which will be served upon you via the Court's electronic filing system.

**Dated:** September 11, 2023

Respectfully submitted,

*/s/ Danielle M. Kays*
Danielle M. Kays
dkays@seyfarth.com
Paul J. Yovanic
pyovanic@seyfarth.com
James P. Nasiri
jnasiri@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Phone: (312) 460-5000
Facsimile: (312) 460-7000

***Attorneys for Pexco LLC***

FILED DATE: 9/11/2023 4:44 PM  2021CH02127

## <u>CERTIFICATE OF SERVICE</u>

I, Danielle M. Kays, an attorney, hereby certify that on September 11, 2023, I caused a true and correct copy of the foregoing NOTICE OF FILING OF AUGUST 23, 2023 TRANSCRIPT OF HEARING to be electronically served on counsel of record via this court's electronic filing system.

*/s/ Danielle M. Kays*
_____

98158636v.1 / 113538-000003

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

# Attachment A

FILED DATE: 9/11/2023 4:44 PM   2021CH02127



**Transcript of Proceedings had in**
**Lucia Miranda v. Pexco, LLC**

**Taken On:** August 23, 2023

Royal Reporting Services, Inc.
Phone: 312.361.8851
Email: info@royalreportingservices.com
Website: royalreportingservices.com

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, CHANCERY DIVISION

LUCIA MIRANDA, Individually and      )
for Others Similarly Situated,       )
                                     )
                    Plaintiff,       )
                                     )
         vs.                         )  No. 2021 CH 02127
                                     )
PEXCO, LLC, a Delaware limited       )
liability company,                   )
                                     )
                    Defendant.       )


            REPORT OF PROCEEDINGS had at the hearing

via videoconference in the above-entitled cause before

the HONORABLE PAMELA MCLEAN MEYERSON, Judge of said

Court, commencing at 2:11 p.m. on August 23rd, 2023.

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 2

```
 1   APPEARANCES (via videoconference):

 2       EDELSON, PC
         MS. ZOE E. SEAMAN-GRANT
 3       350 North LaSalle Street
         14th Floor
 4       Chicago, Illinois 60654
         Phone:  312.589.6370
 5       E-mail:  zseaman-grant@edelson.com

 6           On behalf of the Plaintiff;

 7       SEYFARTH SHAW, LLP
         MS. DANIELLE M. KAYS
 8       233 South Wacker Drive
         Suite 8000
 9       Chicago, Illinois 60606
         Phone:  312.460.5000
10       E-mail:  dkays@seyfarth.com

11           On behalf of the Defendant.

12
                 *   *   *   *   *
13

14

15

16

17

18

19

20

21

22

23

24
```

FILED DATE: 9/11/2023 4:44 PM  2021CH02127

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM  2021CH02127

Page 3

1          (Whereupon, proceedings were had via

2           videoconference.)

3     THE COURT:  We are here on Miranda vs. Pexco, LLC,

4 2021 CH 2127.  We're here for argument on the motion to

5 dismiss.

6          Who do we have with us?

7     MS. SEAMAN-GRANT:  Good morning -- or good

8 afternoon, I guess, Your Honor.  Zoe Seaman-Grant for

9 plaintiff.

10     THE COURT:  Okay.  You're muted.

11     MS. KAYS:  Good afternoon.  Danielle Kays on behalf

12 of defendant.

13     THE COURT:  All right.  So I took a look at your

14 briefs, and I'm ready to hear your arguments, starting

15 with the movant, defendant.

16     MS. KAYS:  Thank you, Your Honor.

17          We move to dismiss because, under the language

18 of the statutes, government contractors are exempted.

19 The query is whether the defendant was a contractor.  The

20 statute says nothing in this act shall apply to a

21 contractor, subcontractor, or agent of the state agency

22 or local unit of government when working for that state

23 agency or local unit of government.

24          The only case that decided this issue was the

Royal Reporting Services, Inc.
312.361.8851

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 4

1    First Circuit Court of Appeals, Enriquez vs. Navy Pier.

2    And in that decision, they interpret it as we suggest,

3    that the inquiry is whether the entity was performing

4    services for the contract.

5           Nothing in the act says that the plaintiff had

6    to work for the government contract.  Nothing in the act

7    even references the individual at all.  The exemption is

8    on behalf of the entity; and, therefore, we're moving to

9    dismiss based on this exemption under BIPA.  As we stated

10   in our briefs, Pexco, beginning in 2013, including in

11   2016, when the plaintiff worked at Pexco and through the

12   present, has been a government contractor.  Specifically

13   with respect to the local unit of government, as stated

14   in the -- in the BIPA exemption, they had a contract with

15   Chicago Surface Mount Flexible Tubular Markets [sic].

16          We've provided evidence from a declaration on

17   behalf of defendants that shows that contract shows that

18   they were continuing to do work and issued invoices on

19   behalf of that contract throughout, but including, in

20   2016.  And because of that status as a government

21   contractor, they're exempt.

22          In addition, we've also cited that they were a

23   federal contractor.  And under the law again, the

24   difference between federal contractors and state and

Royal Reporting Services, Inc.
312.361.8851

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 5

1   local government contractors should be the same.  But,

2   regardless, again, it's very clear that they are a local

3   unit government contractor and have been since 2013.

4   So we move to dismiss on that basis.

5            We also move to dismiss and strike the --

6        THE COURT:  That's a 2-619 motion, right?

7        MS. KAYS:  Yes, correct.

8        THE COURT:  Okay.

9        MS. KAYS:  Per our 2 -- our 5/2-615 motion, we also

10  move to strike for failure to state a claim for damages.

11  You know, in a nutshell, there is no evidence at all that

12  distinguishes this from any other -- I'm sorry.  Strike

13  that.

14            There's no assertions and there's no claims --

15  there's no pleading at all that distinguishes this from

16  any other BIPA case.  It's just a conclusory statement

17  that the plaintiff is entitled to damages for reckless

18  conduct, and there's no statement in there of why -- or

19  facts to support the claim that damages are -- or should

20  be awarded under the reckless damages provision.

21       THE COURT:  Did you cite any case that said that

22  that is an element that has to be pled in a BIPA claim?

