**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID FLEURY, individually and on behalf of similarly situated individuals, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:20-cv-00390 |
| v. ) ) | Hon. Jorge L. Alonso |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, ) ) ) | |
| Defendant. ) ) | |

**UNION PACIFIC RAILROAD COMPANY'S
<u>MANDATORY INITIAL DISCOVERY RESPONSES</u>**

Defendant Union Pacific Railroad Company ("Union Pacific"), by and through its

attorneys, provides the following initial discovery responses ("Responses") in accordance with

the Northern District of Illinois Mandatory Initial Discovery Pilot Project Standing Order (the

"MIDP") and Fed. R. Civ. P. ("Rule") 26(a)(1)(A). Union Pacific objects to further discovery or

disclosures while its Motion to Dismiss Plaintiff's First Amended Complaint is pending. (ECF

35, 36.)

The Responses below are necessarily limited to facts currently known by Union Pacific's

investigation to date. Union Pacific reserves the right to supplement, modify, or amend these

Responses as this matter continues to develop. In addition, these Responses should not be

interpreted to concede that Plaintiff has adequately alleged any element of such a claim, or that

Plaintiff has asserted claims capable of treatment on a class basis. Union Pacific affirmatively

disputes that Plaintiff has done so. (*See* ECF 36.)

4840-5287-6485

**1.      Discoverable, Relevant Information (MIDP ¶ B1 and Rule 26(a)(1)(A)(i)).**

**A.      Union Pacific-Related Disclosures**

Union Pacific believes the following people are likely to have discoverable information relevant to Plaintiff's claims and defenses in this action.  Union Pacific also affirmatively states that, as required under the MIDP, the below list includes people with overlapping and/or minimal information.  Union Pacific accordingly reserves all objections to any attempt to pursue duplicative or unnecessary discovery.

| Name | Job Title/Position or Address[1] | Nature of Information |
|---|---|---|
| Daniel Dennison | Senior Director | Plaintiff's ongoing use of finger scanning technology; the process surrounding Plaintiff's consent; Union Pacific's policies and procedures regarding purported biometric information. |
| Jadie Giorgis | Director of Information Technology | Plaintiff's ongoing use of finger scanning technology; the process surrounding Plaintiff's consent; Union Pacific's policies and procedures regarding purported biometric information. |
| Jeremy Hayden | Senior Solutions Architect | Plaintiff's ongoing use of finger scanning technology; the process surrounding Plaintiff's consent; Union Pacific's policies and procedures regarding purported biometric information. |

---

[1] Party representatives are identified by job title or position with Union Pacific.  These individuals may only be contacted through undersigned counsel.

2

| Name | Job Title/Position or Address[1] | Nature of Information |
|---|---|---|
| Katrina King-Lopes | Senior Manager Intermodal Operations | Plaintiff's ongoing use of finger scanning technology; the process surrounding Plaintiff's consent; Union Pacific's policies and procedures regarding purported biometric information. |

Union Pacific reserves the right to supplement this request in accordance with Section 6 of the MIDP.

B. **Plaintiff and Third-Party Related Disclosures**

The vast majority of the information relevant to Plaintiff's claims is in the possession of Plaintiff himself or third parties. Union Pacific believes the following people with whom it has no relationship are likely to have discoverable information in this case.

| Name | Job Title/Position or Address | Nature of Information |
|---|---|---|
| Plaintiff | Truck driver who accessed Union Pacific's intermodal facilities | Plaintiff's use of finger scanning technology at work; Plaintiff's consent to use of his purported "fingerprint"; Union Pacific's use of his finger scan; Plaintiff's registration of his finger scan; Plaintiff's ongoing use of the finger scan technology; Union Pacific's policies and procedures regarding purported biometric information; the assertions in Plaintiff's complaint and amended complaint. |

3

| Name | Job Title/Position or Address | Nature of Information |
|---|---|---|
| Individual employed by Remprex, LLC ("Remprex") | 4343 Commerce Court Lisle, Illinois 60532 | Functions of the technology Remprex sold to Union Pacific and used by Plaintiff while accessing Union Pacific's intermodal facilities; Remprex's status as a vendor to Union Pacific. |
| Individuals employed by Nascent Technology LLC ("Nascent") | 2744 Yorkmont Road Charlotte, North Carolina 28208 | Functions of the technology Nascent sold to Union Pacific and used by Plaintiff while accessing Union Pacific's intermodal facilities; Nascent's status as a vendor to Union Pacific. |

Union Pacific reserves the right to supplement this request in accordance with Section 6 of the MIDP.

**2.      Prior Statements (MIDP ¶ B2).**

Union Pacific does not have any written or recorded statements that may be relevant to Plaintiff's or Union Pacific's claims or defenses.

