IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID FLEURY and ALVIN TURNER individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 20-cv-00390 |
| v. | ) ) | Hon. LaShonda A. Hunt |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | ) ) ) ) | Magistrate Jeffrey Cole |
| *Defendant*. | ) ) | |

**PLAINTIFFS' OPPOSED MOTION FOR RECONSIDERATION AND
FOR LEAVE TO EXTEND DEADLINE TO FILE RESPONSE *INSANTER*
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs David Fleury and Alvin Turner ("Plaintiffs"), by and through their undersigned counsel, hereby move this Court for (i) reconsideration of its June 2, 2025 Minute Entry (Dkt. 367) granting Defendant's Opposed Motion to Strike Plaintiffs' Response to Defendant's Summary Judgment Motion, Response to Local Rule 56.1 Statement, and Statement of Additional Material Facts (Dkt. 365) and (ii) for an order granting Plaintiffs leave to file their Response to Defendants' Motion for Summary Judgment and accompanying Response to Defendant's LR 56.1 Statement and Statement of Additional Material Facts *instanter*. In support of this Motion, Plaintiffs state as follows:

**I.     INTRODUCTION**

Plaintiffs sincerely apologize to the Court for the late filing of their Opposition to Defendant's Motion for Summary Judgement which necessitated this Motion. We fully understand the Court's frustration with deadline issues in this case, and we recognize the importance of court deadlines. The Court has been generous (to both sides) with page limits and

extensions throughout this litigation, and Plaintiffs deeply regret that our conduct did not reflect the respect and appreciation that such accommodation deserves.

All of that said, the interests of justice clearly justify granting Plaintiffs leave to file their Response brief and accompanying materials *instanter.* Under the circumstances here, given the absence of any genuine prejudice to the Defendants associated with the delay, the relatively brief number of hours it was late (less than a half day), the complexity of the numerous filings, the good-faith effort to get the brief and its numerous exhibits on file in a timely manner, and the importance of the issue to so many individual people, not permitting the filing would be inconsistent with the Federal Rules of Civil Procedure, which strongly prefer a fair and just ruling on the merits.

Accordingly, Plaintiffs respectfully ask the Court to consider the circumstances that led to the delay, and grant leave to file their Response brief.

## II. DISCUSSION

### A. Legal Standard

Rule 60(b) provides: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6). When a party seeks to file an untimely response to a motion for summary judgment, the Seventh Circuit has instructed courts to follow the criteria announced in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993). *See Raymond v. Ameritech Corp.,* 442 F.3d 600, 606 (7th Cir. 2006). Those criteria include "all relevant circumstances surrounding the party's omission" such as "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Raymond,* 442 F.3d at 606 citing *Pioneer,* 507 U.S. at 395.

Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Doe v. Brimfield Grade School*, 552 F. Supp. 2d 816, 825 (C.D. Ill. 2008). The decision whether to strike is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

### B. Plaintiffs' Untimely Filing was the Result of Good-Faith, Excusable Neglect.

During the December 19, 2024 scheduling hearing, the Court emphasized that the agreed-upon deadlines were "firm." However, the Court also stated that if interim deadlines slipped by a day due to "extenuating circumstances" or "CM/ECF not cooperating," the Court was "not concerned with things like that" and *"won't even make you file a motion."* (Dkt. 316 at 33-35) (emphasis added). When Plaintiffs' March 2025 summary judgment motion was filed two hours and thirty-six minutes late without note, we – incorrectly and regrettably – interpreted this as validation of our understanding of the Court's comments.

We acknowledge that this interpretation was flawed and that we should have sought leave to file *instanter,* particularly for the second late filing. The Court is absolutely correct that we received "the wrong message" when the Court accepted our initial delayed filing despite Plaintiffs' failure to seek formal leave, and we apologize for our poor judgment. As explained below, however, the instant delayed filing was not the result of Plaintiffs trying to take advantage of additional time to write their brief, review Defendant's filings, or to obtain any advantage whatsoever. Rather, it was the result of the logistics of getting a substantively-complete,

complicated brief and its 36 exhibits on file along with the corresponding lengthy, citation-heavy statement of material facts.

The May 22, 2025 deadline presented Plaintiffs with a significant briefing burden: responding to Defendant's 40-page summary judgment motion, filing a class certification reply brief, and submitting *Daubert* motions. Additionally, the Court had declined to rule on Plaintiffs' previous motion to bar Defendant's untimely Section 25(e) defense and directed Plaintiffs to instead include those arguments in its response to Defendant's summary judgment motion. (Dkt. 343.) As a result, Plaintiffs were required to heavily modify their nearly finished brief to address the complex waiver argument in their response, causing the brief to significantly exceed the 40-page limit and requiring significant changes to be made to the other attendant documents as well.

While working throughout the night of May 22-23 to reduce the brief from 48 to 40 pages and ensuring accuracy of citations and exhibits, Plaintiffs made the regrettable decision not to file a motion for leave instanter. We believed – incorrectly – that we were operating within the Court's stated tolerance for minimal delays. This was poor judgment on our part and we again apologize.

