IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID FLEURY and ALVIN TURNER individually and on behalf of a class of similarly situated individuals,<br><br>    *Plaintiffs*,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,<br><br>    *Defendant*. | Case No. 20-cv-00390<br><br>Hon. LaShonda A. Hunt<br><br>Magistrate Jeffrey Cole |

## DECLARATION OF THOMAS M. HANSON

I, Thomas M. Hanson, hereby aver, pursuant to 28 U.S.C. § 1746, that I have personal knowledge of all matters set forth herein unless otherwise indicated and would testify thereto if called as a witness in this matter.

1. I am an adult over the age of 18 and a resident of the state of Texas. I am an attorney at the law firm Loevy & Loevy. I am licensed to practice law in the Northern District of Illinois. I am one of the attorneys representing Plaintiffs David Fleury and Alvin Turner in this matter. I am fully competent to make this Declaration and do so in support of Plaintiffs' Motion for Reconsideration and for Leave to File Instanter (the "Motion").

2. As the Court is aware, Plaintiffs had a significant briefing burden due on May 22, 2025: responding to Defendant's motion for summary judgment, a reply brief in support of class certification, and the filing of relevant Daubert motions. Co-counsel Brendan Duffner and I were responsible for finalizing these documents prior to filing.

1

3. In the weeks leading up to this deadline, Plaintiffs' counsel had worked diligently to complete this significant undertaking, and the research and drafting for Plaintiffs' response brief was complete by mid-afternoon on May 22, 2025.

4. In addition to responding to the 40 pages of argument and citation that Defendant had included in its motion, however, the Court had also imposed upon Plaintiffs the obligation to brief an argument that Defendant had not addressed; namely, that Defendant had waived any defense pursuant to Section 25(e) of BIPA.

5. As the Court will recall from its review of Plaintiffs' Motions to Bar, the issue is a complex one that required not only extensive legal citation, but also citation to pleadings and discovery responses stretching back to the earliest days of this litigation.

6. Moreover, at the May 14, 2025 hearing on Plaintiffs' Motion to Bar, Defendant's counsel raised a merits argument based on Section 25(e) that had not even been raised in Defendant's motion for summary judgment; namely, that Plaintiffs could not establish BIPA's "private entity" element as a matter of law.

7. As a result of the inclusion of these arguments in Plaintiffs' summary judgment response, the response brief as drafted was 48 pages long. Thus, in the 15-18 hours prior to filing on the morning of May 23, 2025, Mr. Duffner and I – in addition to finalizing the class certification reply and a Daubert motion – were engaged solely in cutting a full 8 pages from the brief.

8. Throughout the evening and into the night, as the brief was slowly ground down to the Court's page limit, citations needed to be continually updated to ensure that nothing essential had been inadvertently omitted, which meant that Plaintiffs' LR 56.1 Response and Statement of Additional Material Facts was also in constant flux.

9. As it happened, the effort was extensive and took longer than expected, but it was diligent; I slept only about 45 minutes from 4:30 to 5:15 a.m. prior to filing, and co-counsel Brendan Duffner did not sleep at all.

10. Prior to filing, we considered filing a motion for leave to file instanter with its brief, and even had a draft prepared. However, given the Court's comments at the December 19, 2025 hearing that it was "not concerned" with briefs that were filed a day late, as well as the Court's numerous admonitions to both Parties as to excessive filings in this case, Mr. Duffner and I opted not to file the motion instanter.

11. I have the utmost respect for this Court and the deadlines it imposes, and certainly do not hold such deadlines in blatant disregard. To the contrary, I carefully considered and believed I was adhering to the Court's prior comments with respect to deadlines and excessive motion practice throughout the evening of May 22 and morning of May 23.

12. Given that Mr. Duffner and I were focused exclusively on cutting the Response Brief down to size and then ensuring the citations, exhibits, and accompanying response to Defendant's LR 56.1 statement were correct and complete, I did not even look at Defendant's Response to Plaintiffs' Partial Motion for Summary Judgment prior to filing Plaintiffs' Response. To my knowledge none of Plaintiffs' counsel did so; if they did, they did not communicate it to me, and nothing in Plaintiffs' Response was changed, added or deleted based on anything contained in Defendant's Response.

13. With respect to the *amicus* brief filed in *Payton v. Union Pacific Railroad Co.*, No. 24-cv-153 (N.D. Ill.), I specifically drafted footnote 12 to Plaintiffs' Response with the understanding that that the Court may not read or consider arguments made in the *Payton* brief that had not been included in Plaintiffs' Response. For this reason, I wanted to ensure that

3

Plaintiffs reserved their right to rely on any such arguments should Defendant's assertion of the Section 25(e) affirmative defense survive summary judgment. Had I intended to incorporate the entire *Payton* brief by reference, I would have done so.

14. On June 3, 2025, I was scheduled for a day-long medical procedure. I arrived at the hospital for this procedure at 8:15 a.m., and was discharged at 5:45 p.m., and was unable to do anything work-related during this time period.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed in Grapevine, Texas on June 4, 2025

*/s/ Thomas M. Hanson*