IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID FLEURY and ALVIN TURNER, individually and on behalf of a class of similarly situated individuals, | |
| Plaintiffs, | Case No. 20-cv-390 |
| v. | District Judge LaShonda A. Hunt |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | Magistrate Judge Jeffrey Cole |
| Defendant. | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S OPPOSED MOTION FOR IMMEDIATE JUDGMENT AND TO STRIKE UPCOMING BRIEFING DEADLINES**

Defendant Union Pacific Railroad Company respectfully moves for immediate judgment due to Plaintiffs' waiver of their arguments in opposition to Union Pacific's summary judgment motion, for an order striking as moot all upcoming briefing deadlines, and for entry of a Rule 58 judgment. In support, Union Pacific states as follows:

**A.       Immediate Judgment Should Be Granted In Union Pacific's Favor**

1.      Union Pacific's summary judgment motion presented several grounds for judgment on Plaintiffs' claims. Dkt. 328. Two of those grounds, both covering Plaintiffs' claims in their entirety, do *not* (1) depend on expert opinions that are the subject of Plaintiffs' *Daubert* motion (Dkt. 351) or (2) present an issue that Plaintiffs addressed in their motion for partial summary judgment (Dkt. 336).

2.      *First*, because Union Pacific served as a government contractor at all relevant times, it is not subject to BIPA liability in light of Section 25(e), which provides that "[n]othing in this Act shall be construed to apply to a contractor, subcontractor, or agent of a State agency or

local unit of government." 740 ILCS 14/25(e); *see* Dkt. 328 at 2, 15-20 (demonstrating, among other things, that the intergovernmental immunity doctrine of the Supremacy Clause requires that Section 25(e) be interpreted to cover federal government contractors as well as state and local government contractors). *Second*, the Interstate Commerce Commission Termination Act ("ICCTA") preempts Plaintiffs' BIPA claims because allowing such claims threatens to create a patchwork of railroad regulations across the country—a problem exacerbated by the burden BIPA imposes on the efficient operation of rail transportation through Union Pacific's intermodal facilities. *Id.* at 2, 21-27.[1]

3. On June 2, 2025, the Court struck Plaintiffs' opposition papers to Union Pacific's summary judgment motion—their response brief (Dkt. 360, 361) and their combined Local Rule 56.1(b)(2) response/Local Rule 56.1(b)(3) statement of additional facts and exhibits (Dkt. 360-1, 360-2, 361-1). Dkt. 367 (noting that Plaintiffs had "blatantly disregard[ed] court deadlines not once, but twice," and that "had the Court not been otherwise occupied preparing for a jury trial that was set to begin today, an order sua sponte striking the untimely submissions would have been

---

[1] In addition to denying that they attempted to incorporate by reference into their summary judgment response a filing from another case that is attached (360-38) to their summary judgment response, Dkt. 368 at 8; expressing concern over the impact on them of Union Pacific's finger-scan practices, *id*. at 7, when they themselves, less than two weeks ago, filed on the public docket what they claim to be images of their own fingerprints, Dkt. 351 at 5; and failing to explain why they waited until May 22 to trim their summary judgment response from 48 to 40 pages, when the Court had denied (Dkt. 343) their motion to bar (Dkt. 340) on May 14, eight days earlier, Dkt. 368 at 4-5, Plaintiffs note in the reconsideration motion filed earlier today, *id*. at 7 n.1, that the Court denied Union Pacific's argument in its Rule 12(b)(6) motion that ICCTA preempts Plaintiffs' claims. Dkt. 47 at 11-15. What Plaintiffs fail to mention is that the Court denied Union Pacific's "as applied" preemption argument only because the argument "introduc[ed] facts and materials … [that] c[ould] not] be properly considered at [the Rule 12(b)(6)] stage"; significantly, the Court made clear that "Union Pacific is free to renew its arguments at a later stage." *Id*. at 15. Accepting that invitation, Union Pacific renewed its challenge on summary judgment, properly introducing facts in support of "as applied" ICCTA preemption. Dkt. 328 at 21-27; *see id*. at 21-22 (making clear that Union Pacific was relying on "as applied" ICCTA preemption, not "categorical" preemption).

entered last week").

4. Thus, even giving Plaintiffs the full benefit of their filings that have *not* been stricken—(1) construing Plaintiffs' motion for partial summary judgment (Dkts. 334-336) as a substantive response to Union Pacific's summary judgment motion (Dkt. 328) to the extent that the two motions are mirror images and address the same issues; (2) considering the factual assertions set forth in Plaintiffs' Local Rule 56.1(a)(2) statement of facts supporting their summary judgment motion (Dkt. 336-1); (3) setting aside the arguments in Union Pacific's summary judgment motion that depend on expert opinions subject to Plaintiffs' *Daubert* motion (Dkt. 351); and (4) considering the arguments set forth in Plaintiffs' class certification motion (Dkt. 318)—Plaintiffs have no response whatsoever to the two separate and independent grounds noted above that entitle Union Pacific to summary judgment on Plaintiffs' claims in their entirety. Any opposition by Plaintiffs to those two grounds accordingly has been waived.