23       MS. KAYS:  We cited a number of cases, Your Honor,

24  the Rogers vs. CSX.  We also cited --

FILED DATE: 9/11/2023 4:44 PM  2021CH02127

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 6

1      THE COURT:  I'm talking about specifically not --

2  not what we have to plead to show the heightened damages,

3  the $5,000.  But does there have to be -- is there any

4  case that you've cited that says it is an element of the

5  claim that you have to plead to the claim, the $1,000 in

6  damages?

7      MS. KAYS:  Both cases that we've cited have stated

8  that in order to plead and seek damages for reckless

9  conduct --

10      THE COURT:  No.  Reckless would be the enhanced

11  damages, would be the 5,000.  I'm talking about the

12  $1,000.

13      MS. KAYS:  Oh, we have not cited -- well, I think

14  what we're moving to strike, I believe, is the

15  recklessness portion of the damages.

16      THE COURT:  You're not asking to strike the request

17  for a thousand dollars in damages?

18      MS. KAYS:  They haven't cited facts to suggest

19  negligence either, and I believe that the case --

20      THE COURT:  My question is whether there are any

21  cases that say that, in order to seek the thousand-dollar

22  damages, you'd have to allege in the complaint that there

23  was negligence.

24      MS. KAYS:  I don't believe I've seen negligence -- I

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 7

1   don't have a case offhand that says that negligence has

2   been stricken for failure to plead that.  It's the

3   heightened recklessness damages.

4        THE COURT:  Okay.  Anything else?

5        MS. KAYS:  No, Your Honor.  Thank you.

6        THE COURT:  All right.  Ms. Grant.

7        MS. SEAMAN-GRANT:  Your Honor, on this government

8   contractor argument, Pexco raises two government

9   contracts, a federal contract as well as a contract with

10  the City of Chicago.  The problem for Pexco is that they

11  don't show that they were working for those contractors

12  when they collected plaintiff's and the proposed class's

13  fingerprints.

14             So we completely agree with defendant that the

15  correct inquiry is whether an entity was working for a

16  government contractor.  The problem is, Pexco interprets

17  the language "when working for" to simply mean that an

18  entity has a government contract.  Pexco doesn't provide

19  any evidence that the fingerprinting was related to its

20  fulfillment of those plastic contracts.  They don't argue

21  that they were required to collect employee fingerprints.

22  They don't even argue that they were required to collect

23  employee time pursuant to those contracts.

24             So what Pexco is effectively asking for is a

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 8

1    mass of expansion of the subcontractor exception.  They

2    cite to the Enriquez case, which the First District

3    decided.  But Enriquez doesn't have anything to say about

4    this case because in Enriquez, the defendant -- their

5    entire existence was premised on fulfilling obligations

6    for a public entity.  So everything they did was pursuant

7    to that government contract, which included direct

8    delegation to do things like track employee time, you

9    know, set working hours, and set employee policies.

10            Here, Pexco hasn't provided similar evidence

11   that it was -- delegated that authority or even told that

12   it needed to collect employee time.  The one piece of

13   evidence they do cite --

14   THE COURT:  Would it make a difference if they were

15   required to or not if they were, in fact, doing it?

16   MS. SEAMAN-GRANT:  Your Honor, I believe so because

17   in that case, then, it would be an explicit requirement

18   of the government contract.

19            The whole point of the government contractor

20   exception is, presumably, that the legislature didn't

21   want to interfere with contracts between government

22   entities and private parties.  So in the case where the

23   government contract explicitly says, "You need to track

24   employee time; you need to, for instance, track it

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 9

1    accurately," then it makes sense that the private entity

2    would be permitted to, for instance, use biometric time

3    tracking because that's an explicit requirement of the

4    contract.

5             But in contrast to this situation, where --

6    that's really tangential, right?  That's an internal

7    Pexco policy that they've decided to implement.  It's not

8    something that the City of Chicago or the federal

9    government required as part of their contract.

10            So it's just a difference of opinion of what

11   the "when working for" language itself means, because if

12   you take Pexco's argument about "when working for" --

13   that merely having a government contract gives a blanket

14   exemption to BIPA, that would mean that any entity with a

15   government contract would be universally exempt from BIPA

16   in every circumstance, no matter how attenuated it is,

17   from the government contract itself.

18            It makes much more sense to embrace a more

19   narrow reading of "when working for" that means the

20   alleged BIPA violations arose out of or related to the

21   contract itself.  And that's entirely consistent with

22   federal law on derivative immunity; for instance, in

23   Campbell-Ewald v. Gomez, which we cite in our brief,

24   which says that the derivative immunity is only limited

FILED DATE: 9/11/2023 4:44 PM    2021CH02127

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 10

1    to when an entity is fulfilling roles and functions

2    pursuant to that government contract.

3           So a reading of BIPA "when working for" is

4    highly consistent with the derivative immunity that

5    already exists for federal contractors, and we think

6    that's a much more appropriate understanding of the word.

7       THE COURT:  Just so I understand this argument, so

8    you -- the statute says the exemption says that an entity

9    is exempt under Section 25(e) if its contractor, unit --

10   a unit of government and was working for that unit of

11   government at the time it collected or disseminated

12   biometric information.  So is your argument that -- that

13   at the time is not just related to -- that there needs to

14   be a showing other than that there was a contract in

15   place?  What more are you looking for?

16      MS. SEAMAN-GRANT:  Yes, Your Honor.  And I think

17   maybe a hypothetical would help here.

18           So, for example, law enforcement agencies

19   frequently use private fingerprinting companies to

20   perform fingerprinting for them.  In that case, that

21   would be clearly when working for the government agency.

22   So if the private fingerprinting company, for instance,

23   collected biometric fingerprints as part of that, we

24   would say they were exempt from BIPA because it was part

Royal Reporting Services, Inc.
312.361.8851

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 11

1    of their government contract.  They were clearly working

2    for the government when they collected that biometric

3    data.

4              In contrast, this is super dissimilar from

5    that.  You know, Pexco was not in any way collecting

6    fingerprint data in order to produce plastic parts for

7    the City of Chicago.  So I think there are pretty clear

8    instances; for instance, Navy Pier, when they delegate

9    all decision-making authority, all employee timekeeping

10   authority to the private entity itself.

11             So, yes, our view is that the "when working

12   for" exemption needs to be related to the government

13   contract.  It's not satisfied by merely having a

14   government contract.