**3.      Relevant Documents (MIDP ¶ B3 and Rule 26(a)(1)(A)(ii)).**

Union Pacific is aware of the following categories and sources of documents, electronically stored information, tangible things, land, or other property that may be relevant to a party's claims or defenses.  For the purposes of this Response, all items are referred to generally as "Information."

| Categories of Potentially Responsive Materials | | Likely Custodian |
|---|---|---|
| 1 | Union Pacific's on-line "Biometric Registration" process in effect when Plaintiff registered his finger scan and any subsequent registrations Plaintiff undertook. | Union Pacific |
| 2 | Personnel records for Plaintiff. | Union Pacific; Plaintiff |

4

| | Categories of Potentially Responsive Materials | Likely Custodian |
|---|---|---|
| 3 | Union Pacific policies and procedures related to the use of biometrics, consent, and privacy policies applicable to Plaintiff. | Union Pacific |
| 4 | Union Pacific policies, practices, and handbooks, in effect during Plaintiff's access of Union Pacific's facilities. | Union Pacific |
| 5 | Information regarding Plaintiff's use of finger scan devices while accessing Union Pacific's facilities. | Union Pacific; Plaintiff |
| 6 | Information regarding the registration processes Plaintiff undertook to use the finger scan devices while accessing Union Pacific's facilities. | Union Pacific; Plaintiff; Nascent; Remprex |
| 7 | Product manuals, data sheets, marketing materials, and other documentation for the finger scan devices, associated software and/or support used by Plaintiff. | Nascent; Remprex |
| 8 | Policies and procedures relating to data security and data privacy. | Union Pacific; Nascent; Remprex |
| 9 | Information regarding any identity theft, data breach, or other unauthorized disclosure, use, or dissemination of Plaintiff's personally identifiable information. | Plaintiff |
| 10 | Information regarding Plaintiff's education, knowledge, experience and understanding of technological advancements in areas such as electronics, biometrics, financial transactions, and security screenings. | Plaintiff |
| 11 | Information regarding the damages/injuries Plaintiff claims to have suffered, including but not limited to, informational and monetary injuries. | Plaintiff |
| 12 | Information regarding Plaintiff's history with credit/debit card transactions; internet purchases; and biometric-facilitated transactions, security screenings, or other activity. | Plaintiff |

**4.      Relevant Facts and Legal Theories (MIDP ¶ B4).**

Union Pacific's defenses are listed below, along with facts and legal theories relevant to each.  Where appropriate, this Response makes references to Union Pacific's Memorandum in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 36).  Union Pacific also reserves its right to supplement this list.

5

**A.      Plaintiff's claims are preempted.**

Plaintiff's claims are preempted by the Federal Railroad Safety Act ("FRSA"), which expressly preempts state laws or claims "related to railroad safety or security" if federal regulations or standards "cover[ ] the subject matter of the State requirement." 49 U.S.C. § 20106(a)(2).  Here, the Department of Homeland Security has issued regulations requiring railroads like Union Pacific to prevent unauthorized persons from accessing secure areas and to have security plans, which may track federal or industry guidance. And both DHS and industry standards specifically provide for the use of biometric access control measures at railroads' facilities.  These federal standards thus cover the subject matter of Plaintiff's claim.  (ECF No. 36.)

Plaintiff's claims are also preempted by the ICC Termination Act ("ICCTA").  The ICCTA's language creates "exclusive" federal jurisdiction "over transportation by rail carriers," 49 U.S.C. § 10501(b), which includes (among other things) a "yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, by rail," *id*. § 10102(9)(A).  (ECF No. 36.)

**B.      Plaintiff's claims are waived because he provided consent to the use of his purported "fingerprint"; for the same reason, he is estopped from making them.**

Plaintiff's claims fail because he consented to the use of his purported "fingerprint" and confirmed that consent in writing.  In fact, six days before filing this amended complaint, Plaintiff logged into Union Pacific's mobile application, where he provided written consent to the use of his finger scan by clicking a button indicating his acknowledgement and consent to Union Pacific collecting and using his finger scan.  Having provided his consent, Plaintiff cannot now turn around and complain that Union Pacific did exactly what it said it would.  (ECF No. 36.)

6

4840-5287-6485

**C.      Plaintiff's Section 15(a) claim is without merit because Union Pacific has published and adheres to a BIPA-compliant data policy.**

Plaintiff improperly claims that Union Pacific violated duties owed to him under Section 15(a), which requires that entities in possession of biometric data develop a publicly available data retention policy. (FAC ¶¶ 4, 21.)  Union Pacific has published a BIPA-compliant policy and therefore has complied with Section 15(a), which requires nothing more. Plaintiff also signed a BIPA-compliant policy that includes destruction of biometrics.  (*Id.* ¶ 11.)