As detailed in the attached Declaration of Thomas M. Hanson (attached as Exhibit A), the ten-hour delay resulted from the extensive effort required to conform our response to the page limit while addressing Defendant's previously waived, but now-raised, Section 25(e) defense. The significant cutting and revising also in turn necessitated continuous updates to citations and dozens of exhibits to ensure accuracy. Plaintiffs' counsel underestimated the logistics of electronically filing the brief and its 36 exhibits, especially with attorney Mr. Duffner's internet not working properly (as detailed in his Declaration, attached as Exhibit B), and it made it simply not possible to have the filing completed by midnight.

4

Plaintiffs' counsel worked diligently through the night—one attorney sleeping only 45 minutes between 4:30 and 5:15 a.m., the other not sleeping at all. While we considered filing a motion instanter, we made the mistaken decision not to do so based on our flawed interpretation of the Court's December 19, 2024 comments and the Court's acceptance of our previously late summary judgment motion. Plaintiffs' counsel believed this understanding was again partially corroborated by the Court's admonition that both Parties' Motions for Leave to File Documents Under Seal were "unnecessary." (Dkt. 364).

Plaintiffs' counsel's conduct in completing several significant and potentially dispositive filings – albeit slightly delayed for one of them – was diligent, or at least with a significant and reasonable effort to be diligent, and not in any way motivated by bad faith. Plaintiffs' counsel acted in good faith and respectfully asks that the Court excuse its poor judgment and misunderstanding of the Court's comments.

### C. Defendant was not Prejudiced by the 10-Hour Filing Delay.

As noted above, prejudice to the other party is a primary consideration in a trial court's discretion to allow an untimely filed brief. *See, e.g., Agreliant Genetics, LLC v. Meade*, No. 15-CV-2107, 2017 WL 9516567, at *3 (C.D. Ill. Jan. 17, 2017) (denying motion to strike summary judgment response brief because "Defendants have demonstrated no prejudice from the one-day late amended response"); *Spray-Tek, Inc. v. Robbins Motor Transp., Inc.*, 426 F. Supp. 2d 875, 880 (W.D. Wis. 2006) (denying motion to strike summary judgment reply brief because "Defendant was not prejudiced by plaintiff's minimal delay in filing its reply brief and supporting affidavits").

Defendant has not demonstrated any prejudice from the ten-hour delay. Defendant's speculation that Plaintiffs might have used the extra time to review and respond to Defendant's brief is 100% *inaccurate*. Plaintiffs' counsel were focused exclusively on reducing their own

5

brief to comply with page limits, updating citations and exhibits accordingly, and the steps needed to actually upload and file the brief and the 36 exhibits. To be clear, *Plaintiffs' counsel did not use any additional time to review and respond to Defendant's brief and in fact did not ever even review Defendant's brief at any point prior to the filing of their own brief*.

Moreover, Defendant's reply brief is not due until June 26, 2025, and Defendant has not claimed any inability to meet that deadline. Plaintiffs obviously have no objection to extending that time by 10 hours, two days, two weeks, or however long the Defendants request.

> **D.** **Striking Plaintiffs' Response Brief will Make this Matter More Complex, not Less.**

The Seventh Circuit disfavors motions to strike untimely briefs "as they potentially serve only to delay proceedings." *Agreliant*, 2017 WL 9516567, at *3 (citing *Heller*, 883 F.2d at 1294). Stated another way, striking an untimely brief may be appropriate if it would "remove unnecessary clutter from a case and expedite matters, rather than delay them." *Kokak LLC v. Auto-Owners Ins. Co.*, No. 2:18-CV-177, 2019 WL 4439868, at *1 (N.D. Ind. Sept. 17, 2019) (citing *Heller*, 883 F.2d at 1294).

Here, if Plaintiffs' response to Defendant's motion for summary judgment and LR 56.1 statement are stricken, the Court will be faced with deciding a fully-briefed class certification motion, two *Daubert* motions and cross-motions for summary judgment with a record that will include various facts that are both in dispute (based on the Parties' competing LR 56.1 statements) and deemed admitted (if Plaintiffs' LR 56.1 Response is stricken). Rather than simplifying these proceedings, striking Plaintiffs' response will create a complex record where some facts in Defendant's Local Rule 56.1 Statement are deemed admitted while others remain disputed based on Plaintiffs' own summary judgment motion and exhibits included in the class

certification and *Daubert* briefing. This patchwork approach will make the Court's task more difficult, not easier.

### E. The Interests of Justice Support Reconsideration.

While we understand and fully respect the Court's need to maintain order and enforce deadlines, the complete striking of responsive pleadings for a ten-hour delay – where Defendant suffered no prejudice and no subsequent deadlines will be impacted – may result in a judgment that does not reflect the merits of the underlying claims.

Plaintiffs respectfully submit that the interests of justice, the substantial nature of the claims, the number of human beings affected, and the lack of prejudice to Defendant support allowing Plaintiffs claims to be heard on the merits rather than the significant prejudice likely caused to Plaintiffs' claims by the Court's declining to grant leave to re-file Plaintiffs' Response to Defendant's Summary Judgment Motion, Response to Local Rule 56.1 Statement, and Statement of Additional Material Facts.