5. The Seventh Circuit for decades has held that "[a]rguments not properly raised before the district court at summary judgment are waived." *Ealy v. Watson*, 109 F.4th 958, 965 n.2 (7th Cir. 2024); *see also*, *e.g.*, *Lewis v. Ind. Wesleyan Univ.*, 36 F.4th 755, 760-61 (7th Cir. 2022) ("We agree with the district court that [the plaintiff] waived her age discrimination claim by failing to adequately develop it in her opposition to summary judgment."); *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 509 (7th Cir. 2010) ("We find that [the plaintiff] waived this argument by failing to raise it properly before the district court at summary judgment, and we therefore affirm the district court's granting of summary judgment on the income deficiency theory."); *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005) ("[B]ecause [the plaintiff] failed to properly present the issue to the district court in response to [the defendant's] motion for summary judgment, that issue is waived."); *Manor Healthcare Corp. v. Guzzo*, 894 F.2d 919, 922

(7th Cir. 1990) ("[A]ny arguments in opposition to summary judgment not properly raised in the district court are waived."). This Court applied that principle last year. *See Ontiveros v. Exxon Mobil Corp.*, 2024 WL 3823172, at *7 n.5 (N.D. Ill. Aug. 14, 2024) (Hunt, J.) (holding that plaintiff "waived" claim where it "failed to oppose [the] [d]efendant's motion for summary judgment as to th[at] … claim"), *appeal filed* (7th Cir. No. 24-2645); *accord*, *Rabe v. United Air Lines, Inc.*, 971 F. Supp. 2d 807, 820 (N.D. Ill. 2013) ("If a party fails to properly oppose an argument raised in a motion for summary judgment, the claim is deemed waived and the non-moving party will lose the motion.").

6. Because Plaintiffs failed to properly raise their arguments against Union Pacific's summary judgment motion, they waived those arguments—including arguments directed to the two grounds for summary judgment noted above, which dispose of Plaintiffs' claims in their entirety—and summary judgment accordingly should be granted to Union Pacific without delay.

**B.  Upcoming Briefing Deadlines Should Be Stricken As Moot**

7. Under the Court's scheduling order, the parties' summary judgment replies and *Daubert* responses are due June 26. Dkt. 310. Because, given Plaintiffs' waiver, Union Pacific should be granted immediate judgment, Union Pacific respectfully requests that the Court strike the June 26 briefing deadlines as moot and enter a Rule 58 order.

\* \* \*

8. Counsel for Union Pacific conferred via email with counsel for Plaintiffs regarding this motion, and counsel for Plaintiffs indicated that they opposed the relief requested herein.

9. Union Pacific proposes the following briefing schedule, which mirrors the parties' proposed briefing schedule for Plaintiffs' reconsideration motion (Dkt. 368):

- Plaintiffs' Opposition due by June 11, 2025.

4

- Union Pacific's Reply due by June 18, 2025.

10. Plaintiffs informed Union Pacific they oppose setting a proposed briefing schedule until the Court rules on their reconsideration motion. To the extent that the Court sets a briefing schedule on Union Pacific's motion, Plaintiffs propose that they be given 21 days, until June 25, 2025, to oppose Union Pacific's motion. Plaintiffs asked Union Pacific to attach a copy of the parties' email correspondence to this motion. Union Pacific attaches that correspondence as Exhibit A hereto.[2]

WHEREFORE, Union Pacific respectfully requests that the Court grant immediate judgment in Union Pacific's favor on Plaintiffs' claims in their entirety, strike the upcoming briefing deadlines as moot, and enter a Rule 58 judgment.

---

[2] Union Pacific respectfully submits that Plaintiffs do not need 21 days to respond to Union Pacific's five-page motion. This is particularly so given that Plaintiffs, in connection with their reconsideration motion, proposed that Union Pacific get five days to respond to what turned out to be their nine-page motion. *See* Exh. A at 5 (Email fr. David Gerbie, 6/3/2025 at 10:03 pm). If the Court adopts Plaintiffs' proposed schedule, Union Pacific respectfully requests that the deadline for its reply be July 9, 2025, given the July 4 holiday.

Dated: June 4, 2025     Respectfully submitted,

/s/ *Johanna Spellman*
Johanna Spellman, One of the Attorneys for
Defendant Union Pacific Railroad Company

Sean M. Berkowitz (Illinois Bar No. 6209701)
  sean.berkowitz@lw.com
Gary S. Feinerman (Illinois Bar No. 6206906)
  gary.feinerman@lw.com
Johanna Spellman (Illinois Bar No. 6293851)
  johanna.spellman@lw.com
Kathryn A. Running (Illinois Bar No. 6330369)
  kathryn.running@lw.com
LATHAM & WATKINS LLP
330 N. Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Michael H. Rubin (*pro hac vice*)
  michael.rubin@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

*Counsel for Defendant Union Pacific Railroad Company*

**CERTIFICATE OF SERVICE**

  I, Johanna Spellman, hereby certify that on June 4, 2025, I caused a copy of the foregoing to be filed using the Court's CM/ECF system, which provides service to all counsel of record.

Dated:  June 4, 2025          /s/ *Johanna Spellman*
                  Counsel for Defendant