15   THE COURT:  Okay.  Go ahead.

16   MS. SEAMAN-GRANT:  Your Honor, I want to briefly

17   touch on -- before I move on from the government contract

18   argument, in defendant's response to plaintiff's

19   sur-reply, they raise this Prevailing Wage Act argument,

20   where they say that the Prevailing Wage Act required them

21   to report wage and hour time tracking to the City of

22   Chicago.  But the portion of the contract that they cite

23   says the Prevailing Wage Act only applies to contractors

24   who are performing public work construction within the

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 12

1    meaning of the Illinois Prevailing Wage Act.

2         And, Your Honor, creating plastic tubes for

3    the City of Chicago, Pexco makes no argument that that's

4    a public work or that's construction for the City of

5    Chicago.  They don't make any argument that the

6    Prevailing Wage Act actually applied in this case.  They

7    don't make any argument that the contract actually

8    required them to collect wage and timekeeping for the

9    City of Chicago.  This is just not a case where there's

10   any contractual obligation on Pexco to perform time

11   tracking for either the federal or the local unit of

12   government.

13        But on to Pexco's argument that there is some

14   pleading standard that we have to meet regarding

15   liquidated damages, Your Honor, almost every Court who

16   has considered this have said that is not a substantive

17   pleading requirement.

18        When the Supreme Court decided Rosenbach, the

19   Supreme Court said that the only allegation that a

20   plaintiff needs to prove is a violation of the act to

21   show entitlement to seek liquidated damages.  So

22   Rosenbach simply says, If you can establish that an

23   entity violated the act, then you are entitled to

24   liquidated damages, should you be able to prove later on

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 13

1    that the entity negligently or recklessly violated the

2    act, but it is not, at the pleading stage, a substantive

3    pleading requirement.

4           And as Your Honor pointed out, Pexco doesn't

5    cite to cases that say that that pleading requirement is

6    necessary at the pleading stage.

7           But further on, Pexco's argument that there's

8    some sort of standard of care for BIPA, much of Pexco's

9    argument is that there must be a reasonableness standard,

10   and they essentially impose the common law negligence

11   standard on BIPA.  But a statute fixes its own standard

12   of care, whereas here, it defines what a violation looks

13   like and what a violation of the act constitutes.

14          BIPA simply does not incorporate a common law

15   negligence standard because BIPA itself fixes the

16   standard of care that entities need to follow.  So to the

17   extent that Pexco has any argument that it acted

18   reasonably or that it used reasonable care, that's simply

19   not relevant to evaluating whether an entity violated

20   BIPA.  It might be relevant in determining damages at a

21   later stage, but at this stage, it has simply no

22   relevance to the question.

23          And that's all, Your Honor.

24       THE COURT:  Any rebuttal?

Royal Reporting Services, Inc.
312.361.8851

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 14

1      MS. KAYS:  Yes, Your Honor.

2           So in plaintiff's opposition argument, she

3  said that if we were required to track time under our

4  agreement, then this exemption would apply.  Not only

5  does the provision about the prevailing wage rates say

6  very roundly that the contractor is supposed to comply

7  with all requirements of the act, that it's supposed to

8  pay laborers, workers, and mechanics and all wages, the

9  prevailing rate of wages, it also says that it's supposed

10  to comply broadly, if you look at Section 3.3 and then

11  3.3.1, with all ordinances, laws, rules, regulations,

12  whether they are asserted in the contract and whether or

13  not they appear in that.

14           It specifically says in this contract that we

15  are required to track the hours of the workers.  And

16  given plaintiff's admission that if that were the case,

17  then this would fall under their exemption, I think that,

18  you know, their argument fails.

19           On top of it, they are presuming legislative

20  intents --

21      THE COURT:  It doesn't say that you have to track

22  them using a biometric system, right?

23      MS. KAYS:  No, but how it's being tracked -- and I

24  think the plaintiff did not distinguish that it had to

Royal Reporting Services, Inc.
312.361.8851

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM  2021CH02127

Page 15

1    say that it was being tracked via a biometric system.

2    And the Court even asked if we were required to track

3    time under this agreement, would the exemption apply?

4         And it specifically does talk about tracking

5    the agreement.  But, regardless, none of that is in the

6    language of the statute.  There's no -- plaintiff cited

7    to no legislative intent.  That's purely their argument.

8         And they can't cite, you know, that there's

9    any implication that a government contractor needs to

10   prove things in order to be deemed a government

11   contractor under this exception.  The language is very

12   simple, and it simply says that -- excuse me.  It simply

13   says that it applies to an entity that is a contractor,

14   subcontractor, or agent of the state or local unit of

15   government, and it says when working for that state or

16   local unit of government.

17        The appellate court has spoken that the

18   inquiry is whether they're performing services.  There's,

19   again, nothing that says that we have to jump through

20   hoops and say that this certain employee was working on

21   the contract, that we were -- you know, their analogy

22   about a fingerprinter working for a unit of government is

23   no different than any other contractor that performs

24   services for a government.

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 16

1          Those are not -- that's not working for.

2     That's simply a service agreement the way they describe

3     it.  And, again, there's nothing in here that says that

4     there are all these additional requirements to exempt an

5     entity under BIPA.

6          THE COURT:  So summarize for me in terms of the time

7     requirement that you say is the requirement that applies

8     here that was working for that unit of government.  The

9     allegation is that this plaintiff worked for Pexco during

10    what period, and your affidavit or other proof says that

11    they were a government subcontractor during what period?

12    What are the dates we're talking about?

13         MS. KAYS:  Yes.  So the government contract that

14    we've cited to, that began in 2013.

15         THE COURT:  When you say "government contract,"

16    which one?  Federal or the City?

17         MS. KAYS:  I'm talking about the City right now.

18         THE COURT:  Okay.

19         MS. KAYS:  So Pexco contracted with Chicago Surface

20    Mount Flexible Tubular Markets that began in 2013.  It

21    continued.  It was still in effect in 2016 per the

22    declaration.  And it's --

23         THE COURT:  For the record, the declaration was

24    attached to the reply?