**D.      Plaintiff cannot sustain a Section 15(b) claim because he already received notice and provided consent.**

Plaintiff claims that Union Pacific violated Section 15(b) by failing to procure him informed consent before collecting his biometric data.  (FAC ¶¶ 3, 19–20).  Before he received the written notice and provided his written consent, Plaintiff knew that his finger scan was being collected in order to verify his identity at Union Pacific's intermodal facilities.  (*See id.* ¶¶ 3, 4, 18–23.)  With this knowledge in hand, Plaintiff chose to provide his finger scan, despite the option to decline, so he could more quickly access Union Pacific's facilities.  On June 10, 2020, Plaintiff further confirmed his consent in writing.  (*See* ECF No. 36.).

**E.      Plaintiff's Section 15(d) claim is without merit because Union Pacific did not "disclose" his biometric data to third parties.**

Plaintiff alleges that Union Pacific unlawfully "disclosed" his data to third parties for storage purposes in violation of Section 15(d).  (FAC ¶¶ 22.)  Union Pacific did not disclose Plaintiff's data to third parties.  Moreover, such conduct would, if anything, constitute a transmission for the purpose of storage—conduct permitted under Section 15(e).

**F.      Union Pacific did not act negligently or willfully, which BIPA requires as a prerequisite to an award of statutory damages.**

BIPA permits recovery of statutory liquidated damages only if Union Pacific acted negligently, recklessly, or intentionally in violating its terms. 740 ILCS 14/20.  Although Union

7

4840-5287-6485

Pacific asserts that Plaintiff's claims are wholly meritless, even if this Court were to determine that Union Pacific violated BIPA, Plaintiff would still not be entitled to statutory damages because any such violation would not have been the result of negligence, recklessness, or intent.

**5.      Computation of Damages (MIDP ¶ B(5) and Rule 26(a)(1)(A)(iii)).**

Union Pacific does not currently claim damages in this action but reserves its right to assert counterclaims and third-party claims if appropriate.

**6.      Available Insurance (MIDP ¶ B(6) and Rule 26(a)(1)(A)(iv)).**

Union Pacific is unaware of any insurance coverage available for this action.  Union Pacific believes it is entitled to indemnification via contract by both Remprex and Nascent. Union Pacific reserves the right to supplement this request pursuant to Section 6 of the MIDP and Rule 26(e) of the Federal Rules of Civil Procedure.

Dated:  August 11, 2020                            Respectfully submitted,

                                                                        **UNION PACIFIC RAILROAD COMPANY**

                                                    By:    */s/ Melissa A. Siebert*
                                                                    One of Its Attorneys

                                                    Melissa A. Siebert (masiebert@shb.com)
                                                    Amy Cho (acho@shb.com)
                                                    Jonathon M. Studer (jstuder@shb.com)
                                                    SHOOK, HARDY & BACON L.L.P.
                                                    111 South Wacker Drive, Suite 4700
                                                    Chicago, IL  60606
                                                    Tel:  (312) 704-7700
                                                    Fax:  (312) 558-1195

8

4840-5287-6485

## VERIFICATION

STATE OF NEBRASKA  )
                        )       ss
COUNTY OF DOUGLAS  )

Tammy Potter, being first duly sworn according to law, and upon oath, declares:

1.      That Affiant is Senior Manager of Legal Support for Union Pacific Railroad Company upon whose behalf Affiant makes this declaration.

2.      That Affiant is authorized on behalf of Union Pacific Railroad Company to make this declaration and that Affiant has read the foregoing Mandatory Initial Discovery Responses provided by Defendant Union Pacific Railroad Company in the action entitled *David Fleury et al. v. Union Pacific Railroad Company.*

3.      That the discovery requests seek information from Union Pacific Railroad Company, and that no one individual employee of this corporation has personal knowledge of the information so as to permit that one individual fully and completely respond to all subjects addressed within these Mandatory Initial Discovery Responses.

4.      That while Affiant does not have personal knowledge of the facts cited therein, the information was collected and the answers were made only after a reasonable search for information relating to the subject Mandatory Initial Discovery Responses.

5.      Therefore, on information and belief, Affiant believes the attached Mandatory Initial Discovery Responses to be complete and accurate to the best of Affiant's knowledge, based upon the information available at this time.

FURTHER AFFIANT SAYETH NAUGHT.

IN WITNESS HEREOF, Union Pacific Railroad Company has caused the attached Responses to be executed on its behalf this __5__ day of August, 2020 by:

_____
On behalf of Union Pacific Railroad Company

SUBSCRIBED TO AND SWORN before me this __5th__ day of August, 2020.

_____
Notary Public

General Notary - State of Nebraska
JENNIE L. ANDERSON
My Comm. Exp. April 9, 2023.

## <u>CERTIFICATE OF SERVICE</u>

I, Melissa A. Siebert, an attorney, hereby certify that on **August 11, 2020**, I caused a true and correct copy of **UNION PACIFIC RAILROAD COMPANY'S MANDATORY INITIAL DISCOVERY RESPONSES** to be served via electronic mail on counsel of record at the following addresses:

David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
bduffner@mcgpc.com

***Attorneys for David Fleury***

    /s/ Melissa A. Siebert

4840-5287-6485