Because failing to permit Plaintiffs to re-file their Response could effectively amount to default judgment (depending on how the Court applies Plaintiffs' cross-motion for summary judgment),[1] the Court should take into consideration this Circuit's "well established policy favoring a trial on the merits over a default judgment." *Sun v. Board of Trs. of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007). Even in cases with histories of far worse delays and repeated flouting of Court orders, courts are loathe to enforce a sanction that could effectively decide the

---

[1] While Defendant argues that striking Plaintiffs' Response would lead to "likely dismissal" of this case (Dkt. 365, ¶ 16), the Seventh Circuit has held that even in the absence of a response, "the movant still had to show that summary judgment was proper given the undisputed facts … with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). Defendant's motion does not meet this burden, particularly in light of the evidence submitted in support of Plaintiffs' Motion for Summary Judgment, Motion for Class Certification and *Daubert* motions, as well as the Court's prior rulings as to the inapplicability of federal preemption. (Dkts. 47 & 266.)

merits. *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 273 (7th Cir. 1986) ("We reverse the district court's dismissal of this case because of our conclusion that absent such matters as a clear record of delay, contumacious conduct, or ineffectiveness of prior sanctions, a district court abuses its discretion when it dismisses an action without consideration of the adequacy of lesser sanctions").

### F.  Clarification Regarding Incorporation by Reference

Defendant also argues that Plaintiffs' Response Brief exceeds the 40-page limit because it "incorporates by reference" the *amicus* brief filed in *Payton v. Union Pacific Railroad Co.*, No. 24-cv-153 (N.D. Ill.). Given the Court's statement in its Minute Entry that it "does not consider arguments or briefs 'incorporated by reference,'" it appears that the Court has accepted Defendant's contention that Plaintiffs did, in fact, incorporate the brief by reference. But Plaintiffs did not incorporate the *Payton* amicus brief by reference. Rather, Plaintiffs specifically noted that space constraints prevented full articulation of certain arguments and reserved the right to assert those arguments if necessary. Plaintiffs' brief contained "the important points" necessary for the Court to rule in Plaintiffs' favor, and no additional pages were incorporated. This notation was intended to preserve Plaintiffs' rights while acknowledging the Court's page limitations, not to circumvent them.

### G.  Plaintiffs Merely Sought Time to Respond to the Motion to Strike – Not to Disrespect Defendant or The Court.

When Defendant filed its Motion to Strike, Plaintiffs wanted the opportunity to explain themselves, as they are doing herein. The Court's standing order requires that the parties propose a briefing schedule, and Plaintiffs respectfully clarify that their request for a 14-day briefing schedule on Defendant's Motion to Strike was necessitated by genuine availability issues affecting three members of the legal team. Mr. Thomas Hanson underwent a serious day-long

medical procedure and was in the hospital on June 3, 2025; Mr. Brendan Duffner has been on previously-scheduled international travel with his (brand new) fiancee's family since May 23rd; and Mr. David Gerbie is currently on paternity leave after the birth of a child. In light of these factors, Plaintiffs sought 14 days simply to provide sufficient time to explain to the Court the factual circumstances surrounding the delayed filing. Plaintiffs acknowledge that these circumstances should have been communicated more clearly to the Defendant and the Court and apologize again for any confusion this may have caused.

### III. CONCLUSION

Plaintiffs deeply regret the circumstances that led to this Motion and sincerely apologize to the Court for our poor judgment. We commit to strict compliance with all future deadlines, and will timely seek appropriate leave if any issues arise. While we do not excuse our conduct, we respectfully request that the Court reconsider its June 2, 2025 Minute Entry in the interests of justice and to allow this five-year old case that has now been (very) fully briefed to be determined on the merits. As such, Plaintiffs respectfully request that the Court allow Plaintiffs' Response to Defendant's Summary Judgment Motion, Response to Local Rule 56.1 Statement, and Statement of Additional Material Facts to be filed *instanter*.

Dated: June 4, 2025

Respectfully submitted,

DAVID FLEURY and ALVIN TURNER, individually, and on behalf of similarly situated individuals

By: /s/ *Jon Loevy*
*One of Plaintiffs' Attorneys*

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner

9

MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601

Jon Loevy
Michael I. Kanovitz
Tom Hanson
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607

*Counsel for Plaintiffs and the Putative Classes*

**CERTIFICATE OF SERVICE AND CONFERENCE**

I hereby certify that, on June 4, 2025 I caused the foregoing *Plaintiffs' Opposed Motion for Reconsideration* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record. Prior to filing Plaintiffs conferred with Defendant regarding whether they would oppose such Motion, Defendant has indicated that it does oppose such Motion. Plaintiffs propose that Defendant file any Response by June 11, 2025, and that Plaintiffs shall file any Reply in Support of the Motion for Reconsideration by June 18, 2025.

/s/ *Jon Loevy*