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 17

1    MS. KAYS:  Correct.  And --

2    THE COURT:  Okay.  That is Exhibit what?

3    MS. KAYS:  That is Exhibit 1.  No.  Sorry.  Excuse

4  me.  So it's Exhibit A.  And Exhibit A also has an

5  Exhibit 1 and 2 attached to it.  Actually, excuse me.

6  Yes.

7        And just to clarify, Your Honor, during the

8  course of -- after filing our motion, we attached this

9  declaration to our reply because we had discovered

10  information from our clients.  We asked to refile the

11  motion before plaintiff opposed it.  They declined and

12  said that they were okay with us raising this in our

13  reply, which is --

14    THE COURT:  Then we had the sur-reply?

15    MS. KAYS:  Correct, yes.

16    THE COURT:  Okay.

17    MS. KAYS:  So that contract has continued as of the

18  dates of the declaration, which -- excuse me -- it was

19  right before we filed this, so April 2023.  The contract

20  was still in effect.  There was also --

21    THE COURT:  But the allegation is that the plaintiff

22  left in 2016?

23    MS. KAYS:  She worked there in -- I believe she --

24  in 2016, correct.  So this government contract that we

Royal Reporting Services, Inc.
312.361.8851

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 18

1   are referring to was in place when she was employed.

2       THE COURT:  All right.  And what is the -- we don't

3   have a -- we don't have any class certified yet, but what

4   was the proposed class definition?

5           Ms. Seaman-Grant, people who worked at

6   defendants through what?

7       MS. SEAMAN-GRANT:  In 2016.

8       THE COURT:  2016?

9       MS. SEAMAN-GRANT:  Yes.

10      THE COURT:  And that was the cutoff?

11      MS. SEAMAN-GRANT:  Yes.  I'm just confirming, but --

12      MS. KAYS:  The lawsuit was filed April 30th, 2021.

13      THE COURT:  All right.  I guess it doesn't have --

14  it doesn't have a time built into the damages, it looks

15  like, in the complaint.

16          Okay.  All right.  Anything else in rebuttal?

17      MS. KAYS:  No.  I mean, one thing, again, that we

18  raise in our briefs is that if we had to prove that a

19  certain plaintiff was specifically performing work for a

20  specific contract, which, again, we argue there's nothing

21  in legislative intents that -- and there's nothing that

22  plaintiff can cite to other than their own inferences,

23  and there's nothing in the language that says that.  But

24  if we did, then we would have to treat this employee

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 19

1   differently any day that they worked on a different

2   contract.

3           And so it's just -- it's not feasible.  It's

4   not something that is indicated anywhere within the

5   statute or legislature that this is how this entity that

6   is a government contractor should be treated.  It's a

7   broad exemption, and we ask that the Court find that the

8   plaintiff -- or that the defendant, my client, is exempt

9   under that.

10          And then with respect to the recklessness,

11  again, there's no indication here that plaintiff has done

12  anything other than -- the plaintiff -- excuse me.

13          There's nothing in the complaint that asserts

14  any facts to support a reckless damage.  Rosenbach

15  doesn't address the recklessness pleading standard.

16  Instead, it says there does not need to be damages or

17  injury to a plaintiff.  But that has nothing to do with

18  whether they can assert recklessness without supporting

19  any -- in providing any facts to support that claim and

20  just by simply parroting the statute alone.

21      THE COURT:  Okay.  I am going to give you an oral

22  ruling.  I'm going to take a recess.  You've got a court

23  reporter here.  Why don't you come back in about

24  15 minutes.  Okay?  You can stay in the meeting.  Just

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM 2021CH02127

Page 20

1    stop your video, mute yourself; and I'll come back and

2    give you a ruling on it.  Okay?

3         MS. KAYS:  Thank you, Your Honor.

4         THE COURT:  Thank you.  Court is in recess.

5                   (A short break was had.)

6         THE COURT:  Thank you for your arguments.

7              First of all, I will talk about the 2-619

8    argument.  This is defendant's argument under

9    Section 2-619(a)(9), which says that there's other

10   affirmative matter that defeats the claim.  Defendant has

11   the burden to plead and prove on the 2-619 that there is

12   this affirmative matter and that because of the

13   affirmative matter, plaintiff cannot prevail even if the

14   allegations of the complaint are all true.

15             So defendant argued that it is exempt from

16   BIPA under Section 25(e) of BIPA, which provides that

17   nothing in this act shall be construed by/to a

18   contractor, subcontractor, or agent of a state agency or

19   unit of local government, whether working for that state

20   agent or unit of local government.

21             So the key issue here is the phrase "when

22   working for."  What does "when working for" mean?  And my

23   finding is that that means that it is during the same

24   period of time that plaintiff was working for the

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Page 21

1   defendant.  It does not mean while defendant is actively

2   working on fulfilling the government contract or while

3   plaintiff is working on that contract.  It's a temporal

4   question.  The question is, was plaintiff working for

5   defendant during the same time that defendant had a

6   government contract and was a government contractor or

7   subcontractor?

8            And here, I find that defendant has proven,

9   with an uncontested affidavit, which was attached to the

10  reply, that defendant did have a government subcontract

11  with the company that was a contractor for the City of

12  Chicago during the time that plaintiff worked for

13  defendant.

14           So I am going to grant the motion to dismiss

15  under Section 2-619.  And it does not appear to me that

16  there is a way that that can be cured, and so it's going

17  to be with prejudice, and we don't need to reach the

18  2-615 arguments.

19           So what I would like the movant to do, the

20  counsel for defendant, is to -- is to draft a simple

21  order that says, "For the reasons explained on the

22  record, the Court grants the motion to dismiss under

23  Section 2-619" and attach a copy of the -- not attach it,

24  but file a copy of the transcript sometime, let's say, in

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 22

1    the next week.

2              Okay?

3         MS. SEAMAN-GRANT:  Yes.  Thank you, Your Honor.

4         THE COURT:  Okay.  So that will be -- I also want

5    the order to indicate that that's a final order disposing

6    of all matters.

7         MS. KAYS:  Your Honor, should we write in there that

8    it grants the motion with prejudice?

9         THE COURT:  Yes.

10        MS. KAYS:  Thank you, Your Honor.

11        THE COURT:  Okay.  Good.  And so we'll look for that

12   order, if not later this afternoon -- it shouldn't be

13   that difficult -- but by tomorrow morning, the latest,

14   okay, after you run that past plaintiff's counsel.

15        MS. KAYS:  Thank you, Your Honor.

16        THE COURT:  Thank you.  Court is in recess.

17        MS. SEAMAN-GRANT:  Thanks, Your Honor.

18                      (Whereupon, the hearing concluded at

19                       3:02 p.m.)

20                      (Which were all the proceedings had

21                       in the above-entitled cause on this

22                       date.)

23

24

Royal Reporting Services, Inc.
312.361.8851

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 23

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

1   STATE OF ILLINOIS      )

2                          )  SS.

3   COUNTY OF COOK         )

4

5           Tina M. Hickey, being first duly sworn, on oath

6   says that she is a Certified Shorthand Reporter

7   doing business in the City of Chicago, County of Cook and

8   the State of Illinois;

9           That she reported in shorthand the proceedings

10  had at the foregoing hearing via videoconference;

11          And that the foregoing is a true and correct

12  transcript of her shorthand notes so taken as aforesaid

13  and contains all the proceedings had at the said hearing.

14          Witness my official signature as a Certified

15  Shorthand Reporter in the State of Illinois on

16  September 11th, 2023.

17

18          _____
            TINA M. HICKEY, CSR
19          161 North Clark Street
            Suite 3050
20          Chicago, Illinois 60601
            Phone:  312.361.8851
21

22

23
    CSR No. 084-003858
24

Royal Reporting Services, Inc.
312.361.8851

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 24

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

**A**

**able** 12:24
**above-entitled** 1:12 22:21
**accurately** 9:1
**act** 3:20 4:5,6 11:19,20,23 12:1,6,20,23 13:2,13 14:7 20:17
**acted** 13:17
**actively** 21:1
**addition** 4:22
**additional** 16:4
**address** 19:15
**admission** 14:16
**affidavit** 16:10 21:9
**affirmative** 20:10,12,13
**aforesaid** 23:12
**afternoon** 3:8,11 22:12
**agencies** 10:18
**agency** 3:21,23 10:21 20:18
**agent** 3:21 15:14 20:18,20
**agree** 7:14
**agreement** 14:4 15:3,5 16:2
**ahead** 11:15
**allegation** 12:19 16:9 17:21
**allegations** 20:14
**allege** 6:22
**alleged** 9:20
**analogy** 15:21
**Appeals** 4:1
**appear** 14:13 21:15
**APPEARAN...** 2:1

**appellate** 15:17
**applied** 12:6
**applies** 11:23 15:13 16:7
**apply** 3:20 14:4 15:3
**appropriate** 10:6
**April** 17:19 18:12
**argue** 7:20,22 18:20
**argued** 20:15
**argument** 3:4 7:8 9:12 10:7 10:12 11:18,19 12:3,5,7,13 13:7,9,17 14:2 14:18 15:7 20:8,8
**arguments** 3:14 20:6 21:18
**arose** 9:20
**asked** 15:2 17:10
**asking** 6:16 7:24
**assert** 19:18
**asserted** 14:12
**assertions** 5:14
**asserts** 19:13
**attach** 21:23,23
**attached** 16:24 17:5,8 21:9
**attenuated** 9:16
**August** 1:14
**authority** 8:11 11:9,10
**awarded** 5:20

**B**

**back** 19:23 20:1
**based** 4:9
**basis** 5:4
**began** 16:14,20
**beginning** 4:10

**behalf** 2:6,11 3:11 4:8,17,19
**believe** 6:14,19 6:24 8:16 17:23
**biometric** 9:2 10:12,23 11:2 14:22 15:1
**BIPA** 4:9,14 5:16,22 9:14 9:15,20 10:3 10:24 13:8,11 13:14,15,20 16:5 20:16,16
**blanket** 9:13
**break** 20:5
**brief** 9:23
**briefly** 11:16
**briefs** 3:14 4:10 18:18
**broad** 19:7
**broadly** 14:10
**built** 18:14
**burden** 20:11
**business** 23:7
**by/to** 20:17

**C**

**Campbell-Ew...** 9:23
**care** 13:8,12,16 13:18
**case** 3:24 5:16 5:21 6:4,19 7:1 8:2,4,17,22 10:20 12:6,9 14:16
**cases** 5:23 6:7 6:21 13:5
**cause** 1:12 22:21
**certain** 15:20 18:19
**certified** 18:3 23:6,14
**CH** 1:6 3:4

**CHANCERY** 1:2
**Chicago** 2:4,9 4:15 7:10 9:8 11:7,22 12:3,5 12:9 16:19 21:12 23:7,20
**Circuit** 1:1 4:1
**circumstance** 9:16
**cite** 5:21 8:2,13 9:23 11:22 13:5 15:8 18:22
**cited** 4:22 5:23 5:24 6:4,7,13 6:18 15:6 16:14
**City** 7:10 9:8 11:7,21 12:3,4 12:9 16:16,17 21:11 23:7
**claim** 5:10,19,22 6:5,5 19:19 20:10
**claims** 5:14
**clarify** 17:7
**Clark** 23:19
**class** 18:3,4
**class's** 7:12
**clear** 5:2 11:7
**clearly** 10:21 11:1
**client** 19:8
**clients** 17:10
**collect** 7:21,22 8:12 12:8
**collected** 7:12 10:11,23 11:2
**collecting** 11:5
**come** 19:23 20:1
**commencing** 1:14
**common** 13:10 13:14

**companies** 10:19
**company** 1:8 10:22 21:11
**complaint** 6:22 18:15 19:13 20:14
**completely** 7:14
**comply** 14:6,10
**concluded** 22:18
**conclusory** 5:16
**conduct** 5:18 6:9
**confirming** 18:11
**considered** 12:16
**consistent** 9:21 10:4
**constitutes** 13:13
**construction** 11:24 12:4
**construed** 20:17
**contains** 23:13
**continued** 16:21 17:17
**continuing** 4:18
**contract** 4:4,6 4:14,17,19 7:9 7:9,18 8:7,18 8:23 9:4,9,13 9:15,17,21 10:2,14 11:1 11:13,14,17,22 12:7 14:12,14 15:21 16:13,15 17:17,19,24 18:20 19:2 21:2,3,6
**contracted** 16:19
**contractor** 3:19 3:21 4:12,21 4:23 5:3 7:8,16 8:19 10:9 14:6

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 25

FILED DATE: 9/11/2023 4:44 PM    2021CH02127

15:9,11,13,23
19:6 20:18
21:6,11
**contractors** 3:18
4:24 5:1 7:11
10:5 11:23
**contracts** 7:9,20
7:23 8:21
**contractual**
12:10
**contrast** 9:5
11:4
**Cook** 1:1 23:3,7
**copy** 21:23,24
**correct** 5:7 7:15
17:1,15,24
23:11
**counsel** 21:20
22:14
**County** 1:1,2
23:3,7
**course** 17:8
**court** 1:1,14 3:3
3:10,13 4:1 5:6
5:8,21 6:1,10
6:16,20 7:4,6
8:14 10:7
11:15 12:15,18
12:19 13:24
14:21 15:2,17
16:6,15,18,23
17:2,14,16,21
18:2,8,10,13
19:7,21,22
20:4,4,6 21:22
22:4,9,11,16
22:16
**creating** 12:2
**CSR** 23:18,23
**CSX** 5:24
**cured** 21:16
**cutoff** 18:10

**D**

**damage** 19:14

**damages** 5:10
5:17,19,20 6:2
6:6,8,11,15,17
6:22 7:3 12:15
12:21,24 13:20
18:14 19:16
**Danielle** 2:7
3:11
**data** 11:3,6
**date** 22:22
**dates** 16:12
17:18
**day** 19:1
**decided** 3:24 8:3
9:7 12:18
**decision** 4:2
**decision-maki...**
11:9
**declaration** 4:16
16:22,23 17:9
17:18
**declined** 17:11
**deemed** 15:10
**defeats** 20:10
**defendant** 1:9
2:11 3:12,15
3:19 7:14 8:4
19:8 20:10,15
21:1,1,5,5,8,10
21:13,20
**defendant's**
11:18 20:8
**defendants** 4:17
18:6
**defines** 13:12
**definition** 18:4
**Delaware** 1:7
**delegate** 11:8
**delegated** 8:11
**delegation** 8:8
**DEPARTME...**
1:2
**derivative** 9:22
9:24 10:4
**describe** 16:2

**determining**
13:20
**difference** 4:24
8:14 9:10
**different** 15:23
19:1
**differently** 19:1
**difficult** 22:13
**direct** 8:7
**discovered** 17:9
**dismiss** 3:5,17
4:9 5:4,5 21:14
21:22
**disposing** 22:5
**disseminated**
10:11
**dissimilar** 11:4
**distinguish**
14:24
**distinguishes**
5:12,15
**District** 8:2
**DIVISION** 1:2
**dkays@seyfar...**
2:10
**doing** 8:15 23:7
**dollars** 6:17
**draft** 21:20
**Drive** 2:8
**duly** 23:5

**E**

**E** 2:2
**E-mail** 2:5,10
**EDELSON** 2:2
**effect** 16:21
17:20
**effectively** 7:24
**either** 6:19
12:11
**element** 5:22 6:4
**embrace** 9:18
**employed** 18:1
**employee** 7:21
7:23 8:8,9,12

8:24 11:9
15:20 18:24
**enforcement**
10:18
**enhanced** 6:10
**Enriquez** 4:1
8:2,3,4
**entire** 8:5
**entirely** 9:21
**entities** 8:22
13:16
**entitled** 5:17
12:23
**entitlement**
12:21
**entity** 4:3,8 7:15
7:18 8:6 9:1,14
10:1,8 11:10
12:23 13:1,19
15:13 16:5
19:5
**essentially** 13:10
**establish** 12:22
**evaluating**
13:19
**evidence** 4:16
5:11 7:19 8:10
8:13
**example** 10:18
**exception** 8:1,20
15:11
**excuse** 15:12
17:3,5,18
19:12
**exempt** 4:21
9:15 10:9,24
16:4 19:8
20:15
**exempted** 3:18
**exemption** 4:7,9
4:14 9:14 10:8
11:12 14:4,17
15:3 19:7
**Exhibit** 17:2,3,4
17:4,5

**existence** 8:5
**exists** 10:5
**expansion** 8:1
**explained** 21:21
**explicit** 8:17 9:3
**explicitly** 8:23
**extent** 13:17

**F**

**fact** 8:15
**facts** 5:19 6:18
19:14,19
**fails** 14:18
**failure** 5:10 7:2
**fall** 14:17
**feasible** 19:3
**federal** 4:23,24
7:9 9:8,22 10:5
12:11 16:16
**file** 21:24
**filed** 17:19 18:12
**filing** 17:8
**final** 22:5
**find** 19:7 21:8
**finding** 20:23
**fingerprint** 11:6
**fingerprinter**
15:22
**fingerprinting**
7:19 10:19,20
10:22
**fingerprints**
7:13,21 10:23
**first** 4:1 8:2 20:7
23:5
**fixes** 13:11,15
**Flexible** 4:15
16:20
**Floor** 2:3
**follow** 13:16
**foregoing** 23:10
23:11
**frequently**
10:19
**fulfilling** 8:5

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 26

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

10:1 21:2
**fulfillment** 7:20
**functions** 10:1
**further** 13:7

---
**G**
---
**give** 19:21 20:2
**given** 14:16
**gives** 9:13
**Go** 11:15
**going** 19:21,22
 21:14,16
**Gomez** 9:23
**good** 3:7,7,11
 22:11
**government**
 3:18,22,23 4:6
 4:12,13,20 5:1
 5:3 7:7,8,16,18
 8:7,18,19,21
 8:23 9:9,13,15
 9:17 10:2,10
 10:11,21 11:1
 11:2,12,14,17
 12:12 15:9,10
 15:15,16,22,24
 16:8,11,13,15
 17:24 19:6
 20:19,20 21:2
 21:6,6,10
**grant** 7:6 21:14
**grants** 21:22
 22:8
**guess** 3:8 18:13

---
**H**
---
**hear** 3:14
**hearing** 1:11
 22:18 23:10,13
**heightened** 6:2
 7:3
**help** 10:17
**Hickey** 23:5,18
**highly** 10:4
**Honor** 3:8,16

5:23 7:5,7 8:16
 10:16 11:16
 12:2,15 13:4
 13:23 14:1
 17:7 20:3 22:3
 22:7,10,15,17
**HONORABLE**
 1:13
**hoops** 15:20
**hour** 11:21
**hours** 8:9 14:15
**hypothetical**
 10:17

---
**I**
---
**Illinois** 1:1 2:4,9
 12:1 23:1,8,15
 23:20
**immunity** 9:22
 9:24 10:4
**implement** 9:7
**implication** 15:9
**impose** 13:10
**included** 8:7
**including** 4:10
 4:19
**incorporate**
 13:14
**indicate** 22:5
**indicated** 19:4
**indication** 19:11
**individual** 4:7
**Individually** 1:4
**inferences** 18:22
**information**
 10:12 17:10
**injury** 19:17
**inquiry** 4:3 7:15
 15:18
**instance** 8:24
 9:2,22 10:22
 11:8
**instances** 11:8
**intent** 15:7
**intents** 14:20

18:21
**interfere** 8:21
**internal** 9:6
**interpret** 4:2
**interprets** 7:16
**invoices** 4:18
**issue** 3:24 20:21
**issued** 4:18

---
**J**
---
**Judge** 1:13
**jump** 15:19

---
**K**
---
**Kays** 2:7 3:11
 3:11,16 5:7,9
 5:23 6:7,13,18
 6:24 7:5 14:1
 14:23 16:13,17
 16:19 17:1,3
 17:15,17,23
 18:12,17 20:3
 22:7,10,15
**key** 20:21
**know** 5:11 8:9
 11:5 14:18
 15:8,21

---
**L**
---
**laborers** 14:8
**language** 3:17
 7:17 9:11 15:6
 15:11 18:23
**LaSalle** 2:3
**latest** 22:13
**law** 4:23 9:22
 10:18 13:10,14
**laws** 14:11
**lawsuit** 18:12
**left** 17:22
**legislative** 14:19
 15:7 18:21
**legislature** 8:20
 19:5
**let's** 21:24

**liability** 1:8
**limited** 1:7 9:24
**liquidated** 12:15
 12:21,24
**LLC** 1:7 3:3
**LLP** 2:7
**local** 3:22,23
 4:13 5:1,2
 12:11 15:14,16
 20:19,20
**look** 3:13 14:10
 22:11
**looking** 10:15
**looks** 13:12
 18:14
**LUCIA** 1:4

---
**M**
---
**M** 2:7 23:5,18
**Markets** 4:15
 16:20
**mass** 8:1
**matter** 9:16
 20:10,12,13
**matters** 22:6
**MCLEAN** 1:13
**mean** 7:17 9:14
 18:17 20:22
 21:1
**meaning** 12:1
**means** 9:11,19
 20:23
**mechanics** 14:8
**meet** 12:14
**meeting** 19:24
**merely** 9:13
 11:13
**MEYERSON**
 1:13
**minutes** 19:24
**Miranda** 1:4 3:3
**morning** 3:7
 22:13
**motion** 3:4 5:6,9
 17:8,11 21:14

21:22 22:8
**Mount** 4:15
 16:20
**movant** 3:15
 21:19
**move** 3:17 5:4,5
 5:10 11:17
**moving** 4:8 6:14
**mute** 20:1
**muted** 3:10

---
**N**
---
**narrow** 9:19
**Navy** 4:1 11:8
**necessary** 13:6
**need** 8:23,24
 13:16 19:16
 21:17
**needed** 8:12
**needs** 10:13
 11:12 12:20
 15:9
**negligence** 6:19
 6:23,24 7:1
 13:10,15
**negligently** 13:1
**North** 2:3 23:19
**notes** 23:12
**number** 5:23
**nutshell** 5:11

---
**O**
---
**oath** 23:5
**obligation** 12:10
**obligations** 8:5
**offhand** 7:1
**official** 23:14
**Oh** 6:13
**okay** 3:10 5:8
 7:4 11:15
 16:18 17:2,12
 17:16 18:16
 19:21,24 20:2
 22:2,4,11,14
**opinion** 9:10

Royal Reporting Services, Inc.
312.361.8851

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

FILED DATE: 9/11/2023 4:44 PM    2021CH02127

opposed 17:11
opposition 14:2
oral 19:21
order 6:8,21
  11:6 15:10
  21:21 22:5,5
  22:12
ordinances
  14:11

**P**
p.m 1:14 22:19
PAMELA 1:13
parroting 19:20
part 9:9 10:23
  10:24
parties 8:22
parts 11:6
pay 14:8
PC 2:2
people 18:5
perform 10:20
  12:10
performing 4:3
  11:24 15:18
  18:19
performs 15:23
period 16:10,11
  20:24
permitted 9:2
Pexco 1:7 3:3
  4:10,11 7:8,10
  7:16,18,24
  8:10 9:7 11:5
  12:3,10 13:4
  13:17 16:9,19
Pexco's 9:12
  12:13 13:7,8
Phone 2:4,9
  23:20
phrase 20:21
piece 8:12
Pier 4:1 11:8
place 10:15 18:1
plaintiff 1:5 2:6

3:9 4:5,11 5:17
  12:20 14:24
  15:6 16:9
  17:11,21 18:19
  18:22 19:8,11
  19:12,17 20:13
  20:24 21:3,4
  21:12
plaintiff's 7:12
  11:18 14:2,16
  22:14
plastic 7:20 11:6
  12:2
plead 6:2,5,8 7:2
  20:11
pleading 5:15
  12:14,17 13:2
  13:3,5,6 19:15
pled 5:22
point 8:19
pointed 13:4
policies 8:9
policy 9:7
portion 6:15
  11:22
prejudice 21:17
  22:8
premised 8:5
present 4:12
presumably
  8:20
presuming
  14:19
pretty 11:7
prevail 20:13
prevailing 11:19
  11:20,23 12:1
  12:6 14:5,9
private 8:22 9:1
  10:19,22 11:10
problem 7:10,16
proceedings
  1:11 3:1 22:20
  23:9,13
produce 11:6

proof 16:10
proposed 7:12
  18:4
prove 12:20,24
  15:10 18:18
  20:11
proven 21:8
provide 7:18
provided 4:16
  8:10
provides 20:16
providing 19:19
provision 5:20
  14:5
public 8:6 11:24
  12:4
purely 15:7
pursuant 7:23
  8:6 10:2

**Q**
query 3:19
question 6:20
  13:22 21:4,4

**R**
raise 11:19
  18:18
raises 7:8
raising 17:12
rate 14:9
rates 14:5
reach 21:17
reading 9:19
  10:3
ready 3:14
really 9:6
reasonable
  13:18
reasonableness
  13:9
reasonably
  13:18
reasons 21:21
rebuttal 13:24

18:16
recess 19:22
  20:4 22:16
reckless 5:17,20
  6:8,10 19:14
recklessly 13:1
recklessness
  6:15 7:3 19:10
  19:15,18
record 16:23
  21:22
references 4:7
referring 18:1
refile 17:10
regarding 12:14
regardless 5:2
  15:5
regulations
  14:11
related 7:19
  9:20 10:13
  11:12
relevance 13:22
relevant 13:19
  13:20
reply 16:24 17:9
  17:13 21:10
report 1:11
  11:21
reported 23:9
reporter 19:23
  23:6,15
request 6:16
required 7:21
  7:22 8:15 9:9
  11:20 12:8
  14:3,15 15:2
requirement
  8:17 9:3 12:17
  13:3,5 16:7,7
requirements
  14:7 16:4
respect 4:13
  19:10
response 11:18

right 3:13 5:6
  7:6 9:6 14:22
  16:17 17:19
  18:2,13,16
Rogers 5:24
roles 10:1
Rosenbach
  12:18,22 19:14
roundly 14:6
rules 14:11
ruling 19:22
  20:2
run 22:14

**S**
satisfied 11:13
says 3:20 4:5 6:4
  7:1 8:23 9:24
  10:8,8 11:23
  12:22 14:9,14
  15:12,13,15,19
  16:3,10 18:23
  19:16 20:9
  21:21 23:6
Seaman-Grant
  2:2 3:7,8 7:7
  8:16 10:16
  11:16 18:5,7,9
  18:11 22:3,17
Section 10:9
  14:10 20:9,16
  21:15,23
seek 6:8,21
  12:21
seen 6:24
sense 9:1,18
September
  23:16
service 16:2
services 4:4
  15:18,24
set 8:9,9
SEYFARTH 2:7
SHAW 2:7
short 20:5

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 28

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

shorthand 23:6
23:9,12,15
show 6:2 7:11
12:21
showing 10:14
shows 4:17,17
sic 4:15
signature 23:14
similar 8:10
Similarly 1:4
simple 15:12
21:20
simply 7:17
12:22 13:14,18
13:21 15:12,12
16:2 19:20
Situated 1:4
situation 9:5
sorry 5:12 17:3
sort 13:8
South 2:8
specific 18:20
specifically 4:12
6:1 14:14 15:4
18:19
spoken 15:17
SS 23:2
stage 13:2,6,21
13:21
standard 12:14
13:8,9,11,11
13:15,16 19:15
starting 3:14
state 3:21,22
4:24 5:10
15:14,15 20:18
20:19 23:1,8
23:15
stated 4:9,13 6:7
statement 5:16
5:18
status 4:20
statute 3:20 10:8
13:11 15:6
19:5,20

statutes 3:18
stay 19:24
stop 20:1
Street 2:3 23:19
stricken 7:2
strike 5:5,10,12
6:14,16
subcontract
21:10
subcontractor
3:21 8:1 15:14
16:11 20:18
21:7
substantive
12:16 13:2
suggest 4:2 6:18
Suite 2:8 23:19
summarize 16:6
super 11:4
support 5:19
19:14,19
supporting
19:18
supposed 14:6,7
14:9
Supreme 12:18
12:19
sur-reply 11:19
17:14
Surface 4:15
16:19
sworn 23:5
system 14:22
15:1

T
take 9:12 19:22
taken 23:12
talk 15:4 20:7
talking 6:1,11
16:12,17
tangential 9:6
temporal 21:3
terms 16:6
Thank 3:16 7:5

20:3,4,6 22:3
22:10,15,16
Thanks 22:17
thing 18:17
things 8:8 15:10
think 6:13 10:5
10:16 11:7
14:17,24
thousand 6:17
thousand-dollar
6:21
time 7:23 8:8,12
8:24 9:2 10:11
10:13 11:21
12:10 14:3
15:3 16:6
18:14 20:24
21:5,12
timekeeping
11:9 12:8
Tina 23:5,18
told 8:11
tomorrow 22:13
top 14:19
touch 11:17
track 8:8,23,24
14:3,15,21
15:2
tracked 14:23
15:1
tracking 9:3
11:21 12:11
15:4
transcript 21:24
23:12
treat 18:24
treated 19:6
true 20:14 23:11
tubes 12:2
Tubular 4:15
16:20
two 7:8

U
uncontested

21:9
understand 10:7
understanding
10:6
unit 3:22,23
4:13 5:3 10:9
10:10,10 12:11
15:14,16,22
16:8 20:19,20
universally 9:15
use 9:2 10:19

V
v 9:23
video 20:1
videoconference
1:12 2:1 3:2
23:10
view 11:11
violated 12:23
13:1,19
violation 12:20
13:12,13
violations 9:20
vs 1:6 3:3 4:1
5:24

W
Wacker 2:8
wage 11:19,20
11:21,23 12:1
12:6,8 14:5
wages 14:8,9
want 8:21 11:16
22:4
way 11:5 16:2
21:16
we'll 22:11
we're 3:4 4:8
6:14 16:12
we've 4:16,22
6:7 16:14
week 22:1
Witness 23:14
word 10:6

work 4:6,18
11:24 12:4
18:19
worked 4:11
16:9 17:23
18:5 19:1
21:12
workers 14:8,15
working 3:22
7:11,15,17 8:9
9:11,12,19
10:3,10,21
11:1,11 15:15
15:20,22 16:1
16:8 20:19,22
20:22,24 21:2
21:3,4
write 22:7

X

Y

Z
Zoe 2:2 3:8
zseaman-gran...
2:5

0
02127 1:6
084-003858
23:23

1
1 17:3,5
1,000 6:5,12
11th 23:16
14th 2:3
15 19:24
161 23:19

2
2 5:9 17:5
2-615 21:18
2-619 5:6 20:7
20:11 21:15,23

Lucia Miranda v. Pexco, LLC
Proceedings had on 8/23/2023

Page 29

FILED DATE: 9/11/2023 4:44 PM   2021CH02127

**2-619(a)(9)** 20:9
**2:11** 1:14
**2013** 4:10 5:3
16:14,20
**2016** 4:11,20
16:21 17:22,24
18:7,8
**2021** 1:6 3:4
18:12
**2023** 1:14 17:19
23:16
**2127** 3:4
**233** 2:8
**23rd** 1:14
**25(e)** 10:9 20:16

**3**

**3.3** 14:10
**3.3.1** 14:11
**3:02** 22:19
**3050** 23:19
**30th** 18:12
**312.361.8851**
23:20
**312.460.5000**
2:9
**312.589.6370**
2:4
**350** 2:3

**4**

**5**

**5,000** 6:3,11
**5/2-615** 5:9

**6**

**60601** 23:20
**60606** 2:9
**60654** 2:4

**7**

**8**

**8000** 2:8